IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANTHONY JAKES,<br><br>        Plaintiff,<br><br>        v.<br><br>KENNETH BOUDREAU, *et al.*,<br><br>        Defendants. | Case No. 19-cv-02204<br><br>Hon. Manish S. Shah<br><br>Hon. Beth W. Jantz |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY
RESPONSES FROM THE INDIVIDUAL DEFENDANT OFFICERS**

Plaintiff Anthony Jakes by and through his counsel, Loevy & Loevy, moves to compel discovery from the Defendants Kenneth Boudreau, Louis Ceasar, Michael DeLacy, Ken Burke and Fred Bonke ("Defendants") pursuant to Federal Rule of Civil Procedure 37 and this Court's scheduling order. *See* Dkt. 122. Plaintiff has attempted to resolve this matter with the Defendants prior to filing his motion, pursuant to L.R. 37.2.[1] In support of his motion, Plaintiff states as follows:

**Introduction**

Plaintiff alleges that shortly after his fifteenth birthday, Defendants arrested and interrogated him regarding the murder of Raphael Garcia while being held incommunicado

---

[1] Pursuant to the Court's instructions and Local Rule 37.2, Plaintiff states that prior to filing this motion, counsel engaged in written correspondence via letters and emails as well as telephonic conferences with counsel for the Defendant on November 2, 2020, and December 9, 2020. Prior to filing this motion, Plaintiffs and counsel for the Defendants engaged in written correspondence and telephonic meet and confers but were unable to resolve the issues set forth in this motion without the Court's assistance. *See* Exhibit 1 (8/24/2020 Letter from Donnell to Counsel), Ex. 2 (9/4/2020 Letter from Johnson to Counsel), Ex. 3 (12/7/2020 Letter from Leff to Counsel), Ex. 4 (12/8/2020 Letter from Leff to Counsel), Group Ex. 5 (12/2-8/20 Email communications) and Ex. 6 (12/10/2020 Email communications).

without contact with any family members. Dkt. 1 at ¶27-33. Plaintiff had nothing to do with that crime and repeatedly tried to profess is lack of knowledge and involvement. *Id.* at ¶19-26, 37, 50-53. Plaintiff alleges that Defendants Boudreau and Kill used physical abuse and threats of physical harm including that Plaintiff would be thrown from the window. *Id.* at ¶50-56. After over sixteen hours of interrogation and being held incommunicado from any family or guardian, Plaintiff falsely confessed to being a lookout for the Garcia murder. *Id.* at ¶2, 54. Plaintiff spent from age 15 to 35 wrongfully imprisoned. *Id.* at 1.

Plaintiff served written discovery requests described below seeking information pertaining to the Defendants' communications, investigatory activities, and finances—all relevant and discoverable information. For the reasons, set forth below, Defendants should be ordered to provide the requested information.

### Legal Standard

The federal notice pleading system contemplates that parties will have broad discovery to investigate the facts and help define and clarify the issues. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). Accordingly, Federal Rule of Civil Procedure 26 provides wide latitude on discovery permitting parties to obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" so long as it not overly burdensome. FED. R. CIV. P. 26(b)(1). "The burden rests upon the objecting party to show why a particular discovery request is improper." *Parvati Corp v. City of Oak Forest*, 2010 WL 2836739, at *1 (N.D. Ill. July 19, 2010) (quoting *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006)). In this context, this Court exercises "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir.

1

2013); *see also Westefer v. Snyder*, 472 F. Supp. 2d 1034, 1037 (S.D. Ill. 2006) ("[I]n ruling on discovery matters [the magistrate judge] is operating in a zone of very broad discretion.").

**Argument**

Plaintiff served three interrogatory requests—Interrogatory Nos. 3, 9, and 11—seeking information central to what transpired during the Garcia homicide investigation. Specifically, Interrogatory No. 3 asks Defendants to identify "every Communication that You or anyone acting on your behalf have had about the Garcia Murder Investigation or any of the allegations, events, or circumstances described in Plaintiff's Complaint with any Person, including but not limited to any of the other Defendant Officers, any other employee or agent of the City of Chicago, any other prosecutor or law enforcement authority, or any witness to the events described in Plaintiff's Complaint." Exhibit 7 (Plaintiff's First Interrogatory to Defendants) at No. 3.

Interrogatory No. 9 requests Defendants to identify each of their investigatory actions or tasks taken during their investigation and if their response refers to documents, then to state that all of their investigatory activities are described in the referenced documents. *Id.* at No. 9. And, in Interrogatory No. 11, Plaintiff requested Defendants "state whether [they] had had "any conversation(s) with any of" fifteen individuals who were identified in the investigation in some capacity as witnesses, suspects or persons with information. *Id.* at No. 11.

Defendants' relevancy objection is not well taken. The Interrogatories seek information central to this case—namely what Defendants did during the course of the investigation (No. 9), if they communicated with the individuals central to the investigation (No. 11), and to identify their non-privileged communications with the other Defendants, law enforcement agencies, prosecutors, or witness identified in Plaintiff's complaint (No. 3).

