# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

August 24, 2020

Eileen E. Rosen
Patrick R. Moran
Andrew J. Grill
Brittany D. Johnson
Rock Fusco & Connelly, LLC
321 N. Clark St., Ste. 2200,
Chicago, Illinois 60654

  RE: *Jakes v. City of Chicago*, No. 19-cv-2204

Dear Counsel:

  I write pursuant to Local Rule 37.2 regarding objections and responses to Plaintiff's First Set of Interrogatories by Defendants Boudreau, Bonke, Burke and Ceasar (the "Defendants"). The Defendants' objection and responses discussed below are deficient and require supplementation.

  As an initial matter, in response to fourteen out of eighteen requests, Defendants assert boilerplate objections, which lack the specificity required under Rule 33. The rules do not permit Defendants to avoid answering discovery requests simply by reciting conclusory objections. *See, e.g., Bukybile v. Mitsubishi Motors Corp.*, No. 04 C 4932, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006) (objecting party cannot meet its burden "by reflexive invocation of 'the same baseless, often absurd litany' that the requested discovery is 'vague, ambiguous, overly broad, unduly burdensome'") (quoting *Swift v. First USA Bank,* No. 98-8238, WL 1212561 (N.D. Ill. Dec. 5, 1999)). Indeed, in adjudicating discovery disputes, the Northern District has repeatedly admonished litigants "that these sorts of boilerplate objections are ineffectual," create institutional burdens, and needlessly impose costs on the opposing party. *Burkybile*, 2006 WL 2325506, at *6 (citing *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987); *Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379, 386 (7th Cir. 1996)).

  Secondly, Defendants' responses to various requests are deficient for reasons articulated in detail below. Plaintiff requests that Defendants please supplement their responses to Plaintiff's interrogatories by September 4, 2020, unless otherwise specified.

**Plaintiff's First Set of Interrogatories**

**Request No. 2**

EXHIBIT 1

> *"Please identify all Complaints that have ever been made against you relating to your role as a law enforcement official. . ."*

Defendant Boudreau objected to this request on the grounds that it is overly broad and unduly burdensome. As discussed above, these types of conclusory objections are improper.

Defendant Boudreau further objected on the grounds that words such as "Complaint" and specific terms used for misconduct are overly vague. Once again, this objection is improper under Rule 33. Additionally, Plaintiff has already defined the meaning of "Complaint" in the original interrogatory request. Furthermore, the terms for types of misconduct are not ambiguous. Categories of misconduct including "coercion" and "witness manipulation" have both common-sense meanings and specific definitions under CPD training and protocol.

Defendant Boudreau further responded, without waiving prior objections, that he cannot recall any specific complaints made against them responsive to this interrogatory other than those already known to Plaintiff's counsel by virtue of Plaintiff's counsel's law firm's representation of other individuals.

These responses are insufficient for at least four reasons. First, Defendant Boudreau and his agents, including counsel, must all respond to this request to the best of their abilities. Plaintiff's request is not limited to Defendant's immediate recollection alone.

Second, it is undisputed that the City destroyed certain CR Files prior to 1991 and there are no longer actual CR Files or even necessary records of all CR Files. As counsel for Defendants is well-aware, the City also has a track record of failing to produce all CR Files in litigation and has had to develop multiple search tools to locate such files. *See, e.g.*, *Cezares v. Frugoli, et al.*, No. 1:13-cv-05626 (N.D. Ill.) (Dkt. 505). Relatedly, in June, the Office of the Inspector General for the City of Chicago also issued a report documenting the City's on-going failure to produce all relevant documents in response to subpoenas from criminal Defendants as well as in in civil litigation. Office of the Inspector General of the City of Chicago, REVIEW OF THE CHICAGO POLICE DEPARTMENT'S MANAGEMENT AND PRODUCTION OF RECORDS (June 10, 2020), *available at* https://igchicago.org/category/publications-and-press/public-reports/ (produced here as Plaintiff Jakes 94775-94832).

