LAW OFFICES
## Rock Fusco & Connelly, LLC

BRITTANY D. JOHNSON
DIRECT: (312) 970-3463

321 NORTH CLARK STREET
SUITE 2200
CHICAGO, ILLINOIS 60654
(312) 494-1000
FAX (312) 494-1001
WWW.RFCLAW.COM

BJOHNSON@RFCLAW.COM

September 4, 2020

**VIA EMAIL**
Russell Ainsworth
Heather L. Donnell
Alison R. Leff
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607

RE: *Anthony Jakes v. City of Chicago, et al.*
Case No. 19 cv 2204

Dear Counsel:

I write in response to your L.R. 37.2 letter dated August 24, 2020 regarding the Defendant Officers' Answers and Responses to Written Discovery.

**Plaintiff's First Set of Interrogatories**

**Interrogatory No. 2**

Interrogatory No. 2 seeks Defendant Boudreau to identify all "Complaints" that have ever been made against him relating to his role as a law enforcement official. Boudreau objects on the basis that this interrogatory is overly broad, unduly burdensome and disproportional to the needs of this case. Plaintiff's request that Defendant Boudreau identify all "Complaints" ever made against him is overly broad, unduly burdensome and disproportionate to the needs of this case because, on its face, it is unlimited in temporal scope. Furthermore, Plaintiff's definition of the term "Complaint" is in itself overly broad. Indeed, information "relating in any manner" to "criticism" Boudreau has ever received or the "job performance or the job performance of any of [his] counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on [his] behalf" includes every action he may have taken or failed to take as a police officer, regardless of whether it has any connection to this case. That is the definition of a fishing expedition. Plaintiff also apparently believes Boudreau is required to conduct an independent investigation to provide an answer (he is not) and that he maintains the same records as the City (he does not).

**Interrogatory Nos. 3, 9 and 11**

EXHIBIT 2

Interrogatories Nos. 3 and 9 seek Defendant Officers to identify every Communication that the officers or anyone acting on their behalf had about the Garcia Murder Investigation and every activity, action or investigative task the Defendant Officers took during the investigation. Interrogatory No. 11 asks Defendant Officers to identify each and every conversation they may have had with 15 different individuals and asks them to describe, with particularity, the location, the persons present, and what was said during these conversations and by whom. Defendants objected on the basis that these interrogatories are vague, overly broad and unduly burdensome and as such, not proportional to the needs of the case. Although Plaintiff claims that their answers to these interrogatories are "deficient," Plaintiff offers no explanation as to why. Nonetheless, Plaintiff's request that the Defendant Officers identify each and every conversation had or action taken during the Garcia Murder Investigation is improper for all of the reasons Defendants already set forth in their responses to these interrogatories. Moreover, these questions are better suited for a deposition. The homicide investigation that underlies this lawsuit concluded almost 30 years ago. These interrogatories, which ask the Defendant Officers to recall every communication or action they, or anyone acting on their behalf, have engaged in regarding this one homicide investigation out of hundreds they participated in, is overly broad and an unreasonable memory test. Plaintiff does not even bother to narrow the focus of the interrogatories to any specific issue related to the homicide investigation. Lastly, the demand for an answer to these specific interrogatories "under oath" is an obligation not required by Rule 33. Rule 33 allows the answering party to sign a verification that the answers are truthful, which happens routinely with plaintiffs represented by your office. If Plaintiff believes more is required than what is set forth in Rule 33, please provide the authority for such a position.

