# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

December 7, 2020

**Via Email**

Patrick R. Moran
Andrew J. Grill
Brittany D. Johnson
321 N. Clark St., Ste. 2200
Chicago, IL 60654
pmoran@rfclaw.com
agrill@rfclaw.com
bjohnson@rfclaw.com

RE: *Jakes v. City of Chicago*, No. 19-cv-2204

Dear Andrew:

I write in response to your December 3, 2020 letter regarding Plaintiff's answers to Defendant Bonke's and DeLacy's interrogatories and Defendant Officers' document requests. We address below each request discussed in your letter.

Plaintiff believes his responses to Defendants' discovery requests were proper and he does not withdraw or waive any objection he has asserted to any request. In the spirit of compromise, however, Plaintiff will serve supplemental responses as described below providing the information described below by January 8, 2021.

## DeLacy's First Interrogatories

**Interrogatory No. 1.** Plaintiff has already provided his legal name. Plaintiff will supplement his response to provide his nicknames and addresses since 1980.

**Interrogatory No. 2.** Plaintiff will supplement this response to clarify that he is incorporating his Mandatory Initial Discovery Response rather than disclosures served pursuant to Rule 26(a)(1). Plaintiff agrees to supplement his initial discovery response consist with his obligations under the rules, including by providing updated contact information for any witnesses.

**Interrogatory No. 3.** Plaintiff will supplement his response to provide the approximate dates during which he attended the schools he identified in his initial response.

**Interrogatory No. 4.** Plaintiff is not seeking damages arising from lost wages. As such, the additional employment information sought by this interrogatory, including whether Plaintiff earned income from committing crimes, has no relevance to any claim or defense at issue in this case, and the request is harassing. Plaintiff stands on his objection to this request.

EXHIBIT 3

Officer Defendants' Counsel  Page 2 of 4
December 7, 2020

**Interrogatory No. 6.** Plaintiff agrees to supplement his response to identify the pages within Defendants' production that contain information regarding his criminal history. The additional details Defendants seek regarding the information provided in Plaintiff's response to this request, however, have no relevance to any claim or defense asserted in this case and are not proportionate to the needs of the case. Plaintiff will not provide further specifics about out-of-state arrests.

**Interrogatory No. 7.** Plaintiff has not communicated with the FBI, DOJ, or the U.S. Attorney's Office regarding any of the events described in his Complaint.

**Interrogatory No. 13.** Plaintiff agrees to identify by Bates label the documents within the record that contain evidence of his physical injuries.

**Interrogatory No. 14.** Plaintiff agrees to supplement his answer to this request to provide additional information regarding his mental and emotional injuries. Plaintiff's mental and emotional injuries will also be the subject of expert discovery. Plaintiff will disclose expert opinions in this case as required by the by the Federal Rules and this Court's orders.

**Interrogatory No. 15.** Plaintiff agrees to supplement his answer to this request to identify ongoing injuries resulting from Defendants' misconduct.

**Interrogatory No. 16.** Plaintiff does not have additional information regarding the lead poisoning he suffered as a child; however, his investigation continues. Plaintiff will supplement his response to this request as required by the rules as additional information is discovered.

**Interrogatory No. 19.** Plaintiff stands on his objections to this request. Plaintiff will not provide information regarding litigation funding.

**Interrogatory Nos. 21 and 22.** Plaintiff agrees to supplement this response to provide any additional information related to the exculpatory and impeachment evidence suppressed by Defendants that has come to light. Plaintiff's investigation continues, and he will continue to supplement his discovery responses consistent with the requirements of the Federal Rules as discovery progresses.

### Bonke's First Interrogatories

**Interrogatory No. 1.** Plaintiff agrees to supplement his response to this request by identifying by Bates label the pages of his prior testimony that set out the injuries Defendants caused him through their physical coercion.

**Interrogatory No. 3.** Plaintiff has identified the fabricated evidence at issue in this case of which he is currently aware. His assertion of innocence—and indeed his exoneration and Certificate of Innocence—sufficiently establish the reason and facts supporting his claims of fabrication: as Plaintiff had no involvement in Rafael Garcia's murder, Defendants fabricated the evidence they claimed to have gathered against him.

**Interrogatory No. 4.** Plaintiff has described the information he currently possesses regarding Defendants' failure to intervene to stop the violation of his constitutional rights. Plaintiff's investigation continues. He will supplement his response to this request as discovery progresses, as required by the Federal Rules.

**Interrogatory No. 5.** Plaintiff has identified the fabricated and false witness statements Defendants Kill and Boudreau manufactured, and has identified the information within those statements that is false. Again, the reason those statements are false is obvious: Plaintiff is entirely innocent of any involvement in Rafael Garcia's murder. If Defendants wish, Plaintiff can identify the Bates numbers associated with these documents so that Defendants can view them and ascertain the date, author, and report numbers on each document. Plaintiff believes, however, that Defendants already possess this information. Plaintiff's investigation continues. He will identify additional fabricated evidence that comes to light as discovery progresses, as required by the Federal Rules.

**Interrogatory No. 6.** Plaintiff has agreed to supplement his response to Bonke's Interrogatory No. 1, which addresses Defendants' concern regarding his identification of their conduct that led to his arrest, prosecution, and wrongful conviction for Rafael Garcia's murder.

**Interrogatory Nos. 8 and 9.** Plaintiff accepts Defendants' proposal to confer to agree upon parameters for each party's production of social media information.

**Interrogatory No. 11.** Plaintiff will supplement his response to this request to identify any relevant complaints other than his TIRC submission, and to clarify whether Plaintiff or counsel prepared his TIRC submission.

**Interrogatory No. 12.** Plaintiff stands on his objection to identifying his communications with counsel. Plaintiff will not provide a log of his attorney-client communications.

**Interrogatory No. 14.** Plaintiff stands on his objections to identifying any "scars and bodily markings." The request seeks irrelevant information and it is harassing and an invasion of privacy that is not proportionate to the needs of the case. To the extent Defendants seek this information to ascertain Plaintiff's gang affiliations, the request is duplicative as Plaintiff has already responded to discovery requests on this subject.

### Defendants' Requests for Production

**Request Nos. 7 and 11.** Pursuant to Judge Jantz's order, Plaintiff will provide documents relating to his physical, mental, or psychological condition for the five-year period before September 1991, *see* ECF No. 110, and any mental health treatment records for the period following his release that are in Plaintiff's possession, custody or control.

**Request No. 8.** Plaintiff stands on his objections to Defendants' request for all documents concerning any communication he has ever had regarding the events described in the Complaint.

**Request No. 16.** Plaintiff's investigation into job performance-related documents continues. He will seasonably supplement his production with these documents as they come into his possession.

**Request No. 18.** Plaintiff's retention agreement with our law firm is privileged and has no relevance to any claim or defense at issue in this case; accordingly, this request is disproportionate to the needs of the case. Plaintiff will not produce these documents.

Officer Defendants' Counsel  Page 4 of 4
December 7, 2020

**Request No. 25.** Plaintiff is not aware of any documents other than those already produced in this case that demonstrate his whereabouts on the day of Garcia's murder and/or the day before.

\* \* \*

Plaintiff looks forward to a productive call to discuss these issues and remains hopeful the parties can resolve their disagreements without the need for court intervention.

Sincerely,

*Alison R. Leff*

Alison R. Leff

cc: Counsel of Record (via email)