# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

December 8, 2020

**Via Email**

Patrick R. Moran
Andrew J. Grill
Brittany D. Johnson
321 N. Clark St., Ste. 2200
Chicago, IL 60654
pmoran@rfclaw.com
agrill@rfclaw.com
bjohnson@rfclaw.com

RE: *Jakes v. City of Chicago*, No. 19-cv-2204

Dear Andrew:

I write pursuant to Local Rule 37.2 regarding Defendant Boudreau, Caesar, DeLacy, Burke, and Bonke's Responses to Plaintiff's First Set of Requests for Production, which you served on December 4, 2020. Defendants' responses to the requests discussed below are deficient.

**Request No. 5.** This request seeks "any photographs of Plaintiff or any other persons that were shown to any witnesses during the Garcia Murder Investigation." Defendants answer that they have no responsive documents.

Defendants' answer to this request is ambiguous as to whether responsive documents once existed but have now been destroyed. Paragraph 14 of the Definitions and Instructions to Plaintiff's document requests provides that if "a document that is responsive to a request has been destroyed, [Defendants must] identify the document, its last known location and custodian, and the reason it was destroyed or circumstances of its destruction."

Please clarify whether the photographs sought by this request were destroyed. If so, please supplement your response to include the information called for by the instructions.

**Request No. 9.** This request seeks all documents related to internal investigations of the events described in the Complaint. Defendants answer that they don't possess any responsive documents.

Again, this response is ambiguous as to whether responsive documents ever existed. Please clarify whether the documents sought by this request were destroyed. If so, please supplement your response to include the information called for by the instructions.

**Request No. 32**. This request seeks all documents relating to Defendants' total financial net worth. Defendants object that the request is overbroad and burdensome, disproportionate to the needs of the case, and unlikely to lead to the discovery of admissible evidence. Defendants

Officer Defendants' Counsel  Page 2 of 2
December 8, 2020

state that they have not yet determined whether they will present a financial hardship defense, and will respond to this request only if they decide to do so.

To address Defendants' concern regarding burdensomeness, in the spirit of compromise, Plaintiff is willing to narrow the request so that it states as follows: "Documents sufficient to show your total financial net worth, including your three most recent tax returns and documents showing the value of money held in bank accounts, stock ownership statements, and documents sufficient to show all real estate holdings."

Defendants' remaining objections to this request lack merit. Defendants' financial condition is discoverable and admissible evidence in any case involving claims for punitive damages, regardless of whether Defendants mount an inability-to-pay defense. *See TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 462 (1993); *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 21-22 (1991); *Lanigan v. Babusch*, 2011 WL 5118301, at *4 (N.D. Ill. Oct. 27, 2011); *Challenge Aspen v. King World Prods. Corp.*, 2001 WL 1403001, at * 3 (N.D. Ill. Nov. 9, 2001).

Please supplement your production to include documents responsive to Request No. 32.

\*    \*    \*

We would like to discuss these issues with you during our meet and confer tomorrow at 11 a.m., when we are scheduled to discuss Plaintiff's discovery responses. If you would like to set up another time, please let us know a time tomorrow you are available to discuss in anticipation of the December 10, 2020 deadline to raise these issues with the court. Alternatively, please respond in writing by the close of business tomorrow so we know what issues must be raised with the court. We are hopeful the parties can resolve these issues without the need for court intervention.

Sincerely,

Alison R. Leff

cc: Counsel of Record (via email)