

**Heather Lewis Donnell <heather@loevy.com>**

## Jakes v. City of Chicago - Rule 37.2 correspondence

**Heather Lewis Donnell** <heather@loevy.com>                                        Wed, Dec 2, 2020 at 9:53 PM
To: Andrew Grill <agrill@rfclaw.com>, "Brittany D. Johnson" <bjohnson@rfclaw.com>, "Patrick R. Moran" <pmoran@rfclaw.com>
Cc: Russell Ainsworth <russell@loevy.com>, Alison Leff <alison@loevy.com>, Renee Spence <spence@loevy.com>, Lauren Lebata <lauren@loevy.com>
Bcc: Heather Lewis Donnell <heather@loevy.com>

Andrew and Brittany

I write pursuant to Rule 37.2 to follow up on our meet and confer on the Defendants' response to Plaintiff's interrogatory requests on October 30th.

With regard to Interrogatory Request No. 2, which seeks Defendants to identify any Complaints, which is a defined term in Plaintiff's requests that includes any CR Files as well as any civil complaints or allegations or witness coercion or manipulation, Plaintiff requested that Defendant Boudreau supplement his response. Defendant Boudreau's response is deficient because it essentially stated that he only knows about those Complaints that Plaintiff's counsel/law firm has knowledge. *See, e.g., Kelley v. Bd. of Educ. of City of Chicago*, No. 10 c 7875, 2012 WL 1108135, at *3 (N.D. Ill. Apr. 2, 2012) (plaintiff is entitled to discovery in her case regardless of what plaintiff's counsel may possess from a separate case). Defendant Boudreau agreed to supplement his response. Please confirm Defendant Boudreau will do so and provide his supplemental response by December 17.

We also discussed Defendants' responses to Plaintiff's interrogatory requests No. 3, 9 and 11 seeking Defendants to identify communications they had about the Garcia murder investigation with anyone, including other Defendants, law enforcement or prosecutors (no. 3), activities or investigative tasks taken during the investigation (no. 9), or communications with various entities (no. 11). Defendants confirmed that they intend to stand by their pbjections and responses referring to their MIDP responses and that they do not recall every communication/activity related to the Garcia murder investigation. In response, Plaintiff requested that Defendants supplement their responses to identify any of the communications or actions that they do recall even if they do not recall each and every communication or tasks and to further confirm that all communications that they did have or actions that they did take are identified in their MIDP disclosures. Defendants stated that their response is sufficient and they intend to stand on their objections and response. Defendants requested authority that their response is deficient. Under Rule 33, Defendants are obligated to "give full and complete answers to interrogatories served on him by another party. While a party may not have a duty to search out new information, it is undisputed that a party has a duty to provide all information available to him." *Trane Co. v. Klutznick,* 87 F.R.D. 473, 476 (W.D. Wis. 1980) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947)). Defendants' vague response that they don't recall "each and every communication" or action is nonresponsive to the question seeking Defendants to identify every communication that they did have. Again, if all communications Defendant had about the Garcia investigation or their investigative activities are identified in full in their MIDP disclosures, please supplement Defendants' responses stating as such. Please let me know if Defendants are willing to supplement their responses to Interrogatories Nos. 3, 9 & 11.

Plaintiff also addresses his contention interrogatories, including Nos. 5, 6 and 15. We agreed that we are at impasse regarding Plaintiff's request that Defendants supplement their responses now with all the information they possess at this time even if they may supplement their responses again at the end of discovery and after the Defendants are deposed.

Finally, with regard to Plaintiff's request for punitive damages discovery responsive to Interrogatory No. 7, which also applies to Plaintiff's Request for Production Nos. 32 & 33, during our meet and confer, Andrew requested I send additional authority that this request is proportional to the needs of the case. Here, Plaintiff's damages relate to his wrongful conviction and incarceration from age 15 to 35, due allegations that Defendants coerced and fabricated his false confession. Plaintiff's damages are significant. In light of those claims, Defendants have not explained how providing a balance sheet to estimate their net worth as Plaintiff has requested or five years of past income is overly burdensome. Plaintiff has alleged a claim punitive damages and intends to seek them here and needs this discovery to ascertain the wealth of each of the defendants. Even if the amount sought in punitives will be less than compensatory damages, that does not mean Defendants can avoid discovery relevant to Plaintiff's claims entirely.

