IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANTHONY JAKES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KENNETH BOUDREAU *et al.*,<br><br>　　　　　Defendants. | Case No. 19-cv-02204<br><br>Hon. Manish S. Shah<br><br>Hon. Sheila M. Finnegan |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS
BOUDREAU, CEASAR, PACK, DELACY, BURKE, AND BONKE**

Plaintiff Anthony Jakes, by his undersigned attorneys, propounds the following Interrogatories, pursuant to Federal Rule of Civil Procedure 33 and applicable local rules, upon Defendants Boudreau, Caesar, Pack, Delacy, Burke, and Bonke, to be answered under oath and in writing within thirty days after service hereof.

**DEFINITIONS AND INSTRUCTIONS**

1. "Plaintiff" refers to plaintiff Anthony Jakes, as well as his counsel and any of his representatives, agents, or other Persons acting on his behalf.

2. "Defendant," "You," and "Your" refers to any party upon whom these requests is served, as well as his or its counsel and any consultants, experts, investigators, representatives, agents, or other Persons acting on his or its behalf.

3. "Defendant Officers" refers to Kenneth Boudreau, Michael Kill, Louis Caesar, Thomas Pack, Michael Delacy, Ken Burke, and Fred Bonke, as well as their counsel and any consultants, experts, investigators, representatives, agents, or other Persons acting on their behalf.

EXHIBIT 7

4. "Garcia homicide investigation" refers to any action taken by Defendant, the Defendant Officers, or other Investigators to determine the cause of death of Rafael Garcia, the circumstances surrounding his death, and the person or people responsible for his death. This term is not limited solely to the actions leading to the prosecution of Arnold Day and Anthony Jakes, but includes actions taken with regard to other possible suspects.

5. "Investigator" means any person who participated in the Garcia homicide investigation, including the Defendant Officers, Michael Kill, and any other law enforcement officers, co-workers, colleagues, assistants, agents, or advisors who were involved in any way with the Garcia homicide investigation.

6. "Relate," "relating to," or "regarding" means directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

7. "Person" refers to any individual, corporation, partnership, organization, or other legal entity.

8. "Document" refers to documents and information, including electronically-stored information ("ESI"), subject to production under Rule 34.

9. "Communication" means the exchange of information between two or more Persons, whether orally, in writing, or by any other means.

10. "Complaint" refers to any complaint or criticism, including but not limited to written complaints, grievances, disciplinary records, personnel records, legal proceedings, or other Documents relating in any manner to the Defendant Officers' job performance or the job performance of any of their counsel, consultants, employees, representatives, agents, contractors,

experts, investigators, or other Persons acting on their behalf, regardless of the disposition of any resulting inquiry or investigation.

11. "And" and "or" shall be construed to give the words their broadest possible meaning.

12. In construing a request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neuter pronoun shall not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense where the clear meaning is not destroyed by the change.

13. If you withhold a document on the basis of attorney-client privilege, attorney work product privilege, or any other privilege or immunity, state the reason you withheld the document and produce a privilege log that identifies: the nature of the privilege asserted; the document's custodian, author, date, subject matter, and present location; all recipients of the document; and all attachments transmitted with the document.

14. If a document that is responsive to a request has been destroyed, identify the document, its last known location and custodian, and the reason it was destroyed or circumstances of its destruction.

15. Documents that are stored electronically shall be produced in their native format if production in the native format would provide information not contained on the face of the document if produced in another format.

16. Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of the Document.

17. If there are no Documents or information in your possession, custody, or control responsive to a particular request, you shall expressly state as much in your written response to

the relevant request.

18. If any Documents or information responsive to Plaintiff's discovery requests are known by you to exist but are not in your possession, custody, or control, please identify those Documents or that information and the Person who has possession, custody, or control thereof.

19. Unless otherwise stated, the relevant time period for these discovery requests is the period beginning ten years before the date of Rafael Garcia's murder continuing through the conclusion of this litigation.

## INTERROGATORIES

1. Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Mandatory Initial Discovery Responses. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

2. Under oath, please identify all Complaints that have ever been made against you relating to your role as a law enforcement official (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, COPA, IPRA, OPS, OPR, intra- or inter-departmental, and citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, use of unduly suggestive visual or voice identification procedures, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including whether you provided any statements relating to the Complaint and whether

you were disciplined in connection with the Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

3. Under oath, please identify every Communication that You or anyone acting on your behalf have had about the Garcia Murder Investigation or any of the allegations, events, or circumstances described in Plaintiff's Complaint with any Person, including but not limited to any of the other Defendant Officers, any other employee or agent of the City of Chicago, any other prosecutor or law enforcement authority, or any witness to the events described in Plaintiff's Complaint. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

4. Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

5. Do you contend that Plaintiff Anthony Jakes committed the Garcia Murder? If so, please provide the complete factual basis for your contention.