2

Defendants further objected on grounds that the requests were overly burdensome, disproportionate to the needs of the case and better suited for deposition. *See, e.g.*, Group Exhibit 8 (Defendants' Interrogatory Responses) at pages 3-4, 7-8.[2] None of these are persuasive.

Defendants' proportionality argument fails. Each of the Rule 26(b)(1) factors weigh in favor of producing the requested information. Fed. R. Civ. P. 26(b)(1).[3] There can be no question that the issues at stake involving a fifteen-year-old coerced into falsely confessing to crime he did commit are important. The amount in controversy may exceed $20 million. "[B]oth juries and courts sitting without juries have found that wrongfully imprisoned plaintiffs were entitled to compensation of at least $1 million per year." *Limone v. United States*, 497 F. Supp. 2d 143, 243 (D. Mass. 2007); *see also Smith v. City of Oakland*, 538 F. Supp. 2d 1217, 1242-43 (N.D. Cal. 2008) (describing $1 million per year of wrongful incarceration as "a floor for wrongful imprisonment awards, not a ceiling"). Indeed, "if Plaintiff prevails it will be nearly impossible to put a price tag on the damages he sustained." *Simon v. Nw. Univ.*, No. 1:15-CV-1433, 2017 WL 467677, at *3 (N.D. Ill. Feb. 3, 2017). The factor weighing the parties' relative access to relevant information also tips towards Defendants' identifying their own communications and investigatory activities. Indeed, in the meet and confer process, Plaintiff has agreed to supplement his own responses to

---

[2] Defendants also objected to Interrogatory Nos. 3 & 9 on the grounds that Plaintiff seeks an attestation in excess of what is required under Rule 33 because Plaintiff requested that if Defendants' responses to these requests referred to documents, then Defendants should affirm "under oath" that the documents reflect all of their communications and investigatory actions. Group Exhibit 8 at 3-4 This objection is without merit. Plaintiff only seeks Defendants to verify their supplemental response either identifying their investigatory actions or communications if their supplemental response refers to documents.

[3] In 2015, Rule 26 was amended to restore a proportionality evaluation in subjection (b)(1), which requires courts to consider: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see also* 2015 Advisory Committee Notes to Rule 26.

identify specific Bates ranges of the information Defendants have requested. Exhibit 3 (agreeing to supplement Plaintiff's responses to identify portions of record responsive DeLacy's Interrogatory Nos. 6 and 13 identifying pages with Plaintiff's injuries caused by Defendants). The Defendants have sufficient resources to provide the requested information as it is not an onerous task and their resources are important in identifying the Defendants' actions and conduct during the Garcia homicide investigation, which is at the heart of the claims and defenses in the case. Finally, the relatively modest burden, which is no more onerous than Plaintiff's agreement to further specify his responses is outweighed by the importance of these communications and investigatory activities in this case.

Defendants' last objection—that this request is better suited for deposition, is unavailing. Plaintiff's question is specific and tailored to obtain the communications and actions of Defendants. As such, Defendants' objection that it is better suited for deposition should be denied. *See, e.g.*, *Restoration Specialists, LLC v. Hartford Fire Ins. Co.*, No. 08CV644, 2012 WL 13064230, at *1 (N.D. Ill. Aug. 1, 2012) ("The interrogatory is neither broad nor ambiguous, but instead focuses on the basis for the affirmative defense. . . . The objection that the interrogatory calls for a "narrative" response better left to a deposition is not proper."); *Urlacher v. Tuesday Morning, Inc.*, No. 89 C 8667, 1990 WL 71307, at *1 (N.D. Ill. May 2, 1990) ("Plaintiffs objected that the interrogatory is better suited to a deposition. . . . The interrogatory properly requests the plaintiffs to list all discriminatory acts within their knowledge. Plaintiffs are ordered to answer the interrogatory fully.").

Defendants responded subject to their objections. However, Defendants' answers to each of these requests are deficient and should be supplemented.[4]

Defendants responded by stating that they could not recall due to the passage of time, but then generally referred broadly to all documents produced in this case. Group Exhibit 8 at pages 3-4, 7-8. Defendants' substantive responses were as follows:

---

[4] The Defendant Officers' respective responses to Interrogatories Nos. 3, 9 and 11 are identical. Accordingly, Plaintiff quotes from only Defendant Boudreau's responses above.

<u>Defendants' Response to Interrogatory No. 3:</u>

>Defendant states that due to the passage of time, he does not recall each and every communication he had relating to his involvement in the Garcia homicide investigation and therefore cannot recall the specific details requested in this interrogatory. Defendant refers Plaintiff to the reports, transcripts and documents produced by the parties in conjunction with the Defendants' Initial MIDP disclosures and any subsequent document production by any party to this litigation regarding Boudreau's involvement in the Garcia homicide investigation.

<u>Defendants' Response to Interrogatory No. 9:</u>

>Subject to and without waiving these objections, a summary of activities and investigative tasks Defendant participated in are reflected in the police reports already in Plaintiff's possession or that are being, or will be, produced in this case. Investigation continues.