Third, Defendants cannot shirk discovery obligations due to Plaintiff's counsel's representation of other clients. Documents obtained in the course of representing other clients are confidential in many cases. Additionally, a refusal to respond to discovery requests based on Plaintiff's counsel's other clients effectively penalizes Plaintiff for seeking experienced counsel.

Finally, even if it were a proper response to say Plaintiff's counsel already knows, which it is not, Defendant Boudreau, and his agents, must still provide responses based on their knowledge. Plaintiff requests Defendant Boudreau to supplement his answers to request No. 2 and produce any complaints responsive to this request by September 4, 2020.

**Request No. 3**

> *"Please identify every Communication that You or anyone acting on your behalf have had about the Garcia Murder Investigation or any of the allegations, events, or circumstances described in Plaintiff's Complaint with any Person . . ."*

Defendants object to this request on the grounds that it is overly broad and unduly burdensome. As discussed above, this type of conclusory objection is improper.

Defendants further object on the basis that this interrogatory seeks privileged information. This response is deficient. Remaining mindful of the restrictions imposed by privileges, Plaintiff requests that Defendants identify which specific communications must be withheld and describe the nature of the privilege preventing disclosure.

Defendants further respond that "due to the passage of time, they do not recall each and every communication that they had relating to their involvement in the Garcia homicide investigation." This response is deficient. Plaintiff requests that Defendants supplement their response with any communications recalled by Defendants.

Defendants further respond by stating that initial MIDP disclosures are sufficiently responsive to this request. For clarity, Plaintiff requests that Defendants supplement their responses to Request No. 3 as described above or affirm under oath that the sum total of all communications made by Defendants about the Garcia murder investigation are described in the MIDP disclosures.

**Request No. 5 & 6**

> *"Do you contend that Plaintiff Anthony Jakes committed the Garcia Murder? If so, please provide the complete factual basis for your contention."*

> *"For any affirmative defenses that you have asserted or will assert in this matter, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense."*

Defendants objected to these interrogatories on the basis that they are premature. Neither request is premature. Defendants are required to supplement their responses pursuant to Rule 26(e) throughout fact discovery. However, Defendants' duty to supplement does not obviate the requirement to provide the factual basis known to them at this time for both any affirmative defenses Defendants intend to assert as well as their position and factual basis regarding whether it is their contention Plaintiff committed the Garcia murder.

"The Federal Rules permit discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *Fellowes, Inc. v. Aurora Corp. of Am.*, No. 07 C 7237, 2009 WL 1097063, at *1 (N.D. Ill. Apr. 1, 2009) (citing FED. R. CIV. P. 26(b)(1)). Accordingly,

"[E]ither party may compel the other to disgorge whatever facts he has in his possession." *In re Thomas Consolidated Indus., Inc.,* No. 04 C 6185, 2005 WL 3776322, at *6 (N.D. Ill. May 19, 2005), *aff'd* 456 F.3d 719 (7th Cir. 2006) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507, 67 (1947)). Plaintiff's Requests Nos. 5 & 6 are not premature contention interrogatories in that they seek to clarify Defendant's position on whether Plaintiff committed the Garcia murder and his affirmative defenses which seek to narrow the scope of the issues in this case. *See, e.g.*, *Fellowes*, 2009 WL 1097063, at *1 ("Though the general policy is to defer contention interrogatories until discovery is near an end, courts have discretion to allow use of such interrogatories before discovery is complete." (citing *Thomas & Betts Corp. v. Panduit Corp.*, No. 93 C 4017, 1996 WL 169389, at *2 (N.D. III. Apr. 9, 1996); *Edward Lowe Indus., Inc. v. Oil-Dri Corp. of America*, No. 94 C 7568, 1995 WL 399712, at *3 (N.D. Ill. July 7, 1995)).

Please supplement Defendants' responses to Requests Nos. 5 & 6 by September 4, 2020.

**Request No. 7**

Plaintiff is willing to defer punitive damages discovery until after summary judgment if, as discussed in our conference on August 20, Defendants agree to alert Plaintiff by the deadline for Rule 56 motions whether they will respond to punitive damages discovery (or whether they will take the position that by not raising an inability to pay defense Plaintiff is not entitled to punitive damages discovery). Please confirm that all Defendants agree to these terms, so that Plaintiff will have time to litigate any disagreements regarding the scope of punitive damages discovery well in advance of trial.