**Interrogatory Nos. 5 & 6**

Interrogatories Nos. 5 and 6 ask Defendant Officers to identify whether they contend that "Anthony Jakes committed the Garcia Murder" and the complete factual basis therefore as well as to identify the entire factual basis for each and every affirmative defense asserted. Defendants objected to these interrogatories as premature. Contention interrogatories are presumed to be premature at the outset of a lawsuit. *In re Northfield Field Laboratories Inc. Securities Litigation*, 264 F.R.D. 407, 412 (N.D. Ill. 2009) ("One of the main purposes of contention interrogatories is to narrow the issues for trial. Thus, 'fairness dictates that parties not be forced to prematurely take a position, which would force an artificial narrowing of the issues, instead of an informed paring down.'"). None of the authority cited in your August 24, 2020 letter stands for the proposition that Defendants' answers and objections are improper. Although courts (not a party) have discretion to allow the use of contention interrogatories before discovery is complete, courts almost never require answers at the outset of a lawsuit. And as your letter notes, a party's ability to answer any such interrogatory will always be dependent on "whatever facts he has in his possession" at the time. *See In re Thomas Consolidated Indus., Inc.*, No. 04 C 6185, 2005 WL 3776322, at *6 (N.D. Ill. May 19, 2005). Defendants did just that. Moreover, Defendants are not required to provide the "entire factual basis" for any contention. *See e.g. Gregg v. Local 305 Ibew*, 2009 WL 1325103, at *6 (N.D. Ind. May 2009). As previously stated to Plaintiff, these answers will be supplemented once Defendant Officers have had the opportunity to conduct further discovery into Plaintiff's claims.

**Interrogatory No. 7**

Interrogatory No. 7 seeks Defendant Officers to estimate their financial net worth and identify how it is calculated by providing written documents and descriptions of all assets and liabilities, as well as providing income statements for five years prior to the filing of this Complaint. Defendants objected to this interrogatory on the grounds that it was premature as Defendants had not yet determined whether he will put his financial condition at issue in defense of any claim for punitive damages. Defendants also object to this interrogatory because it seeks information that is not proportional to the needs of the case. Punitive damages will be a modest component of Plaintiff's requested relief at trial as compared to compensatory damages. Defendants are not current police officers and their current financial condition is far removed from the underlying conduct that plaintiff seeks to punish and deter. *Armando Serrano v. Reynaldo Guevara, et al.*, 17-cv-02869, Dkt. 296 (Shah, MJ). Therefore, the expenditure of time and resources to address this interrogatory is not proportional to the needs of the case.

**Interrogatory No. 14**

Interrogatory No. 14 asks whether Defendant Officers have maintained any personal notes, files or other documents relating to the Garcia Murder Investigation or any suspects or witnesses in the investigation. Defendants objected on the basis that certain terms and phrases used are vague and ambiguous. Plaintiff offers no authority or explanation in support of his decision to dispute the propriety of the Defendant Officers' responses to this Interrogatory. Moreover, Defendants identified the specific terms of Plaintiff's questions that were vague and ambiguous, which is not a conclusory objection. Finally, Plaintiff specifically asked if Defendant Officers "maintained" any such documents, and our clients answered in the negative. Nothing more is required.

**Interrogatory No. 15**

Interrogatory No. 15 asks Defendant Officers to identify the complete factual basis for their contention that probable cause exists during every stage of the arrest, charging, indictment and prosecution of Plaintiff for the Garcia Murder. Defendants objected on the grounds that this interrogatory is premature. As stated in Defendants' response, this is another premature contention interrogatory. Moreover, Defendants were not present during the murder, but referred to categories of documents for the evidentiary basis that would support probable cause for the arrest and prosecution of Jakes for the murder of Rafael Garcia. Defendant Officers cannot, at this stage of the discovery process, identify "the complete factual basis" for their belief because this lawsuit is still in the early stages of discovery and has not yet been completed. As previously stated, these answers will be supplemented once Defendant Officers have had the opportunity to conduct further discovery into Plaintiff's claims.

Hopefully, the foregoing explanations resolve Plaintiff's concerns. If you have any questions or additional concerns, feel free to contact me so we can discuss.

Sincerely,

*Brittany D. Johnson*

cc: VIA ELECTRONIC MAIL
George Yamin, Jeff Given, The Sotos Law Firm, P.C.