EXHIBIT 5

Indeed, courts routinely find this type of information discoverable and admissible at trial. *See, e.g.*, *Aspen v. King World Prods. Corp.*, No. 00 C 6868, 2001 WL 1403001, at *3 (N.D. Ill. Nov. 9, 2001) (Magistrate Judge Schenkier) ("[T]here can be no doubt that net worth is discoverable …. as it regards ... plaintiff's punitive damages claim."); *In re Aqua Dots Prod. Liab. Litig.*, 270 F.R.D. 322, 324 (N.D. Ill. 2010), *aff'd,* 654 F.3d 748 (7th Cir. 2011) ("Since evidence of a defendant's wealth may be admissible at trial, as it relates to punitive damages, courts have allowed the discovery of financial information on those grounds."); *Platcher v. Health Professionals, Ltd.*, No. 04-1442, 2007 WL 2772855, at *2 (C.D. Ill. Sept. 18, 2007) ("A defendant's financial condition is relevant to the pursuit of punitive damages.").

Moreover, even the wrongful conviction case that Defendants cited in their Rule 37.2 correspondence required Defendants to provide evidence of their financial net worth and did not let them avoid it all together as Defendants seek to do here. *See Armondo Serrano v. Reynoaldo Guevara, et al.*, No. 17-cv-02869 (Dkt. 296) ("Some financial information is relevant in that it allows plaintiff to strategically craft his demand in light of the requirement that jurors use sound reason to determine an amount that would punish a defendant and serve as a warning to others."). Defendants have not cited any authority for their basis that they can avoid such discovery completely. Please let me know if Defendants are willing to provide the punitive damages discovery Plaintiff requested in Interrogator No. 7 and Requests for Production Nos. 32 & 33.

Thank you very much for your attention to this matter. I appreciate that I am emailing you on the evening before I request a response. Please kindly provide a response by 12pm tomorrow if Defendants are willing to reconsider their position. If you prefer to give me a call, I will make myself available at your convenience.

Sincerely,

Heather

-
Heather Lewis Donnell
**LOEVY & LOEVY**
311 North Aberdeen
Third Floor
Chicago, Illinois 60607
Tel: 312-243-5900
Fax: 312-243-5902
heather@loevy.com



**Heather Lewis Donnell <heather@loevy.com>**

## Jakes v. City of Chicago - Rule 37.2 correspondence

**Brittany D. Johnson** <bjohnson@rfclaw.com>                              Mon, Dec 7, 2020 at 4:29 PM
To: Heather Lewis Donnell <heather@loevy.com>, Alison Leff <alison@loevy.com>
Cc: Russell Ainsworth <russell@loevy.com>, Lauren Lebata <lauren@loevy.com>, Andrew Grill <agrill@rfclaw.com>, "Patrick R. Moran" <pmoran@rfclaw.com>, "Jeffrey N. Given" <JGiven@jsotoslaw.com>, gyamin <gyamin@jsotoslaw.com>, "Joseph M. Polick" <JPolick@jsotoslaw.com>, "Eileen E. Rosen" <ERosen@rfclaw.com>

Heather,

Defendant Officers' responses to your December 2nd 37.2 correspondence is outlined in red below.

We also need to set up a time to meet and confer regarding Plaintiff's revised 404(b) list as well as Plaintiff's responses to Defendant Officers' 37.2 letter. Will you be prepared to discuss these issues tomorrow afternoon or Wednesday? I recognize this is short notice, but given the short deadline for motion practice hopefully you can accommodate the request.

Thank you,


Brittany D. Johnson

Rock Fusco & Connelly, LLC

321 N. Clark Street, Suite 2200

Chicago, Illinois 60654

312.970.3463 (p) | 312.494.1001 (f)

bjohnson@rfclaw.com | http://www.rfclaw.com





**From:** Heather Lewis Donnell <heather@loevy.com>
**Sent:** Wednesday, December 2, 2020 9:54 PM
**To:** Andrew Grill <agrill@rfclaw.com>; Brittany D. Johnson <bjohnson@rfclaw.com>; Patrick R. Moran

<pmoran@rfclaw.com>
**Cc:** Russell Ainsworth <russell@loevy.com>; Alison Leff <alison@loevy.com>; Renee Spence <spence@loevy.com>; Lauren Lebata <lauren@loevy.com>
**Subject:** Jakes v. City of Chicago - Rule 37.2 correspondence

Andrew and Brittany

I write pursuant to Rule 37.2 to follow up on our meet and confer on the Defendants' response to Plaintiff's interrogatory requests on October 30th.

With regard to Interrogatory Request No. 2, which seeks Defendants to identify any Complaints, which is a defined term in Plaintiff's requests that includes any CR Files as well as any civil complaints or allegations or witness coercion or manipulation, Plaintiff requested that Defendant Boudreau supplement his response. Defendant Boudreau's response is deficient because it essentially stated that he only knows about those Complaints that Plaintiff's counsel/law firm has knowledge. *See, e.g., Kelley v. Bd. of Educ. of City of Chicago*, No. 10 c 7875, 2012 WL 1108135, at *3 (N.D. Ill. Apr. 2, 2012) (plaintiff is entitled to discovery in her case regardless of what plaintiff's counsel may possess from a separate case). Defendant Boudreau agreed to supplement his response. Please confirm Defendant Boudreau will do so and provide his supplemental response by December 17.