6. For any affirmative defenses that you have asserted or will assert in this matter, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

7. For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

8. Did You or any Person act inconsistently with any of the policies, customs, or practices (formal or informal, written or unwritten) of the City of Chicago or the Chicago Police

5

Department, as you understand them, at any point during the Garcia Murder Investigation, as described in Plaintiff's Complaint? This includes during any interactions with
other Defendant Officers, or other officers, or during any interactions with Plaintiff or any witnesses. If your answer is anything other than an unqualified "no," please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated and by whom; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

9. Please state with specificity each activity, action, or investigative task that you participated in during the Garcia Murder Investigation. For each activity, action, or task, please describe the Person, if any, who assigned you each activity, action, or task and the Person to whom you reported for each activity, action, or task. Please note that the scope of this Interrogatory includes both the initial investigation of the Garcia Murder Investigation — including but not limited to the investigation at the scene, interviews with and statements of witnesses or suspects, any purported identifications of Plaintiff in photographs or live lineups, the interrogation of Plaintiff, and the arrest and charging of Plaintiff—and any subsequent investigation that took place following the interrogation and charging of Plaintiff, including any acts leading up to and during his criminal trial and appeal, and any steps undertaken at any time after his conviction was overturned, up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in the Garcia Murder Investigation is described in the Documents that you reference.

10. Did you participate in any interview, interrogation, or questioning of Plaintiff or were you aware that any such interview, interrogation, or questioning took place? If your answer to this question is anything other than an unqualified "no," please describe your participation in or awareness of any interview, interrogation, or questioning of Plaintiff, including all actions that you took, the circumstances of that interview, interrogation, or questioning, and all other Persons who participated in that interview, interrogation, or questioning.

11. Please state whether you had any conversation(s) with any of the following individuals: Enrique Lujan, Gus Robinson, Marco Garcia, Arnold Day, Mattie Gibson, Martin Reeves, Gurgid Singh, Denise Harris, Annetee Harris, Ronnie Sloan, Andre Green, Tyrone Pitts, Michael Sampson, Cleotha Chairse, and/or Victor Clemons. If so, please describe with particularity the location of the conversations, who else was present, and what was said by whom.

12. To your knowledge, did any Person (including you) use any act of violence, threat of violence, any other threat of any kind, or any promise of leniency at any time during any interview or interrogation relating to Garcia Murder Investigation? If the answer to this question is anything other than an unqualified "no," please describe the act of violence, threat of violence, other threat, or promise of leniency, including whom the violence, threat of violence, other threat, or promise of leniency was acted upon and the Persons involved in that act of violence, threat of violence, other threat, or promise of leniency, and all circumstances of that act of violence, threat of violence, other threat, or promise of leniency.

6

13. To your knowledge, did any Person in the Garcia Murder Investigation (including you) conduct or participate in any formal or informal witness interviews or have any Communications with witnesses that were not memorialized in a police report? If the answer to this question is anything other than an unqualified "no," please list the dates and locations of all such interviews or Communications, the names of each person involved in each interview or Communication, and the content of any such interview or Communication.

14. Did you maintain any personal notes, personal emails, or personal files relating to the Garcia Murder Investigation or any suspects or witnesses in the investigation? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal notes and personal files relating to the Garcia Murder Investigation is contained in the Documents that you reference.

15. Is it your position that at any point there was probable cause to support Plaintiff's arrest, charging, indictment, or prosecution for the Garcia Murder? If so, please provide the complete factual basis upon which probable cause existed at the time of Plaintiff's (a) arrest, (b) charging, (c) criminal trial, and (d) any other period of time. If it is your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer.

16. Did you withhold from Plaintiff any *Brady* Evidence of which you were aware prior to his conviction being overturned on April 30, 2018 If your answer to this question is anything other than an unqualified "no," please state when you became aware of such *Brady* Evidence and describe each such piece of *Brady* Evidence, providing sufficient detail so that additional discovery requests can be served.

17. Please identify each Chicago Police Department file that has ever existed relating to the Garcia Murder Investigation or RD No. P 454 289 and for each such file identify by Bates Number or otherwise describe (a) every Document that was associated with the file as of the date of Plaintiff's arrest; (b) every Document that was associated with the file as of the date of Plaintiff's criminal trial; (c) every Document that was associated with the file as of the date that his conviction was overturned on April 30, 2018; (d) every Document that is associated with the file as of today's date; (e) every Document that was associated with the file at any time in the past but which is no longer in the file; (f) every Document that was provided to state prosecutors before Plaintiff's criminal conviction; and (g) every Document that was provided to Plaintiff or his attorneys before Plaintiff's criminal conviction.

18. For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

Dated: October 14, 2019　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　ANTHONY JAKES

　　　　　　　　　　　　　　　　　　　　By: *s/ Russell Ainsworth*
　　　　　　　　　　　　　　　　　　　　One of His Attorneys

　　　　　　　　　　　　　　　　　　　　Arthur Loevy
　　　　　　　　　　　　　　　　　　　　Jon Loevy
　　　　　　　　　　　　　　　　　　　　Russell Ainsworth
　　　　　　　　　　　　　　　　　　　　Heather Lewis Donnell
　　　　　　　　　　　　　　　　　　　　Alison R. Leff
　　　　　　　　　　　　　　　　　　　　LOEVY & LOEVY
　　　　　　　　　　　　　　　　　　　　311 N. Aberdeen St., 3rd Fl.
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60607
　　　　　　　　　　　　　　　　　　　　(312) 243-5900 (phone)
　　　　　　　　　　　　　　　　　　　　alison@loevy.com

## **CERTIFICATE OF SERVICE**

　　　I hereby certify that on October 14, 2019, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

　　　　　　　　　　　　　　　　　　　　*s/ Russell Ainsworth*