<u>Defendants' Response to Interrogatory No. 11:</u>

>Subject to and without waiving these objections, see documents produced by the Parties in their initial MIDP disclosures relating to the CPD investigation of the Garcia homicide and any individual testimony, if applicable. Investigation continues.

The responses are insufficient because the Defendants have refused to provide complete responses, most notably by failing to state that all of their communications and/or actions are identified in the documents they referenced as Plaintiff requested. In short, Defendants' answers are non-answers, provide no additional information, and seeks to avoid answering a critical part of Plaintiff's interrogatories. Plaintiff seeks an order compelling Defendants to supplement their answers with the following.

As an initial matter, Plaintiff's definitions and instructions included the following two pertinent ones to these three requests:

>8. "Document" refers to documents and information, including electronically-stored information ("ESI"), subject to production under Rule 34.

5

> 19. Unless otherwise stated, the relevant time period for these discovery requests is the period beginning ten years before the date of Rafael Garcia's murder continuing through the conclusion of this litigation.

Exhibit 7 at pages 2, 4. Defendants did not separately object to any of Plaintiff's definitions or instructions. Group Exhibit 8. As a result, Plaintiff's request for communications in both requests Nos. 3 and 11 include non-privileged communications, including email communications through the course of this litigation.[5]

Defendants' responses are deficient and should be supplemented for the following reasons. First, to the extent that Defendants have no memory of any communications or investigatory activities other than those identified in the documents they refer to in their response, Defendants should be compelled to so state, rather than be permitted to stand on an evasive answer that they don't recall "each and every" communication or activity. While reasonable that the passage of time has affected Defendants' memory, they nevertheless should provide all the communications that they are able to identify or, alternatively, state that all responsive information is found in the referenced documents. *See, e.g.*, *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 326–27 (N.D. Ill. 2005) ("Koch must disclose with reasonable specificity, that a meeting or communications occurred, what was said, by whom, who was present, and where or how the meeting or communication occurred. If Koch's position is that there is no information in their possession regarding the existence and content of meetings and communications as set forth in interrogatory 11, beyond what is reflected in the documents, **it must say so unambiguously in answer to interrogatory 11**.") (emphasis added).

---

[5] Plaintiff acknowledges that the meet and confers and correspondence did not address the request for ESI. If the Court grants Plaintiff's motion, Plaintiff will work with Defendants to establish ESI protocols to search and produce any responsive materials pursuant to the Court's guidelines.

Second, while permitted to refer to documents in their response, Defendants' response is evasive and not specific and leaves Plaintiff guessing at among the 136,150 pages of discovery that Parties have produced along with the 8,246 pages produced in response to third-party subpoenas that may have relevant documents. A vague "see documents produced" is, however, not an acceptable response under Federal Rule of Civil Procedure 33(d) because that provision requires the answering party to "specify[ ] the records that must be reviewed [to derive the answer], in sufficient detail to enable the interrogating party to locate and identify [the answer] as readily as the responding party could." FED. R. CIV. P. 33(d)(1). *See, e.g.*, *Berner v. Outdoor Enviroments Grp., LLC*, No. 1:09CV00685-SEB-JMS, 2010 WL 98706, at *1 (S.D. Ind. Jan. 8, 2010) ("A vague 'see documents produced' is, however, not an acceptable response under Federal Rule of Civil Procedure 33(d) . . . ."). Defendants should be compelled to further specify what documents they are referring to.

For the reasons set forth above, Plaintiff requests the Court grant his motion and order the Defendants to supplement their response by (1) supplementing their response to identify the requested communications/investigatory actions; or alternatively stating whether the documents they refer to in their responses include all of the requested information; and, (2) specifically identity by Bates ranges the documents incorporated into their response if their supplemental responses answer by reference to documents.[6]

---

[6] The Parties are also presently at issue regarding Plaintiff's request for information related to his claim for punitive damages. *See* Ex. 7 at No. 7; Ex. 9 at No. 33 (Pls. Request for Production) at No. 33; Ex. 1-6. The Parties have agreed to continue their meet and confer process in an attempt to reach resolution and agreed to defer seeking the Court's assistance until it is clear that process has reached impasse. Ex. 6.

## Conclusion

For the reasons set forth above, Plaintiff respectfully requests this Court to grant his motion to compel and order Defendants to: (1) supplementing their response to identify the requested communications/investigatory actions; or alternatively stating whether the documents they refer to in their responses include all of the requested information; and, (2) specifically identity by Bates ranges the documents incorporated into their response if their supplemental responses answer by reference to documents.

Respectfully submitted,

**ANTHONY JAKES**

By: *s/ Heather Lewis Donnell*
*One of His Attorneys*

Arthur Loevy
Jon Loevy
Russell Ainsworth
Heather Lewis Donnell
Alison R. Leff
Renee Spence
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900 (phone)
arthur@loevy.com
jon@loevy.com
russell@loevy.com
heather@loevy.com
alison@loevy.com
renee@loevy.com

## **CERTIFICATE OF SERVICE**

  I, Heather Lewis Donnell, an attorney, hereby certify that on December 10, 2020, I filed the foregoing Motion to Compel using the Court's CM/ECF system, which effected service on all counsel of record.

                  *s/ Heather Lewis Donnell*