**Request No. 9**

> "Please state with specificity each activity, action, or investigative task that you participated in during the Garcia Murder Investigation. For each activity, action, or task, please describe the Person, if any, who assigned you each activity, action, or task and the Person to whom you reported for each activity, action, or task. . . If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in the Garcia Murder Investigation is described in the Documents that you reference."

Defendants objected to this request on the grounds that it is overly broad and unduly burdensome. As discussed above, this type of conclusory objection is improper.

Defendants also stated that "a summary of activities and investigative tasks Defendant participated in are reflected in the police reports already in Plaintiff's possession or that are being, or will be, produced in this case," but this response is deficient.

Plaintiff requests that Defendants either describe any additional investigative tasks performed which have not been described in the police reports, or affirm under oath that the sum total of Defendants' participation in the Garcia Murder Investigation is described in the Documents referenced.

**Request No. 11**

> *"Please state whether you had any conversation(s) with any of the following individuals: Enrique Lujan, Gus Robinson, Marco Garcia, Arnold Day, Mattie Gibson, Martin Reeves, Gurgid Singh, Denise Harris, Annetee Harris, Ronnie Sloan, Andre Green, Tyrone Pitts, Michael Sampson, Cleotha Chairse, and/or Victor Clemons. If so, please describe with particularity the location of the conversations, who else was present, and what was said by whom."*

Defendants objected to this request on the grounds that it is overly broad and unduly burdensome. As discussed above, this type of conclusory objection is improper.

Defendants also objected to this request on the grounds that the interrogatory seeks privileged information. To the extent that these communications are between Defendants and third-parties, they are not privileged communications.

Similar to Request No. 9, Defendants also indicate that documents produced in the initial MIDP disclosures are sufficiently responsive to this request. This response is deficient. Plaintiff requests that Defendants supplement their responses with additional details regarding conversations with the above-named individuals or alternatively state under oath that the sum total of Defendants' conversations with the above-named individuals are described in the MIDP disclosures.

**Request No. 14**

> *"Did you maintain any personal notes, personal emails, or personal files relating to the Garcia Murder Investigation or any suspects or witnesses in the investigation? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal notes and personal files relating to the Garcia Murder Investigation is contained in the Documents that you reference."*

Defendants object to this interrogatory on the grounds that certain terms used in the request are vague and ambiguous. As discussed above, this type of conclusory objection is improper.

Defendants also state that they have "no documents responsive to this request," but this interrogatory is not a request for production. Rather, this request seeks to confirm or deny the existence of relevant evidence.

  Defendants' responses are further deficient because they fail to respond with a simple yes or no to the initial question. Plaintiff requests that Defendants respond in the affirmative or the negative whether they maintained any personal files relating to the Garcia Murder Investigation.

**Request No. 15**

> *"Is it your position that at any point there was probable cause to support Plaintiff's arrest, charging, indictment, or prosecution for the Garcia Murder? If so, please provide the complete factual basis upon which probable cause existed at the time of Plaintiff's (a) arrest, (b) charging, (c) criminal trial, and (d) any other period of time. If it is your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer."*

  Defendants object to this interrogatory on the grounds that it is premature. As explained above regarding Requests Nos. 5 & 6, Defendants must provide the entire factual basis known to them at this time in addition to their duty to supplement their responses pursuant to Rule 26(e). Plaintiff requests that Defendants supplement their answers to Request No. 15 and clarify their contention regarding probable cause for Plaintiff's arrest.

***

  Please respond by September 4, 2020 by serving supplemental written responses to Plaintiff's interrogatories or by advising that Defendants intend to stand on their objections and responses. If we do not hear from you by that date, we will assume Defendants intend to stand on their objections and responses, and we will seek the Court's assistance with this matter. If you would like to discuss this matter further, please let me know when you are available for a call. Thank you for your attention to this matter.

                 Sincerely,

                 Heather Donnell

cc: Counsel of Record