At the time Mr. Boudreau answered this interrogatory, no CRs had been produced.  We agreed to supplement his response to identify the bates-ranges of any applicable CR materials once produced by the City.  We are otherwise standing on our objections and answer regarding "complaints or allegations of coercion or manipulation" for the reasons stated in our response and as previously discussed during our 37.2 conference. This includes, but is not limited to, Boudreau's objection that Plaintiff's definition of "complaint" is so broad that it reasonably encompasses any sort of discipline imaginable and is therefore improper.

We also discussed Defendants' responses to Plaintiff's interrogatory requests No. 3, 9 and 11 seeking Defendants to identify communications they had about the Garcia murder investigation with anyone, including other Defendants, law enforcement or prosecutors (no. 3), activities or investigative tasks taken during the investigation (no. 9), or communications with various entities (no. 11). Defendants confirmed that they intend to stand by their pbjections and responses referring to their MIDP responses and that they do not recall every communication/activity related to the Garcia murder investigation. In response, Plaintiff requested that Defendants supplement their responses to identify any of the communications or actions that they do recall even if they do not recall each and every communication or tasks and to further confirm that all communications that they did have or actions that they did take are identified in their MIDP disclosures. Defendants stated that their response is sufficient and they intend to stand on their objections and response. Defendants requested authority that their response is deficient. Under Rule 33, Defendants are obligated to "give full and complete answers to interrogatories served on him by another party. While a party may not have a duty to search out new information, it is undisputed that a party has a duty to provide all information available to him." *Trane Co. v. Klutznick*, 87 F.R.D. 473, 476 (W.D. Wis. 1980) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947)). Defendants' vague response that they don't recall "each and every communication" or action is nonresponsive to the question seeking Defendants to identify every communication that they did have. Again, if all communications Defendant had about the Garcia investigation or their investigative activities are identified in full in their MIDP disclosures, please supplement Defendants' responses stating as such. Please let me know if Defendants are willing to supplement their responses to Interrogatories Nos. 3, 9 & 11.

Defendants stand on their objections and answers to these interrogatories. The authority you cite only stands for the proposition that Defendants must give complete answers based upon their current knowledge and have no duty to search out new information – which defendants have done.  As previously stated, Defendants do not recall, almost 30 years after the fact, each and every "communication" or "investigative task" taken and referred Plaintiff, instead, to the police reports and testimony regarding these topics. Discovery is also currently ongoing so should other documents or information come to light detailing additional "communications" or "investigative tasks," Defendants

will supplement their answers. These inquiries also request Defendants to describe these "tasks" and "communications" in explicit detail – which is better suited for, and can be explored more fully at, a deposition.

Plaintiff also addresses his contention interrogatories, including Nos. 5, 6 and 15. We agreed that we are at impasse regarding Plaintiff's request that Defendants supplement their responses now with all the information they possess at this time even if they may supplement their responses again at the end of discovery and after the Defendants are deposed. Plaintiff is correct - Defendants stand on their objections and answers to these interrogatories.

Finally, with regard to Plaintiff's request for punitive damages discovery responsive to Interrogatory No. 7, which also applies to Plaintiff's Request for Production Nos. 32 & 33, during our meet and confer, Andrew requested I send additional authority that this request is proportional to the needs of the case. Here, Plaintiff's damages relate to his wrongful conviction and incarceration from age 15 to 35, due allegations that Defendants coerced and fabricated his false confession. Plaintiff's damages are significant. In light of those claims, Defendants have not explained how providing a balance sheet to estimate their net worth as Plaintiff has requested or five years of past income is overly burdensome. Plaintiff has alleged a claim punitive damages and intends to seek them here and needs this discovery to ascertain the wealth of each of the defendants. Even if the amount sought in punitives will be less than compensatory damages, that does not mean Defendants can avoid discovery relevant to Plaintiff's claims entirely. Indeed, courts routinely find this type of information discoverable and admissible at trial. *See, e.g.*, *Aspen v. King World Prods. Corp.*, No. 00 C 6868, 2001 WL 1403001, at *3 (N.D. Ill. Nov. 9, 2001) (Magistrate Judge Schenkier) ("[T]here can be no doubt that net worth is discoverable .... as it regards ... plaintiff's punitive damages claim."); *In re Aqua Dots Prod. Liab. Litig.*, 270 F.R.D. 322, 324 (N.D. Ill. 2010), *aff'd,* 654 F.3d 748 (7th Cir. 2011) ("Since evidence of a defendant's wealth may be admissible at trial, as it relates to punitive damages, courts have allowed the discovery of financial information on those grounds."); *Platcher v. Health Professionals, Ltd.*, No. 04-1442, 2007 WL 2772855, at *2 (C.D. Ill. Sept. 18, 2007) ("A defendant's financial condition is relevant to the pursuit of punitive damages.").

Moreover, even the wrongful conviction case that Defendants cited in their Rule 37.2 correspondence required Defendants to provide evidence of their financial net worth and did not let them avoid it all together as Defendants seek to do here. *See Armondo Serrano v. Reynoaldo Guevara, et al.*, No. 17-cv-02869 (Dkt. 296) ("Some financial information is relevant in that it allows plaintiff to strategically craft his demand in light of the requirement that jurors use sound reason to determine an amount that would punish a defendant and serve as a warning to others."). Defendants have not cited any authority for their basis that they can avoid such discovery completely. Please let me know if Defendants are willing to provide the punitive damages discovery Plaintiff requested in Interrogator No. 7 and Requests for Production Nos. 32 & 33.

Defendants stand on their objections and answers to this interrogatory and production requests as previously stated. As previously discussed, Defendants have not raised an inability to pay defense. Moreover, the information requested by Plaintiff regarding Defendants' financial status is overly broad and disproportionate in light of Judge Shah's opinion in *Serrano,* which only required Defendants to produce a simple declaration of net worth. Plaintiff has also previously agreed to defer this discovery and/or advise whether they agree to revise the interrogatories and production requests to comport with *Serrano*. Defendants assume based upon this correspondence, that Plaintiff has decided not to agree to revise these interrogatories/requests.

[Quoted text hidden]



Heather Lewis Donnell <heather@loevy.com>

## Jakes v. City of Chicago - Rule 37.2 correspondence

**Heather Lewis Donnell** <heather@loevy.com>   Mon, Dec 7, 2020 at 9:48 PM
To: "Brittany D. Johnson" <bjohnson@rfclaw.com>
Cc: Alison Leff <alison@loevy.com>, Russell Ainsworth <russell@loevy.com>, Lauren Lebata <lauren@loevy.com>, Andrew Grill <agrill@rfclaw.com>, "Patrick R. Moran" <pmoran@rfclaw.com>, "Jeffrey N. Given" <JGiven@jsotoslaw.com>, gyamin <gyamin@jsotoslaw.com>, "Joseph M. Polick" <JPolick@jsotoslaw.com>, "Eileen E. Rosen" <ERosen@rfclaw.com>

Brittany

Thank you for your responses. I have depositions tomorrow but I expect that they will be completed by 4pm. Would you be available to speak at that time? Otherwise, we are available Wednesday morning. We would also like to address any outstanding issues with Defendants' responses to Plaintiff's requests including the responses to our requests for production served last week.

Just let us know if you prefer tomorrow at 4pm or Wednesday morning.

Sincerely,

Heather
[Quoted text hidden]
--
[Quoted text hidden]

**LOEVY & LOEVY**
A CIVIL RIGHTS LAW FIRM

**Heather Lewis Donnell <heather@loevy.com>**

## Jakes v. City of Chicago - Rule 37.2 correspondence

**Brittany D. Johnson** <bjohnson@rfclaw.com>  Tue, Dec 8, 2020 at 10:29 AM
To: Heather Lewis Donnell <heather@loevy.com>
Cc: Alison Leff <alison@loevy.com>, Russell Ainsworth <russell@loevy.com>, Lauren Lebata <lauren@loevy.com>, Andrew Grill <agrill@rfclaw.com>, "Patrick R. Moran" <pmoran@rfclaw.com>, "Jeffrey N. Given" <JGiven@jsotoslaw.com>, gyamin <gyamin@jsotoslaw.com>, "Joseph M. Polick" <JPolick@jsotoslaw.com>, "Eileen E. Rosen" <ERosen@rfclaw.com>

Sounds good – how does Wednesday morning at 11 a.m. sound?

[Quoted text hidden]



**Heather Lewis Donnell <heather@loevy.com>**

## Jakes v. City of Chicago - Rule 37.2 correspondence

**Heather Lewis Donnell** <heather@loevy.com>  Tue, Dec 8, 2020 at 10:37 AM
To: "Brittany D. Johnson" <bjohnson@rfclaw.com>
Cc: Alison Leff <alison@loevy.com>, Russell Ainsworth <russell@loevy.com>, Lauren Lebata <lauren@loevy.com>, Andrew Grill <agrill@rfclaw.com>, "Patrick R. Moran" <pmoran@rfclaw.com>, "Jeffrey N. Given" <jgiven@jsotoslaw.com>, gyamin <gyamin@jsotoslaw.com>, "Joseph M. Polick" <JPolick@jsotoslaw.com>, "Eileen E. Rosen" <ERosen@rfclaw.com>

Brittany

Thanks. Yes, we can speak tomorrow at 11am.

I will circulate a call in number later today.

[Quoted text hidden]

**4 attachments**


image005.jpg
4K


image003.png
1K


image006.png
4K


image007.jpg
4K