## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ANTHONY JAKES,

          Plaintiff,

      v.

KENNETH BOUDREAU, ESTATE OF
MICHAEL KILL, LOUIS CAESAR,
THOMAS PACK, MICHAEL DELACY,
KEN BURKE, FRED BONKE, CITY OF
CHICAGO, and UNKNOWN EMPLOYEES
OF THE CITY OF CHICAGO,

          Defendants.

Case No.19 CV 2204

## DEFENDANT KENNETH BOUDREAU'S ANSWERS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, KENNETH BOUDREAU, through his undersigned attorneys and for his

Answers to Plaintiff's First Set of Interrogatories, states as follows:

1.      Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Mandatory Initial Discovery Responses. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

EXHIBIT 8

**ANSWER:** Defendant objects to this interrogatory on the grounds that the phrases "knowledge of the fact," "any claims or defenses to this action," "any categories of facts known by each such person," "competent to testify at trial" is vague and ambiguous. Defendant further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, because it is not reasonably limited in scope or time frame and because the time frame contemplated by this Interrogatory is from 1991 continuing until the conclusion of this litigation and the claims alleged in Plaintiff's complaint go far beyond the Garcia homicide investigation. Defendant further objects to the extent this interrogatory requires disclosure of personal identifying information of third parties without a protective order. Finally, Defendant objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct. Subject to and without waiving these objections, Defendant recalls no other "Persons" with the "knowledge" requested by this interrogatory beyond those referenced in Defendants' Initial MIDP disclosures. Investigation continues.

2. Under oath, please identify all Complaints that have ever been made against you relating to your role as a law enforcement official (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, COPA, IPRA, OPS, OPR, intra- or inter-departmental, and citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, use of unduly suggestive visual or voice identification procedures, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including whether you provided any statements relating to the Complaint and whether you were disciplined in connection with the Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, disproportional to the needs of this case and not calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that the terms "complaint," "dishonest behavior," "dishonest behavior during interrogations or interviews," "witness manipulation," "improper behavior," "improperly suggestive, coercive or torturous," "malicious prosecution," "administrative complaints" and "Investigators" are vague and ambiguous. Defendant further objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct. Subject to and without waiving these objections, Defendant cannot at this time recall any specific complaints made against him responsive to this interrogatory other than those already known to Plaintiff's counsel by virtue of counsel's law firm's representation of other individuals wherein Boudreau was sued as a named Defendant, and further refers Plaintiff to any materials produced in the City of Chicago's Responses to Plaintiff's Requests for Production seeking production of material addressed in this interrogatory.

     3.     Under oath, please identify every Communication that You or anyone acting on your behalf have had about the Garcia Murder Investigation or any of the allegations, events, or circumstances described in Plaintiff's Complaint with any Person, including but not limited to any of the other Defendant Officers, any other employee or agent of the City of Chicago, any other prosecutor or law enforcement authority, or any witness to the events described in Plaintiff's Complaint. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case and not reasonably calculated to

lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that it is better-suited for a deposition. Defendant further objects to the extent the interrogatory seeks information protected by the attorney-client and/or work product privileges. Defendant further objects to this interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct. Subject to and without waiving these objections, Defendant states that due to the passage of time, he does not recall each and every communication he had relating to his involvement in the Garcia homicide investigation and therefore cannot recall the specific details requested in this interrogatory. Defendant refers Plaintiff to the reports, transcripts and documents produced by the parties in conjunction with the Defendants' Initial MIDP disclosures and any subsequent document production by any party to this litigation regarding Boudreau's involvement in the Garcia homicide investigation.

4.       Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER:**       Defendant objects to this interrogatory on the grounds that the phrases "any party or witnesses with knowledge relating to any of the claims or defenses of this action" and "responsive conviction" are vague and ambiguous.   Defendant further objects to this interrogatory on the grounds that the information requested is equally available to Plaintiffs. Subject to and without waiving these objections, if and when a witness's criminal history is determined, such information will be tendered to Plaintiff. See documents produced in

connection with this litigation including those already produced by the Parties in their initial

MIDP disclosures.  Investigation continues.

5.      Do you contend that Plaintiff Anthony Jakes committed the Garcia Murder? If so, please provide the complete factual basis for your contention.

**ANSWER:**  Defendant objects to this interrogatory on the grounds that it is premature.

Subject to and without waiving this objection, Defendant was not present when Mr. Garcia was

murdered, and thus does not have personal knowledge regarding the identity of the person(s)

who committed the murder.  However, evidence that Anthony Jakes murdered and/or took part in

some manner in the murder includes, but is not limited to, Jakes' confession, statements given to

police and prosecutors, third-party statements, police reports, witness testimony, and documents

produced in this case.  Investigation continues.

6.      For any affirmative defenses that you have asserted or will assert in this matter, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense.  Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests.  For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

**ANSWER:**  Defendant objects to this interrogatory on the grounds that it is premature.

Defendant further objects to this interrogatory to the extent it seeks information protected by the

attorney-client and/or work-product privileges. Subject to and without waiving these objections,

Defendant acted appropriately, reasonably, non-maliciously and with probable cause at all times

relevant to the events at issue in this case and under all circumstances is entitled to qualified

immunity and certain immunities under the Tort Immunity Act as permitted under Illinois law.

The general factual bases for these defenses are contained in the documents produced by the

Parties in this case with regard to his involvement in the investigation and will undoubtedly be the main subject matter of his deposition, if taken. Investigation continues.

7.      For punitive damages purposes, please estimate your net financial worth.  Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities.  Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

**ANSWER:**   Defendant objects to this interrogatory on the grounds that it is premature. Subject to and without waiving this objection, Defendant has not yet determined whether he will seek to introduce evidence of his financial condition in defense of the claim for punitive damages.  If it is determined that such evidence will be presented, Defendant will supplement his response to this interrogatory.

8.      Did You or any Person act inconsistently with any of the policies, customs, or practices (formal or informal, written or unwritten) of the City of Chicago of the Chicago Police Department, as you understand them, at any point during the Garcia Murder Investigation, as described in Plaintiff's Complaint?  This includes during any interactions with other Defendant Officers, or other officers, or during any interactions with Plaintiff or any witnesses.  If your answer is anything other than an unqualified "no," please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated and by whom; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**ANSWER:**   Defendant objects to this interrogatory on the grounds the phrases "policies, customs, and practices," "entire encounter or interaction with" and "Garcia Murder Investigation" are vague and ambiguous.  Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Defendant is not aware of any violation of any City of Chicago policy, custom, or practice during the Garcia homicide investigation or with respect to Anthony Jakes.

9. Please state with specificity each activity, action, or investigative task that you participated in during the Garcia Murder Investigation. For each activity, action, or task, please describe the Person, if any, who assigned you each activity, action, or task and the Person to whom you reported for each activity, action, or task. Please note that the scope of this Interrogatory includes both the initial investigation of the Garcia Murder Investigation — including but not limited to the investigation at the scene, interviews with and statements of witnesses or suspects, any purported identifications of Plaintiff in photographs or live lineups, the interrogation of Plaintiff, and the arrest and charging of Plaintiff—and any subsequent investigation that took place following the interrogation and charging of Plaintiff, including any acts leading up to and during his criminal trial and appeal, and any steps undertaken at any time after his conviction was overturned, up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in the Garcia Murder Investigation is described in the Documents that you reference.

**ANSWER:** Defendant objects to this interrogatory on the grounds that the phrase "each activity and investigative task that You participated in" is vague and ambiguous. Defendant further objects that this interrogatory is overly broad, unduly burdensome, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that it is better-suited to a deposition. Finally, Defendant objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct. Subject to and without waiving these objections, a summary of activities and investigative tasks Defendant participated in are reflected in the police reports already in Plaintiff's possession or that are being, or will be, produced in this case. Investigation continues.

10. Did you participate in any interview, interrogation, or questioning of Plaintiff or were you aware that any such interview, interrogation, or questioning took place? If your answer to this question is anything other than an unqualified "no," please describe your participation in or awareness of any interview, interrogation, or questioning of Plaintiff, including all actions that you took, the circumstances of that interview, interrogation, or questioning, and all other Persons who participated in that interview, interrogation, or questioning.

**ANSWER:**     Defendant objects to this interrogatory on the grounds that it is vague and ambiguous ("interview," "interrogation" or "questioning," "actions" "participation"), overly broad, unduly burdensome and to the extent it is better-suited for a deposition. Defendant also objects to the extent this interrogatory seeks information protected by the attorney-client and/or work-product privileges. Subject to and without waiving these objections, Defendant was present and participated in the questioning of plaintiff as demonstrated by the police reports and documents produced by the Parties in their initial MIDP disclosures relating to the CPD investigation of the Garcia homicide and any individual testimony, if applicable. Investigation continues.

11.    Please state whether you had any conversation(s) with any of the following individuals: Enrique Lujan, Gus Robinson, Marco Garcia, Arnold Day, Mattie Gibson, Martin Reeves, Gurgid Singh, Denise Harris, Annetee Harris, Ronnie Sloan, Andre Green, Tyrone Pitts, Michael Sampson, Cleotha Chairse, and/or Victor Clemons. If so, please describe with particularity the location of the conversations, who else was present, and what was said by whom.

**ANSWER:**     Defendant objects to this interrogatory on the grounds that it is vague and ambiguous ("interview," "interrogation" or "questioning," "actions" "participation"), overly broad, unduly burdensome and to the extent it is better-suited for a deposition. Defendant also objects to the extent this interrogatory seeks information protected by the attorney-client and/or work-product privileges. Subject to and without waiving these objections, see documents produced by the Parties in their initial MIDP disclosures relating to the CPD investigation of the Garcia homicide and any individual testimony, if applicable.  Investigation continues.

12.    To your knowledge, did any Person (including you) use any act of violence, threat of violence, any other threat of any kind, or any promise of leniency at any time during any interview or interrogation relating to Garcia Murder Investigation? If the answer to this question is anything other than an unqualified "no," please describe the act of violence, threat of violence, other threat, or promise of leniency, including whom the violence, threat of violence, other threat, or promise of leniency was acted upon and the Persons involved in that act of violence,

threat of violence, other threat, or promise of leniency, and all circumstances of that act of violence, threat of violence, other threat, or promise of leniency.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that the phrases "act of violence," "threat of violence," "threat of any kind," "promise of leniency," "any Person," "interview," "interrogation" are vague and ambiguous. Subject to and without waiving these objections, Defendant did not use any "act or threat of violence" or any improper "promise of leniency" as he understands these terms, relating to the Garcia homicide investigation and he is not presently aware of and does not recall personally observing or having knowledge that any other Defendant Officer used any such "act or threat of violence" or any improper "promise of leniency" during the Garcia homicide investigation.

13. To your knowledge, did any Person in the Garcia Murder Investigation (including you) conduct or participate in any formal or informal witness interviews or have any Communications with witnesses that were not memorialized in a police report? If the answer to this question is anything other than an unqualified "no," please list the dates and locations of all such interviews or Communications, the names of each person involved in each interview or Communication, and the content of any such interview or Communication.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that the phrases "witnesses," "interviews," "communications," "any Person in the Garcia Murder Investigation" are vague and ambiguous. Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and is better-suited for a deposition. Subject to and without waiving these objections, Defendant cannot presently recall any other "interview" or "communication" with any "witnesses" relating to his involvement in the Garcia homicide investigation beyond that referenced in the produced police reports, documents and testimony, nor is he aware of any "interview" or "communication" with any "witnesses" relating to any other Defendant Officer's involvement, if any, in the Garcia homicide investigation beyond that

referenced in the police reports, documents and testimony, if any, produced. Investigation continues.

14.     Did you maintain any personal notes, personal emails, or personal files relating to the Garcia Murder Investigation or any suspects or witnesses in the investigation? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal notes and personal files relating to the Garcia Murder Investigation is contained in the Documents that you reference.

**<u>ANSWER</u>**:     Defendant objects to this Interrogatory on the grounds that the phrases personal notes," "personal emails," or "personal files", "suspects or witnesses in the investigation" are vague and ambiguous.  Defendant further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, and to the extent it seeks information protected by the attorney-client and/or work-product privileges. Subject to and without waiving said objections, Defendant has no documents responsive to this request.

15.     Is it your position that at any point there was probable cause to support Plaintiff's arrest, charging, indictment, or prosecution for the Garcia Murder? If so, please provide the complete factual basis upon which probable cause existed at the time of Plaintiff's (a) arrest, (b) charging, (c) criminal trial, and (d) any other period of time. If it is your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer.

**<u>ANSWER</u>**:     Defendant objects to this interrogatory on the grounds that it is premature. Subject to and without waiving this objection, Defendant was not present when Mr. Garcia was murdered, and thus does not have personal knowledge regarding the identity of the person(s) who committed the murder.  However, evidence of probable cause that Anthony Jakes murdered and/or took part in some manner in the murder includes, but is not limited to, Jakes' confession, statements given to police and prosecutors, third-party statements, police reports, witness testimony, and documents produced in this case.  Investigation continues.

16.     Did you withhold from Plaintiff any *Brady* Evidence of which you were aware prior to his conviction being overturned on April 30, 2018[?] If your answer to this question is anything other than an unqualified "no," please state when you became aware of such *Brady* Evidence and describe each such piece of *Brady* Evidence, providing sufficient detail so that additional discovery requests can be served.

**ANSWER:**     Defendant objects to this interrogatory on the grounds that the phrase "*Brady* Evidence" is vague and ambiguous.  Defendant further objects to this interrogatory to the extent it imposes an obligation to know the detail sufficient for Plaintiff to serve supplemental discovery requests and to the extent it misstates Defendant's burden under the law. Subject to and without waiving these objections, Defendant did not knowingly withhold any "*Brady* Evidence" as he understands the term, nor is he aware of any such evidence having been withheld from Plaintiff.

17.     Please identify each Chicago Police Department file that has ever existed relating to the Garcia Murder Investigation or RD No. P 454 289 and for each such file identify by Bates Number or otherwise describe (a) every Document that was associated with the file as of the date of Plaintiff's arrest; (b) every Document that was associated with the file as of the date of Plaintiff's criminal trial; (c) every Document that was associated with the file as of the date that his conviction was overturned on April 30, 2018; (d) every Document that is associated with the file as of today's date; (e) every Document that was associated with the file at any time in the past but which is no longer in the file; (f) every Document that was provided to state prosecutors before Plaintiff's criminal conviction; and (g) every Document that was provided to Plaintiff or his attorneys before Plaintiff's criminal conviction.

**ANSWER:**     Defendant objects to this interrogatory on the grounds that phrases "file" and "associated" are vague and ambiguous. Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of this case and to the extent that it requests Defendant answer matters outside of his own personal knowledge and goes far beyond the CPD Garcia homicide investigation. Subject to and without waiving these objections, Defendant recalls no "files" or "documents" he created and/or of which he is aware other than those documents previously produced in the Defendants' MIDP disclosures relating to the CPD investigation of the Garcia homicide, if any, and further refers Plaintiff to the

materials produced in response to Plaintiff's requests for production seeking materials addressed in this Interrogatory. Investigation continues.

18. For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that the phrases "discarded" and "all persons involved" are vague and ambiguous. Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and disproportionate to the needs of this case, because it calls for this Defendant to account for the disposition of documents not in his possession over a 30-year period. Subject to and without waiving these objections, Defendant is not personally aware of any document responsive to this interrogatory that has been lost, discarded or destroyed.

Respectfully Submitted,

KENNETH BOUDREAU

*/s/ Brittany D. Johnson*
One of his Attorneys

Eileen E. Rosen
Patrick R. Moran
Andrew J. Grill
Brittany D. Johnson
ROCK FUSCO & CONNELLY, LLC
321 N. Clark Street, Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com
pmoran@rfclaw.com
agrill@rfclaw.com
bjohnson@rfclaw.com

## VERIFICATION

I, KEN BOUDREAU, under the penalties of perjury, depose and say that I have read the foregoing Answers to Plaintiff First Set of Interrogatories, and that they are true and accurate to the best of my knowledge.

Ken Boudreau

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ANTHONY JAKES,

          Plaintiff,

      v.

KENNETH BOUDREAU, ESTATE OF
MICHAEL KILL, LOUIS CAESAR,
THOMAS PACK, MICHAEL DELACY,
KEN BURKE, FRED BONKE, CITY OF
CHICAGO, and UNKNOWN EMPLOYEES
OF THE CITY OF CHICAGO,

          Defendants.

Case No.19 CV 2204

## DEFENDANT FRED BONKE'S ANSWERS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, former Chicago Police Officer FRED BONKE, through his undersigned attorneys and for his Answers to Plaintiff's First Set of Interrogatories, states as follows:

1.    Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Mandatory Initial Discovery Responses. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

**ANSWER:** Defendant objects to this interrogatory on the grounds that the phrases "knowledge of the fact," "any claims or defenses to this action," "any categories of facts known by each such person," "competent to testify at trial" is vague and ambiguous. Defendant further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, because it is not reasonably limited in scope or time frame and because the time frame contemplated by this Interrogatory is from 1991 continuing until the conclusion of this litigation and the claims alleged in Plaintiff's complaint go far beyond the Garcia homicide investigation. Defendant further objects to the extent this interrogatory requires disclosure of personal identifying information of third parties without a protective order. Finally, Defendant objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct. Subject to and without waiving these objections, Defendant recalls no other "Persons" with the "knowledge" requested by this interrogatory beyond those referenced in Defendants' Initial MIDP disclosures. Investigation continues.

2. Under oath, please identify all Complaints that have ever been made against you relating to your role as a law enforcement official (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, COPA, IPRA, OPS, OPR, intra- or inter-departmental, and citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, use of unduly suggestive visual or voice identification procedures, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including whether you provided any statements relating to the Complaint and whether you were disciplined in connection with the Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, disproportional to the needs of this case and not calculated to lead to the discovery of admissible evidence.  Defendant further objects to this interrogatory on the grounds that the terms "complaint," "dishonest behavior," "dishonest behavior during interrogations or interviews," "witness manipulation," "improper behavior," "improperly suggestive, coercive or torturous," "malicious prosecution," "administrative complaints" and "Investigators" are vague and ambiguous.   Defendant further objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct. Subject to and without waiving these objections, Defendant cannot at this time recall any specific complaints made against him responsive to this interrogatory but refers Plaintiff to any materials produced in the City of Chicago's Responses to Plaintiff's Requests for Production seeking production of material addressed in this interrogatory. Answering further, Defendant Bonke is also a named Defendant in the pending lawsuits filed by Lashawn Ezell, Charles Johnson, Troshawn McCoy, and Larod Styles, otherwise known as "Marquette Park 4," filed in the Northern District of Illinois under case numbers 18 CV 1049, 18 CV 1068, 18 C 1062, and 18 CV 1053 and a named Defendant in the matter of *Marcus Wiggins v. Burge, et al*, filed in the Northern District of Illinois under case number 93 CV 199, which was ultimately dismissed pursuant to a settlement agreement in 1996. Investigation continues.

3.     Under oath, please identify every Communication that You or anyone acting on your behalf have had about the Garcia Murder Investigation or any of the allegations, events, or circumstances described in Plaintiff's Complaint with any Person, including but not limited to any of the other Defendant Officers, any other employee or agent of the City of Chicago, any other prosecutor or law enforcement authority, or any witness to the events described in Plaintiff's Complaint. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was

memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this interrogatory on the grounds that it is better-suited for a deposition.  Defendant further objects to the extent the interrogatory seeks information protected by the attorney-client and/or work product privileges. Defendant further objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct. Subject to and without waiving these objections, Defendant states that due to the passage of time, he does not recall each and every communication he had relating to his involvement in the Garcia homicide investigation and therefore cannot recall the specific details requested in this interrogatory. See the reports, transcripts and documents produced by the parties in conjunction with the Defendants' Initial MIDP disclosures and any subsequent document production by any party to this litigation regarding Burke's involvement, if any, in the Garcia homicide investigation.

4.    Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that the phrases "any party or witnesses with knowledge relating to any of the claims or defenses of this action" and "responsive conviction" are vague and ambiguous.   Defendant further objects to this

interrogatory on the grounds that the information requested is equally available to Plaintiffs. Subject to and without waiving these objections, if and when a witness's criminal history is determined, such information will be tendered to Plaintiff. See documents produced in connection with this litigation including those already produced by the Parties in their initial MIDP disclosures. Investigation continues.

5.      Do you contend that Plaintiff Anthony Jakes committed the Garcia Murder? If so, please provide the complete factual basis for your contention.

**ANSWER:**   Defendant objects to this interrogatory on the grounds that it is premature. Subject to and without waiving this objection, Defendant was not present when Mr. Garcia was murdered, and thus does not have personal knowledge regarding the identity of the person(s) who committed the murdered.  However, evidence that Anthony Jakes murdered and/or took part in some manner in the murder includes, but is not limited to, Jakes' confession, statements given to police and prosecutors, third-party statements, police reports, witness testimony, and documents produced in this case.  Investigation continues.

6.      For any affirmative defenses that you have asserted or will assert in this matter, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense.  Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests.  For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it is premature. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client and/or work-product privileges. Subject to and without waiving these objections, Defendant acted appropriately, reasonably, non-maliciously and with probable cause at all times

relevant to the events at issue in this case and under all circumstances is entitled to qualified immunity and certain immunities under the Tort Immunity Act as permitted under Illinois law. The general factual bases for these defenses are contained in the documents produced by the Parties in this case with regard to his involvement in the investigation and will undoubtedly be the main subject matter of his deposition, if taken. Investigation continues.

7. For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it is premature. Subject to and without waiving this objection, Defendant has not yet determined whether he will seek to introduce evidence of his financial condition in defense of the claim for punitive damages. If it is determined that such evidence will be presented, Defendant will supplement his response to this interrogatory.

8. Did You or any Person act inconsistently with any of the policies, customs, or practices (formal or informal, written or unwritten) of the City of Chicago of the Chicago Police Department, as you understand them, at any point during the Garcia Murder Investigation, as described in Plaintiff's Complaint? This includes during any interactions with other Defendant Officers, or other officers, or during any interactions with Plaintiff or any witnesses. If your answer is anything other than an unqualified "no," please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated and by whom; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**ANSWER:** Defendant objects to this interrogatory on the grounds the phrases "policies, customs, and practices," "entire encounter or interaction with" and "Garcia Murder Investigation" are vague and ambiguous. Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

waiving these objections, Defendant is not aware of any violation of any City of Chicago policy, custom, or practice during the Garcia homicide investigation or with respect to Anthony Jakes.

9.      Please state with specificity each activity, action, or investigative task that you participated in during the Garcia Murder Investigation. For each activity, action, or task, please describe the Person, if any, who assigned you each activity, action, or task and the Person to whom you reported for each activity, action, or task. Please note that the scope of this Interrogatory includes both the initial investigation of the Garcia Murder Investigation — including but not limited to the investigation at the scene, interviews with and statements of witnesses or suspects, any purported identifications of Plaintiff in photographs or live lineups, the interrogation of Plaintiff, and the arrest and charging of Plaintiff—and any subsequent investigation that took place following the interrogation and charging of Plaintiff, including any acts leading up to and during his criminal trial and appeal, and any steps undertaken at any time after his conviction was overturned, up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in the Garcia Murder Investigation is described in the Documents that you reference.

**ANSWER:**      Defendant objects to this interrogatory on the grounds that the phrase "each activity and investigative task that You participated in" is vague and ambiguous.  Defendant further objects that this interrogatory is overly broad, unduly burdensome, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that it is better-suited to a deposition. Finally, Defendant objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct. Subject to and without waiving these objections, a summary of activities and investigative tasks Defendant participated in, if any, are reflected in the police reports already in Plaintiff's possession or that are being, or will be, produced in this case.  Investigation continues.

10.      Did you participate in any interview, interrogation, or questioning of Plaintiff or were you aware that any such interview, interrogation, or questioning took place? If your answer to this question is anything other than an unqualified "no," please describe your participation in or awareness of any interview, interrogation, or questioning of Plaintiff, including all actions that

you took, the circumstances of that interview, interrogation, or questioning, and all other Persons who participated in that interview, interrogation, or questioning.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it is vague and ambiguous ("interview," "interrogation" or "questioning," "actions" "participation"), overly broad, unduly burdensome and to the extent it is better-suited for a deposition. Defendant also objects to the extent this interrogatory seeks information protected by the attorney-client and/or work-product privileges. Subject to and without waiving these objections, Defendant recalls no direct involvement in the investigation of the homicide of Rafael Garcia. Investigation continues.

11. Please state whether you had any conversation(s) with any of the following individuals: Enrique Lujan, Gus Robinson, Marco Garcia, Arnold Day, Mattie Gibson, Martin Reeves, Gurgid Singh, Denise Harris, Annetee Harris, Ronnie Sloan, Andre Green, Tyrone Pitts, Michael Sampson, Cleotha Chairse, and/or Victor Clemons. If so, please describe with particularity the location of the conversations, who else was present, and what was said by whom.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it is vague and ambiguous ("interview," "interrogation" or "questioning," "actions" "participation"), overly broad, unduly burdensome and to the extent it is better-suited for a deposition. Defendant also objects to the extent this interrogatory seeks information protected by the attorney-client and/or work-product privileges. Subject to and without waiving these objections, Defendant recalls no direct involvement in the homicide investigation of Rafael Garcia and refers plaintiff to the documents produced by the Parties in their initial MIDP disclosures relating to the CPD investigation of the Garcia homicide and any individual testimony, if applicable. Investigation continues.

12. To your knowledge, did any Person (including you) use any act of violence, threat of violence, any other threat of any kind, or any promise of leniency at any time during any interview or interrogation relating to Garcia Murder Investigation? If the answer to this question is anything other than an unqualified "no," please describe the act of violence, threat of violence, other threat, or promise of leniency, including whom the violence, threat of violence, other threat, or promise of leniency was acted upon and the Persons involved in that act of violence,

threat of violence, other threat, or promise of leniency, and all circumstances of that act of violence, threat of violence, other threat, or promise of leniency.

**ANSWER:**    Defendant objects to this Interrogatory on the grounds that the phrases "act of violence," "threat of violence," "threat of any kind," "promise of leniency," "any Person," "interview," "interrogation" are vague and ambiguous. Subject to and without waiving said objections, Defendant did not use any "act or threat of violence" or any improper "promise of leniency" as he understands these terms, relating to the Garcia homicide investigation and he is not presently aware of and does not recall personally observing or having knowledge that any other Defendant Officer used any such "act or threat of violence" or any improper "promise of leniency" during the Garcia homicide investigation.

13.    To your knowledge, did any Person in the Garcia Murder Investigation (including you) conduct or participate in any formal or informal witness interviews or have any Communications with witnesses that were not memorialized in a police report? If the answer to this question is anything other than an unqualified "no," please list the dates and locations of all such interviews or Communications, the names of each person involved in each interview or Communication, and the content of any such interview or Communication.

**ANSWER:**    Defendant objects to this Interrogatory on the grounds that the phrases "witnesses," "interviews," "communications," "any Person in the Garcia Murder Investigation" are vague and ambiguous.  Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and is better-suited for a deposition. Subject to and without waiving these objections, Defendant cannot presently recall any direct involvement in the homicide investigation of Rafael Garcia and refers plaintiff to the police reports, documents and testimony, nor is he aware of any "interview" or "communication" with any "witnesses" relating to any other Defendant Officer's involvement, if any, in the Garcia homicide investigation beyond that referenced in the police reports, documents and testimony produced. Investigation continues.

14.     Did you maintain any personal notes, personal emails, or personal files relating to the Garcia Murder Investigation or any suspects or witnesses in the investigation? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal notes and personal files relating to the Garcia Murder Investigation is contained in the Documents that you reference.

**<u>ANSWER</u>:**     Defendant objects to this Interrogatory on the grounds that the phrases personal notes," "personal emails," or "personal files", "suspects or witnesses in the investigation" are vague and ambiguous.  Defendant further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, and to the extent it seeks information protected by the attorney-client and/or work-product privileges. Subject to and without waiving said objections, Defendant has no documents responsive to this request.

15.     Is it your position that at any point there was probable cause to support Plaintiff's arrest, charging, indictment, or prosecution for the Garcia Murder? If so, please provide the complete factual basis upon which probable cause existed at the time of Plaintiff's (a) arrest, (b) charging, (c) criminal trial, and (d) any other period of time. If it is your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer.

**<u>ANSWER</u>:**     Defendant objects to this interrogatory on the grounds that it is premature. Subject to and without waiving this objection, Defendant was not present when Mr. Garcia was murdered, and thus does not have personal knowledge regarding the identity of the person(s) who committed the murdered.  However, evidence of probable cause that Anthony Jakes murdered and/or took part in some manner in the murder includes, but is not limited to, Jakes' confession, statements given to police and prosecutors, third-party statements, police reports, witness testimony, and documents produced in this case.  Investigation continues.

16.     Did you withhold from Plaintiff any *Brady* Evidence of which you were aware prior to his conviction being overturned on April 30, 2018? If your answer to this question is anything other than an unqualified "no," please state when you became aware of such *Brady* Evidence and describe each such piece of *Brady* Evidence, providing sufficient detail so that additional discovery requests can be served.

**ANSWER:** Defendant objects to this interrogatory on the grounds that the phrase "Brady Evidence" is vague and ambiguous. Defendant further objects to this interrogatory to the extent it imposes an obligation to know the detail sufficient for Plaintiff to serve supplemental discovery requests. Subject to and without waiving these objections, Defendant did not knowingly withhold any "*Brady* Evidence" as he understands the term, nor is he aware of any such evidence having been withheld from Plaintiff.

17. Please identify each Chicago Police Department file that has ever existed relating to the Garcia Murder Investigation or RD No. P 454 289 and for each such file identify by Bates Number or otherwise describe (a) every Document that was associated with the file as of the date of Plaintiff's arrest; (b) every Document that was associated with the file as of the date of Plaintiff's criminal trial; (c) every Document that was associated with the file as of the date that his conviction was overturned on April 30, 2018; (d) every Document that is associated with the file as of today's date; (e) every Document that was associated with the file at any time in the past but which is no longer in the file; (f) every Document that was provided to state prosecutors before Plaintiff's criminal conviction; and (g) every Document that was provided to Plaintiff or his attorneys before Plaintiff's criminal conviction.

**ANSWER:** Defendant objects to this interrogatory on the grounds that phrases "file" and "associated" are vague and ambiguous. Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and disproportional to the needs of this case. Subject to and without waiving these objections, Defendant recalls no "files" or "documents" he created and/or of which he is aware other than those documents previously produced in the Defendants' MIDP disclosures relating to the CPD investigation of the Garcia homicide, if any, and further refers Plaintiff to the materials produced in response to Plaintiff's requests for production seeking materials addressed in this Interrogatory. Investigation continues.

18. For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**ANSWER:**    Defendant objects to this Interrogatory on the grounds that the phrases "discarded" and "all persons involved" are vague and ambiguous.  Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and disproportionate to the needs of this case, because it calls for this Defendant to account for the disposition of documents not in his possession over a 30-year period. Subject to and without waiving said objections, Defendant is not personally aware of any document responsive to this interrogatory that has been lost, discarded or destroyed.

Respectfully Submitted,

FRED BONKE

  /s/ Brittany D. Johnson

One of his Attorneys

Eileen E. Rosen
Patrick R. Moran
Andrew J. Grill
Brittany D. Johnson
ROCK FUSCO & CONNELLY, LLC
321 N. Clark Street, Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com
pmoran@rfclaw.com
agrill@rfclaw.com
bjohnson@rfclaw.com

## VERIFICATION

I, FRED BONKE, under the penalties of perjury, depose and say that I have read the foregoing Answers to Plaintiff First Set of Interrogatories, and that they are true and accurate to the best of my knowledge.

_____
Fred Bonke

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ANTHONY JAKES,

                Plaintiff,

        v.

KENNETH BOUDREAU, ESTATE OF
MICHAEL KILL, LOUIS CAESAR,
THOMAS PACK, MICHAEL DELACY,
KEN BURKE, FRED BONKE, CITY OF
CHICAGO, and UNKNOWN EMPLOYEES
OF THE CITY OF CHICAGO,

                Defendants.

Case No.19 CV 2204

**DEFENDANT KEN BURKE'S ANSWERS TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

      Defendant, Chicago Police Officer KEN BURKE, through his undersigned attorneys and

for his Answers to Plaintiff's First Set of Interrogatories, states as follows:

      1.      Under oath, please identify by name and address all Persons who, to the best of
your understanding, have knowledge of facts that relate to any of the claims or defenses in this
action, including but not limited to all Persons who are not listed in the parties' Mandatory Initial
Discovery Responses. For each Person with knowledge responsive to this Interrogatory, please
describe with particularity any categories of facts known by each such Person relating to the
claims and defenses in this action, including all categories of facts about which the Person may
be competent to testify at trial.

      If this Interrogatory is answered by incorporating Documents, please provide the
identities of any additional Persons who are not listed in the Documents that you reference, as
well as any categories of facts known to any witness relating to the claims or defense in this
action that are not reflected in the Documents that you reference; in the event that you fail to do
so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to
what is contained in the Documents that you reference.

**ANSWER:** Defendant objects to this interrogatory on the grounds that the phrases "knowledge of the fact," "any claims or defenses to this action," "any categories of facts known by each such person," "competent to testify at trial" is vague and ambiguous. Defendant further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, because it is not reasonably limited in scope or time frame and because the time frame contemplated by this Interrogatory is from 1991 continuing until the conclusion of this litigation and the claims alleged in Plaintiff's complaint go far beyond the Garcia homicide investigation. Defendant further objects to the extent this interrogatory requires disclosure of personal identifying information of third parties without a protective order. Finally, Defendant objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct. Subject to and without waiving these objections, Defendant recalls no other "Persons" with the "knowledge" requested by this interrogatory beyond those referenced in Defendants' Initial MIDP disclosures. Investigation continues.

2. Under oath, please identify all Complaints that have ever been made against you relating to your role as a law enforcement official (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, COPA, IPRA, OPS, OPR, intra- or inter-departmental, and citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, use of unduly suggestive visual or voice identification procedures, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including whether you provided any statements relating to the Complaint and whether you were disciplined in connection with the Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, disproportional to the needs of this case and not calculated to lead to the discovery of admissible evidence.  Defendant further objects to this interrogatory on the grounds that the terms "complaint," "dishonest behavior," "dishonest behavior during interrogations or interviews," "witness manipulation," "improper behavior," "improperly suggestive, coercive or torturous," "malicious prosecution," "administrative complaints" and "Investigators" are vague and ambiguous.   Defendant further objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct. Subject to and without waiving these objections, Defendant cannot at this time recall any specific complaints made against him responsive to this interrogatory, but refers Plaintiff to any materials produced in the City of Chicago's Responses to Plaintiff's Requests for Production seeking production of material addressed in this interrogatory.

3.    Under oath, please identify every Communication that You or anyone acting on your behalf have had about the Garcia Murder Investigation or any of the allegations, events, or circumstances described in Plaintiff's Complaint with any Person, including but not limited to any of the other Defendant Officers, any other employee or agent of the City of Chicago, any other prosecutor or law enforcement authority, or any witness to the events described in Plaintiff's Complaint. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this interrogatory on the grounds that it is better-suited for a deposition.  Defendant further objects to the extent the

interrogatory seeks information protected by the attorney-client and/or work product privileges. Defendant further objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct. Subject to and without waiving these objections, Defendant states that due to the passage of time, he does not recall each and every communication he had relating to his involvement in the Garcia homicide investigation and therefore cannot recall the specific details requested in this interrogatory. See the reports, transcripts and documents produced by the parties in conjunction with the Defendants' Initial MIDP disclosures and any subsequent document production by any party to this litigation regarding Burke's involvement, if any, in the Garcia homicide investigation.

4.      Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER:**      Defendant objects to this interrogatory on the grounds that the phrases "any party or witnesses with knowledge relating to any of the claims or defenses of this action" and "responsive conviction" are vague and ambiguous.  Defendant further objects to this interrogatory on the grounds that the information requested is equally available to Plaintiffs. Subject to and without waiving these objections, if and when a witness's criminal history is determined, such information will be tendered to Plaintiff. See documents produced in connection with this litigation including those already produced by the Parties in their initial MIDP disclosures.  Investigation continues.

5.      Do you contend that Plaintiff Anthony Jakes committed the Garcia Murder? If so, please provide the complete factual basis for your contention.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it is premature. Subject to and without waiving this objection, Defendant was not present when Mr. Garcia was murdered, and thus does not have personal knowledge regarding the identity of the person(s) who committed the murdered. However, evidence that Anthony Jakes murdered and/or took part in some manner in the murder includes, but is not limited to, Jakes' confession, statements given to police and prosecutors, third-party statements, police reports, witness testimony, and documents produced in this case. Investigation continues.

6. For any affirmative defenses that you have asserted or will assert in this matter, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it is premature. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client and/or work-product privileges. Subject to and without waiving these objections, Defendant acted appropriately, reasonably, non-maliciously and with probable cause at all times relevant to the events at issue in this case and under all circumstances is entitled to qualified immunity and certain immunities under the Tort Immunity Act as permitted under Illinois law. The general factual bases for these defenses are contained in the documents produced by the Parties in this case with regard to his involvement in the investigation and will undoubtedly be the main subject matter of his deposition, if taken. Investigation continues.

7. For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater

than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it is premature. Subject to and without waiving this objection, Defendant has not yet determined whether he will seek to introduce evidence of his financial condition in defense of the claim for punitive damages. If it is determined that such evidence will be presented, Defendant will supplement his response to this interrogatory.

8. Did You or any Person act inconsistently with any of the policies, customs, or practices (formal or informal, written or unwritten) of the City of Chicago of the Chicago Police Department, as you understand them, at any point during the Garcia Murder Investigation, as described in Plaintiff's Complaint? This includes during any interactions with other Defendant Officers, or other officers, or during any interactions with Plaintiff or any witnesses. If your answer is anything other than an unqualified "no," please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated and by whom; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**ANSWER:** Defendant objects to this interrogatory on the grounds the phrases "policies, customs, and practices," "entire encounter or interaction with" and "Garcia Murder Investigation" are vague and ambiguous. Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant is not aware of any violation of any City of Chicago policy, custom, or practice during the Garcia homicide investigation or with respect to Anthony Jakes.

9. Please state with specificity each activity, action, or investigative task that you participated in during the Garcia Murder Investigation. For each activity, action, or task, please describe the Person, if any, who assigned you each activity, action, or task and the Person to whom you reported for each activity, action, or task. Please note that the scope of this Interrogatory includes both the initial investigation of the Garcia Murder Investigation — including but not limited to the investigation at the scene, interviews with and statements of witnesses or suspects, any purported identifications of Plaintiff in photographs or live lineups,

the interrogation of Plaintiff, and the arrest and charging of Plaintiff—and any subsequent investigation that took place following the interrogation and charging of Plaintiff, including any acts leading up to and during his criminal trial and appeal, and any steps undertaken at any time after his conviction was overturned, up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in the Garcia Murder Investigation is described in the Documents that you reference.

**ANSWER:**  Defendant objects to this interrogatory on the grounds that the phrase "each activity and investigative task that You participated in" is vague and ambiguous.  Defendant further objects that this interrogatory is overly broad, unduly burdensome, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that it is better-suited to a deposition. Finally, Defendant objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct. Subject to and without waiving these objections, a summary of activities and investigative tasks Defendant participated in are reflected in the police reports already in Plaintiff's possession or that are being, or will be, produced in this case.  Investigation continues.

10.    Did you participate in any interview, interrogation, or questioning of Plaintiff or were you aware that any such interview, interrogation, or questioning took place? If your answer to this question is anything other than an unqualified "no," please describe your participation in or awareness of any interview, interrogation, or questioning of Plaintiff, including all actions that you took, the circumstances of that interview, interrogation, or questioning, and all other Persons who participated in that interview, interrogation, or questioning.

**ANSWER:**  Defendant objects to this interrogatory on the grounds that it is vague and ambiguous ("interview," "interrogation" or "questioning," "actions" "participation"), overly broad, unduly burdensome and to the extent it is better-suited for a deposition. Defendant also objects to the extent this interrogatory seeks information protected by the attorney-client and/or work-product privileges. Subject to and without waiving these objections, Defendant was the

youth officer assigned to witness plaintiff's sworn statement as demonstrated by the police reports and documents produced by the Parties in their initial MIDP disclosures relating to the CPD investigation of the Garcia homicide and any individual testimony, if applicable. Investigation continues.

11.     Please state whether you had any conversation(s) with any of the following individuals: Enrique Lujan, Gus Robinson, Marco Garcia, Arnold Day, Mattie Gibson, Martin Reeves, Gurgid Singh, Denise Harris, Annetee Harris, Ronnie Sloan, Andre Green, Tyrone Pitts, Michael Sampson, Cleotha Chairse, and/or Victor Clemons. If so, please describe with particularity the location of the conversations, who else was present, and what was said by whom.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that it is vague and ambiguous ("interview," "interrogation" or "questioning," "actions" "participation"), overly broad, unduly burdensome and to the extent it is better-suited for a deposition. Defendant also objects to the extent this interrogatory seeks information protected by the attorney-client and/or work-product privileges. Subject to and without waiving these objections, see documents produced by the Parties in their initial MIDP disclosures relating to the CPD investigation of the Garcia homicide and any individual testimony, if applicable.  Investigation continues.

12.     To your knowledge, did any Person (including you) use any act of violence, threat of violence, any other threat of any kind, or any promise of leniency at any time during any interview or interrogation relating to Garcia Murder Investigation? If the answer to this question is anything other than an unqualified "no," please describe the act of violence, threat of violence, other threat, or promise of leniency, including whom the violence, threat of violence, other threat, or promise of leniency was acted upon and the Persons involved in that act of violence, threat of violence, other threat, or promise of leniency, and all circumstances of that act of violence, threat of violence, other threat, or promise of leniency.

**ANSWER:**    Defendant objects to this Interrogatory on the grounds that the phrases "act of violence," "threat of violence," "threat of any kind," "promise of leniency," "any Person," "interview," "interrogation" are vague and ambiguous. Subject to and without waiving these objections, Defendant did not use any "act or threat of violence" or any improper "promise of

leniency" as he understands these terms, relating to the Garcia homicide investigation and he is not presently aware of and does not recall personally observing or having knowledge that any other Defendant Officer used any such "act or threat of violence" or any improper "promise of leniency" during the Garcia homicide investigation.

13.    To your knowledge, did any Person in the Garcia Murder Investigation (including you) conduct or participate in any formal or informal witness interviews or have any Communications with witnesses that were not memorialized in a police report? If the answer to this question is anything other than an unqualified "no," please list the dates and locations of all such interviews or Communications, the names of each person involved in each interview or Communication, and the content of any such interview or Communication.

**ANSWER:**    Defendant objects to this Interrogatory on the grounds that the phrases "witnesses," "interviews," "communications," "any Person in the Garcia Murder Investigation" are vague and ambiguous.  Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and is better-suited for a deposition. Subject to and without waiving these objections, Defendant cannot presently recall any other "interview" or "communication" with any "witnesses" relating to his involvement in the Garcia homicide investigation beyond that referenced in the police reports, documents and testimony, nor is he aware of any "interview" or "communication" with any "witnesses" relating to any other Defendant Officer's involvement, if any, in the Garcia homicide investigation beyond that referenced in the police reports, documents and testimony produced. Investigation continues.

14.    Did you maintain any personal notes, personal emails, or personal files relating to the Garcia Murder Investigation or any suspects or witnesses in the investigation? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal notes and personal files relating to the Garcia Murder Investigation is contained in the Documents that you reference.

**ANSWER:**    Defendant objects to this Interrogatory on the grounds that the phrases personal notes," "personal emails," or "personal files", "suspects or witnesses in the investigation" are

vague and ambiguous. Defendant further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, and to the extent it seeks information protected by the attorney-client and/or work-product privileges. Subject to and without waiving said objections, Defendant has no documents responsive to this request.

15.    Is it your position that at any point there was probable cause to support Plaintiff's arrest, charging, indictment, or prosecution for the Garcia Murder? If so, please provide the complete factual basis upon which probable cause existed at the time of Plaintiff's (a) arrest, (b) charging, (c) criminal trial, and (d) any other period of time. If it is your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that it is premature. Subject to and without waiving this objection, Defendant was not present when Mr. Garcia was murdered, and thus does not have personal knowledge regarding the identity of the person(s) who committed the murdered.   However, evidence of probable cause that Anthony Jakes murdered and/or took part in some manner in the murder includes, but is not limited to, Jakes' confession, statements given to police and prosecutors, third-party statements, police reports, witness testimony, and documents produced in this case.  Investigation continues.

16.    Did you withhold from Plaintiff any *Brady* Evidence of which you were aware prior to his conviction being overturned on April 30, 2018 If your answer to this question is anything other than an unqualified "no," please state when you became aware of such *Brady* Evidence and describe each such piece of *Brady* Evidence, providing sufficient detail so that additional discovery requests can be served.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that the phrase "Brady Evidence" is vague and ambiguous.  Defendant further objects to this interrogatory to the extent it imposes an obligation to know the detail sufficient for Plaintiff to serve supplemental discovery requests. Subject to and without waiving these objections, Defendant did not

knowingly withhold any "*Brady* Evidence" as he understands the term, nor is he aware of any such evidence having been withheld from Plaintiff.

17.     Please identify each Chicago Police Department file that has ever existed relating to the Garcia Murder Investigation or RD No. P 454 289 and for each such file identify by Bates Number or otherwise describe (a) every Document that was associated with the file as of the date of Plaintiff's arrest; (b) every Document that was associated with the file as of the date of Plaintiff's criminal trial; (c) every Document that was associated with the file as of the date that his conviction was overturned on April 30, 2018; (d) every Document that is associated with the file as of today's date; (e) every Document that was associated with the file at any time in the past but which is no longer in the file; (f) every Document that was provided to state prosecutors before Plaintiff's criminal conviction; and (g) every Document that was provided to Plaintiff or his attorneys before Plaintiff's criminal conviction.

**ANSWER:**     Defendant objects to this interrogatory on the grounds that phrases "file" and "associated" are vague and ambiguous. Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and disproportional to the needs of this case. Subject to and without waiving these objections, Defendant recalls no "files" or "documents" he created and/or of which he is aware other than those documents previously produced in the Defendants' MIDP disclosures relating to the CPD investigation of the Garcia homicide, if any, and further refers Plaintiff to the materials produced in response to Plaintiff's requests for production seeking materials addressed in this Interrogatory.  Investigation continues.

18.     For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**ANSWER:**     Defendant objects to this Interrogatory on the grounds that the phrases "discarded" and "all persons involved" are vague and ambiguous.  Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and disproportionate to the needs of this case, because it calls for this Defendant to account for the disposition of

documents not in his possession over a 30-year period. Subject to and without waiving said objections, Defendant is not personally aware of any document responsive to this interrogatory that has been lost, discarded or destroyed.

Respectfully Submitted,

KEN BURKE

/s/ Brittany D. Johnson

One of his Attorneys

Eileen E. Rosen
Patrick R. Moran
Andrew J. Grill
Brittany D. Johnson
ROCK FUSCO & CONNELLY, LLC
321 N. Clark Street, Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com
pmoran@rfclaw.com
agrill@rfclaw.com
bjohnson@rfclaw.com

**VERIFICATION**

I, KENNETH BURKE, under the penalties of perjury, depose and say that I have read the foregoing Answers to Plaintiff First Set of Interrogatories, and that they are true and accurate to the best of my knowledge.

_____

Kenneth Burke

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ANTHONY JAKES,

        Plaintiff,

        v.

KENNETH BOUDREAU, ESTATE OF
MICHAEL KILL, LOUIS CAESAR,
THOMAS PACK, MICHAEL DELACY,
KEN BURKE, FRED BONKE, CITY OF
CHICAGO, and UNKNOWN EMPLOYEES
OF THE CITY OF CHICAGO,

        Defendants.

Case No.19 CV 2204

### DEFENDANT LOUIS CAESAR'S ANSWERS TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, former Chicago Police Officer LOUIS CAESAR, through his undersigned

attorneys and for his Answers to Plaintiff's First Set of Interrogatories, states as follows:

1.      Under oath, please identify by name and address all Persons who, to the best of
your understanding, have knowledge of facts that relate to any of the claims or defenses in this
action, including but not limited to all Persons who are not listed in the parties' Mandatory Initial
Discovery Responses. For each Person with knowledge responsive to this Interrogatory, please
describe with particularity any categories of facts known by each such Person relating to the claims
and defenses in this action, including all categories of facts about which the Person may be
competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities
of any additional Persons who are not listed in the Documents that you reference, as well as any
categories of facts known to any witness relating to the claims or defense in this action that are not
reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will
assume the witnesses and the substance of their testimony is strictly limited to what is contained
in the Documents that you reference.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that the phrases "knowledge of the fact," "any claims or defenses to this action," "any categories of facts known by each such person," "competent to testify at trial" is vague and ambiguous.  Defendant further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, because it is not reasonably limited in scope or time frame and because the time frame contemplated by this Interrogatory is from 1991 continuing until the conclusion of this litigation and the claims alleged in Plaintiff's complaint go far beyond the Garcia homicide investigation. Defendant further objects to the extent this interrogatory requires disclosure of personal identifying information of third parties without a protective order. Finally, Defendant objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct.  Subject to and without waiving these objections, Defendant recalls no other "Persons" with the "knowledge" requested by this interrogatory beyond those referenced in Defendants' Initial MIDP disclosures.  Investigation continues.

2.    Under oath, please identify all Complaints that have ever been made against you relating to your role as a law enforcement official (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, COPA, IPRA, OPS, OPR, intra- or inter-departmental, and citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, use of unduly suggestive visual or voice identification procedures, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including whether you provided any statements relating to the Complaint and whether you were disciplined in connection with the Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, disproportional to the needs of this case and not calculated to lead to the discovery of admissible evidence.   Defendant further objects to this interrogatory on the grounds that the terms "complaint," "dishonest behavior," "dishonest behavior during interrogations or interviews," "witness manipulation," "improper behavior," "improperly suggestive, coercive or torturous," "malicious prosecution," "administrative complaints" and "Investigators" are vague and ambiguous.   Defendant further objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct. Subject to and without waiving these objections, Defendant cannot at this time, recall any specific complaints made against him responsive to this interrogatory, but refers Plaintiff to any materials produced in the City of Chicago's Responses to Plaintiff's Requests for Production seeking production of material addressed in this interrogatory. Answering further, Defendant Caesar was also a named Defendant in the pending lawsuit filed by James Gibson, *Gibson v. City of Chicago, et al*., filed in the Northern District of Illinois under case number 19 CV 4152, and a named Defendant in the matters of *Logan v. O'Brien, et al.*, under case number 93 CV 3386 and *Golar v. City of Chicago, et al*., under case number 16 CV 7387, filed in the Northern District of Illinois, both of which were ultimately dismissed.

3.      Under oath, please identify every Communication that You or anyone acting on your behalf have had about the Garcia Murder Investigation or any of the allegations, events, or circumstances described in Plaintiff's Complaint with any Person, including but not limited to any of the other Defendant Officers, any other employee or agent of the City of Chicago, any other prosecutor or law enforcement authority, or any witness to the events described in Plaintiff's Complaint. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please state

under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that it is better-suited for a deposition. Defendant further objects to the extent the interrogatory seeks information protected by the attorney-client and/or work product privileges. Defendant further objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct. Subject to and without waiving these objections, Defendant states that due to the passage of time, he does not recall each and every communication he had relating to his involvement in the Garcia homicide investigation and therefore cannot recall the specific details requested in this interrogatory. See the reports, transcripts and documents produced by the parties in conjunction with the Defendants' Initial MIDP disclosures and any subsequent document production by any party to this litigation regarding Caesar's involvement, if any, in the Garcia homicide investigation.

4. Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER:** Defendant objects to this interrogatory on the grounds that the phrases "any party or witnesses with knowledge relating to any of the claims or defenses of this action" and "responsive conviction" are vague and ambiguous. Defendant further objects to this interrogatory on the grounds that the information requested is equally available to Plaintiffs. Subject to and

without waiving these objections, if and when a witness's criminal history is determined, such information will be tendered to Plaintiff.  See documents produced in connection with including those already produced by the Parties in their initial MIDP disclosures.  ,. Investigation continues.

5.     Do you contend that Plaintiff Anthony Jakes committed the Garcia Murder? If so, please provide the complete factual basis for your contention.

**ANSWER:**     Defendant objects to this interrogatory on the grounds that it is premature.  Subject to and without waiving this objection, Defendant was not present when Mr. Garcia was murdered, and thus does not have personal knowledge regarding the identity of the person(s) who committed the murdered.  However, evidence that Anthony Jakes murdered and/or took part in some manner in the murder includes, but is not limited to, Jakes' confession, statements given to police and prosecutors, third-party statements, police reports, witness testimony, and documents produced in this case.  Investigation continues.

6.     For any affirmative defenses that you have asserted or will assert in this matter, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense.  The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense.  Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests.  For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

**ANSWER:**     Defendant objects to this interrogatory on the grounds that it is premature. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client and/or work-product privileges.  Subject to and without waiving these objections, Defendant acted appropriately, reasonably, non-maliciously and with probable cause at all times relevant to the events at issue in this case and under all circumstances is entitled to qualified immunity and certain immunities under the Tort Immunity Act as permitted under Illinois law.

The general factual bases for these defenses are contained in the documents produced by the Parties in this case with regard to his involvement in the investigation and will undoubtedly be the main subject matter of his deposition, if taken. Investigation continues.

7. For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it is premature. Subject to and without waiving this objection, Defendant has not yet determined whether he will seek to introduce evidence of his financial condition in defense of the claim for punitive damages. If it is determined that such evidence will be presented, Defendant will supplement his response to this interrogatory.

8. Did You or any Person act inconsistently with any of the policies, customs, or practices (formal or informal, written or unwritten) of the City of Chicago of the Chicago Police Department, as you understand them, at any point during the Garcia Murder Investigation, as described in Plaintiff's Complaint? This includes during any interactions with other Defendant Officers, or other officers, or during any interactions with Plaintiff or any witnesses. If your answer is anything other than an unqualified "no," please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated and by whom; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**ANSWER:** Defendant objects to this interrogatory on the grounds the phrases "policies, customs, and practices," "entire encounter or interaction with" and "Nevest Coleman Investigation" are vague and ambiguous. Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant is not aware of any violation of any City of Chicago policy, custom, or practice during the Garcia homicide investigation or with respect to Anthony Jakes. .

9.     Please state with specificity each activity, action, or investigative task that you participated in during the Garcia Murder Investigation. For each activity, action, or task, please describe the Person, if any, who assigned you each activity, action, or task and the Person to whom you reported for each activity, action, or task. Please note that the scope of this Interrogatory includes both the initial investigation of the Garcia Murder Investigation — including but not limited to the investigation at the scene, interviews with and statements of witnesses or suspects, any purported identifications of Plaintiff in photographs or live lineups, the interrogation of Plaintiff, and the arrest and charging of Plaintiff—and any subsequent investigation that took place following the interrogation and charging of Plaintiff, including any acts leading up to and during his criminal trial and appeal, and any steps undertaken at any time after his conviction was overturned, up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in the Garcia Murder Investigation is described in the Documents that you reference.

**ANSWER:**     Defendant objects to this interrogatory on the grounds that the phrase "each activity and investigative task that You participated in" is vague and ambiguous.  Defendant further objects that this interrogatory is overly broad, unduly burdensome, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this interrogatory on the grounds that it is better-suited to a deposition.  Finally, Defendant objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct.  Subject to and without waiving these objections, a summary of activities and investigative tasks Defendant participated in are reflected in the police reports already in Plaintiff's possession or that are being, or will be, produced in this case.  Investigation continues.  .

10.     Did you participate in any interview, interrogation, or questioning of Plaintiff or were you aware that any such interview, interrogation, or questioning took place? If your answer to this question is anything other than an unqualified "no," please describe your participation in or awareness of any interview, interrogation, or questioning of Plaintiff, including all actions that you took, the circumstances of that interview, interrogation, or questioning, and all other Persons who participated in that interview, interrogation, or questioning.

**ANSWER:**     Defendant objects to this interrogatory on the grounds that it is vague and ambiguous ("interview," "interrogation" or "questioning," "actions" "participation"), overly

broad, unduly burdensome and to the extent it is better-suited for a deposition. Defendant also objects to the extent this interrogatory seeks information protected by the attorney-client and/or work-product privileges. Subject to and without waiving these objections see documents produced by the Parties in their initial MIDP disclosures relating to the CPD investigation of the Garcia homicide and any individual testimony, if applicable. Investigation continues.

11.    Please state whether you had any conversation(s) with any of the following individuals: Enrique Lujan, Gus Robinson, Marco Garcia, Arnold Day, Mattie Gibson, Martin Reeves, Gurgid Singh, Denise Harris, Annetee Harris, Ronnie Sloan, Andre Green, Tyrone Pitts, Michael Sampson, Cleotha Chairse, and/or Victor Clemons. If so, please describe with particularity the location of the conversations, who else was present, and what was said by whom.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that it is vague and ambiguous ("interview," "interrogation" or "questioning," "actions" "participation"), overly broad, unduly burdensome and to the extent it is better-suited for a deposition. Defendant also objects to the extent this interrogatory seeks information protected by the attorney-client and/or work-product privileges. Subject to and without waiving these objections see documents produced by the Parties in their initial MIDP disclosures relating to the CPD investigation of the Garcia homicide and any individual testimony, if applicable. Investigation continues. .12.    To your knowledge, did any Person (including you) use any act of violence, threat of violence, any other threat of any kind, or any promise of leniency at any time during any interview or interrogation relating to Garcia Murder Investigation? If the answer to this question is anything other than an unqualified "no," please describe the act of violence, threat of violence, other threat, or promise of leniency, including whom the violence, threat of violence, other threat, or promise of leniency was acted upon and the Persons involved in that act of violence, threat of violence, other threat, or promise of leniency, and all circumstances of that act of violence, threat of violence, other threat, or promise of leniency.

12.     To your knowledge, did any Person (including you) use any act of violence, threat of violence, any other threat of any kind, or any promise of leniency at any time during any interview or interrogation relating to Garcia Murder Investigation? If the answer to this question is anything other than an unqualified "no," please describe the act of violence, threat of violence, other threat, or promise of leniency, including whom the violence, threat of violence, other threat, or promise of leniency was acted upon and the Persons involved in that act of violence, threat of violence, other threat, or promise of leniency, and all circumstances of that act of violence, threat of violence, other threat, or promise of leniency.

**ANSWER:**     Defendant objects to this Interrogatory on the grounds that the phrases "act of violence," "threat of violence," "threat of any kind," "promise of leniency," "any Person," "interview," "interrogation" are vague and ambiguous. Subject to and without waiving these objections, Defendant did not use any "act or threat of violence" or any improper "promise of leniency" as he understands these terms relating to the Garcia homicide investigation and he is not presently aware of and does not recall personally observing or having knowledge that any other Defendant Officer used any such "act or threat of violence" or any improper "promise of leniency" during the Garcia homicide investigation.

13.     To your knowledge, did any Person in the Garcia Murder Investigation (including you) conduct or participate in any formal or informal witness interviews or have any Communications with witnesses that were not memorialized in a police report? If the answer to this question is anything other than an unqualified "no," please list the dates and locations of all such interviews or Communications, the names of each person involved in each interview or Communication, and the content of any such interview or Communication.

**ANSWER:**     Defendant Caesar objects to this Interrogatory on the grounds that the phrases "witnesses," "interviews," "communications," "any Person in the Garcia Murder Investigation" are vague and ambiguous.  Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and is better-suited for a deposition. Subject to and without waiving these objections Defendant cannot presently recall any other "interview" or "communication" with any "witnesses" relating to his involvement in the Garcia homicide investigation beyond that referenced in the police reports, documents and testimony, nor is he

aware of any "interview" or "communication" with any "witnesses" relating to any other Defendant Officer's involvement, if any, in the Garcia homicide investigation beyond that referenced in the police reports, documents and testimony produced. Investigation continues.

14.    Did you maintain any personal notes, personal emails, or personal files relating to the Garcia Murder Investigation or any suspects or witnesses in the investigation? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal notes and personal files relating to the Garcia Murder Investigation is contained in the Documents that you reference.

**ANSWER:**    Defendant objects to this Interrogatory o the grounds that the phrases personal notes," "personal emails," or "personal files", "suspects or witnesses in the investigation" are vague and ambiguous.  Defendant further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, and to the extent it seeks information protected by the attorney-client and/or work-product privileges. Subject to and without waiving said objections, Defendant has no documents responsive to this request.

15.    Is it your position that at any point there was probable cause to support Plaintiff's arrest, charging, indictment, or prosecution for the Garcia Murder? If so, please provide the complete factual basis upon which probable cause existed at the time of Plaintiff's (a) arrest, (b) charging, (c) criminal trial, and (d) any other period of time. If it is your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that it is premature.  Subject to and without waiving this objection, Defendant was not present when Mr. Garcia was murdered, and thus does not have personal knowledge regarding the identity of the person(s) who committed the murdered.  However, evidence of probably cause that Anthony Jakes murdered and/or took part in some manner in the murder includes, but is not limited to, Jakes' confession, statements given to police and prosecutors, third-party statements, police reports, witness testimony, and documents produced in this case.  Investigation continues.

16.     Did you withhold from Plaintiff any *Brady* Evidence of which you were aware prior to his conviction being overturned on April 30, 2018? If your answer to this question is anything other than an unqualified "no," please state when you became aware of such *Brady* Evidence and describe each such piece of *Brady* Evidence, providing sufficient detail so that additional discovery requests can be served.

**ANSWER:**     Defendant objects to this interrogatory on the grounds that the phrase "Brady Evidence" is vague and ambiguous.  Defendant further objects to this interrogatory to the extent it imposes an obligation to know the detail sufficient for Plaintiff to serve supplemental discovery requests.  Subject to and without waiving these objections, Defendant did not knowingly without any "Brady Evidence" as he understands the term, nor is he aware of any such evidence having been withheld from Plaintiff.

17.     Please identify each Chicago Police Department file that has ever existed relating to the Garcia Murder Investigation or RD No. P 454 289 and for each such file identify by Bates Number or otherwise describe (a) every Document that was associated with the file as of the date of Plaintiff's arrest; (b) every Document that was associated with the file as of the date of Plaintiff's criminal trial; (c) every Document that was associated with the file as of the date that his conviction was overturned on April 30, 2018; (d) every Document that is associated with the file as of today's date; (e) every Document that was associated with the file at any time in the past but which is no longer in the file; (f) every Document that was provided to state prosecutors before Plaintiff's criminal conviction; and (g) every Document that was provided to Plaintiff or his attorneys before Plaintiff's criminal conviction.

**ANSWER:**     Defendant Caesar objects to this interrogatory on the grounds that phrases "file" and "associated" are vague and ambiguous. Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and disproportional to the needs of this case. Subject to and without waiving these objections, Defendant recalls no "files" or "documents" he created and/or of which he is aware other than those documents previously produced in the Defendants' MIDP disclosures relating to the CPD investigation of the Garcia homicide, if any, and further refers Plaintiff to the materials produced in response to Plaintiff's requests for production seeking materials addressed in this Interrogatory.  Investigation continues.

18.     For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**ANSWER:**     Defendant objects to this Interrogatory on the grounds that the phrases "discarded" and "all persons involved" are vague and ambiguous.   Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and disproportionate to the needs of this case, because it calls for this Defendant to account for the disposition of documents not in his possession over a 30-year period. Subject to and without waiving said objections, Defendant is not personally aware of any document responsive to this interrogatory that has been lost, discarded or destroyed.

Respectfully Submitted,

LOUIS CAESAR

/s/ Brittany D. Johnson_____

One of his Attorneys

Eileen E. Rosen
Patrick R. Moran
Andrew J. Grill
Brittany D. Johnson
ROCK FUSCO & CONNELLY, LLC
321 N. Clark Street, Suite 2200
Chicago, IL 60654
T:  (312) 494-1000
erosen@rfclaw.com
pmoran@rfclaw.com
agrill@rfclaw.com
bjohnson@rfclaw.com

**VERIFICATION**

I, LOUIS CAESAR, under the penalties of perjury, depose and say that I have read the foregoing Answers to Plaintiff First Set of Interrogatories, and that they are true and accurate to the best of my knowledge.

_____

Louis Caesar

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ANTHONY JAKES,

        Plaintiff,

    v.

KENNETH BOUDREAU, ESTATE OF
MICHAEL KILL, MICHAEL DELACY,
THOMAS PACK, LOUIS CAESAR, KEN
BURKE, FRED BONKE, CITY OF
CHICAGO, and UNKNOWN EMPLOYEES
OF THE CITY OF CHICAGO,

        Defendants.

Case No.19 CV 2204

## DEFENDANT MICHAEL DELACY'S ANSWERS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, former Chicago Police Officer MICHAEL DELACY, through his undersigned attorneys and for his Answers to Plaintiff's First Set of Interrogatories, states as follows:

1.    Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Mandatory Initial Discovery Responses. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

**ANSWER:** Defendant objects to this interrogatory on the grounds that the phrases "knowledge of the fact," "any claims or defenses to this action," "any categories of facts known by each such person," "competent to testify at trial" is vague and ambiguous. Defendant further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, because it is not reasonably limited in scope or time frame and because the time frame contemplated by this Interrogatory is from 1991 continuing until the conclusion of this litigation and the claims alleged in Plaintiff's complaint go far beyond the Garcia homicide investigation. Defendant further objects to the extent this interrogatory requires disclosure of personal identifying information of third parties without a protective order. Finally, Defendant objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct. Subject to and without waiving these objections, Defendant recalls no other "Persons" with the "knowledge" requested by this interrogatory beyond those referenced in Defendants' Initial MIDP disclosures. Investigation continues.

2.      Under oath, please identify all Complaints that have ever been made against you relating to your role as a law enforcement official (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, COPA, IPRA, OPS, OPR, intra- or inter-departmental, and citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, use of unduly suggestive visual or voice identification procedures, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including whether you provided any statements relating to the Complaint and whether you were disciplined in connection with the Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**ANSWER**: Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, disproportional to the needs of this case and not calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that the terms "complaint," "dishonest behavior," "dishonest behavior during interrogations or interviews," "witness manipulation," "improper behavior," "improperly suggestive, coercive or torturous," "malicious prosecution," "administrative complaints" and "Investigators" are vague and ambiguous. Defendant further objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct. Subject to and without waiving these objections, Defendant DeLacy cannot at this time, recall any specific complaints made against him responsive to this interrogatory, but refers Plaintiff to any materials produced in the City of Chicago's Responses to Plaintiff's Requests for Production seeking production of material addressed in this interrogatory.

3.    Under oath, please identify every Communication that You or anyone acting on your behalf have had about the Garcia Murder Investigation or any of the allegations, events, or circumstances described in Plaintiff's Complaint with any Person, including but not limited to any of the other Defendant Officers, any other employee or agent of the City of Chicago, any other prosecutor or law enforcement authority, or any witness to the events described in Plaintiff's Complaint. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

**ANSWER**: Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that it is better-suited for a deposition. Defendant further objects to the extent the

interrogatory seeks information protected by the attorney-client and/or work product privileges. Defendant further objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct. Subject to and without waiving these objections, Defendant states that due to the passage of time, he does not recall each and every communication he had relating to his involvement in the Garcia homicide investigation and therefore cannot recall the specific details requested in this interrogatory. See the reports, transcripts and documents produced by the parties in conjunction with the Defendants' Initial MIDP disclosures and any subsequent document production by any party to this litigation regarding DeLacy's involvement in the Garcia homicide investigation.

4.     Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER:**     Defendant objects to this interrogatory on the grounds that the phrases "any party or witnesses with knowledge relating to any of the claims or defenses of this action" and "responsive conviction" are vague and ambiguous.     Defendant further objects to this interrogatory on the grounds that the information requested is equally available to Plaintiffs. Subject to and without waiving these objections, if and when a witness's criminal history is determined, such information will be tendered to Plaintiff. See documents produced in connection with this litigation including those already produced by the Parties in their initial MIDP disclosures.  Investigation continues.

5.     Do you contend that Plaintiff Anthony Jakes committed the Garcia Murder? If so, please provide the complete factual basis for your contention.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it is premature. Subject to and without waiving this objection, Defendant was not present when Mr. Garcia was murdered, and thus does not have personal knowledge regarding the identity of the person(s) who committed the murdered. However, evidence that Anthony Jakes murdered and/or took part in some manner in the murder includes, but is not limited to, Jakes' confession, statements given to police and prosecutors, third-party statements, police reports, witness testimony, and documents produced in this case. Investigation continues.

6.     For any affirmative defenses that you have asserted or will assert in this matter, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it is premature. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client and/or work-product privileges. Subject to and without waiving these objections, Defendant acted appropriately, reasonably, non-maliciously and with probable cause at all times relevant to the events at issue in this case and under all circumstances is entitled to qualified immunity and certain immunities under the Tort Immunity Act as permitted under Illinois law. The general factual bases for these defenses are contained in the documents produced by the Parties in this case with regard to his involvement in the investigation and will undoubtedly be the main subject matter of his deposition, if taken. Investigation continues.

7.     For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater

than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it is premature. Subject to and without waiving this objection, Defendant has not yet determined whether he will seek to introduce evidence of his financial condition in defense of the claim for punitive damages. If it is determined that such evidence will be presented, Defendant will supplement his response to this interrogatory.

8. Did You or any Person act inconsistently with any of the policies, customs, or practices (formal or informal, written or unwritten) of the City of Chicago of the Chicago Police Department, as you understand them, at any point during the Garcia Murder Investigation, as described in Plaintiff's Complaint? This includes during any interactions with other Defendant Officers, or other officers, or during any interactions with Plaintiff or any witnesses. If your answer is anything other than an unqualified "no," please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated and by whom; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**ANSWER:** Defendant objects to this interrogatory on the grounds the phrases "policies, customs, and practices," "entire encounter or interaction with" and "Garcia Murder Investigation" are vague and ambiguous. Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant is not aware of any violation of any City of Chicago policy, custom, or practice during the Garcia homicide investigation or with respect to Anthony Jakes.

9. Please state with specificity each activity, action, or investigative task that you participated in during the Garcia Murder Investigation. For each activity, action, or task, please describe the Person, if any, who assigned you each activity, action, or task and the Person to whom you reported for each activity, action, or task. Please note that the scope of this Interrogatory includes both the initial investigation of the Garcia Murder Investigation — including but not limited to the investigation at the scene, interviews with and statements of witnesses or suspects, any purported identifications of Plaintiff in photographs or live lineups,

the interrogation of Plaintiff, and the arrest and charging of Plaintiff—and any subsequent investigation that took place following the interrogation and charging of Plaintiff, including any acts leading up to and during his criminal trial and appeal, and any steps undertaken at any time after his conviction was overturned, up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in the Garcia Murder Investigation is described in the Documents that you reference.

**ANSWER**:   Defendant objects to this interrogatory on the grounds that the phrase "each activity and investigative task that You participated in" is vague and ambiguous.  Defendant further objects that this interrogatory is overly broad, unduly burdensome, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that it is better-suited to a deposition.  Finally, Defendant objects to the interrogatory on the grounds that it imposes a separate obligation not required under Rule 33, which allows a party to provide an unsworn verification pursuant to 28 U.S.C. §1746 that all of his or her answers are true and correct. Subject to and without waiving these objections, a summary of activities and investigative tasks Defendant participated in are reflected in the police reports already in Plaintiff's possession or that are being, or will be, produced in this case.  Investigation continues.

10.     Did you participate in any interview, interrogation, or questioning of Plaintiff or were you aware that any such interview, interrogation, or questioning took place? If your answer to this question is anything other than an unqualified "no," please describe your participation in or awareness of any interview, interrogation, or questioning of Plaintiff, including all actions that you took, the circumstances of that interview, interrogation, or questioning, and all other Persons who participated in that interview, interrogation, or questioning.

**ANSWER**:   Defendant objects to this interrogatory on the grounds that it is vague and ambiguous ("interview," "interrogation" or "questioning," "actions" "participation"), overly broad, unduly burdensome and to the extent it is better-suited for a deposition. Defendant also objects to the extent this interrogatory seeks information protected by the attorney-client and/or work-product privileges. Subject to and without waiving these objections, see documents

produced by the Parties in their initial MIDP disclosures relating to the CPD investigation of the Garcia homicide and any individual testimony, if applicable. Investigation continues.

11.     Please state whether you had any conversation(s) with any of the following individuals: Enrique Lujan, Gus Robinson, Marco Garcia, Arnold Day, Mattie Gibson, Martin Reeves, Gurgid Singh, Denise Harris, Annetee Harris, Ronnie Sloan, Andre Green, Tyrone Pitts, Michael Sampson, Cleotha Chairse, and/or Victor Clemons. If so, please describe with particularity the location of the conversations, who else was present, and what was said by whom.

**ANSWER:**     Defendant objects to this interrogatory on the grounds that it is vague and ambiguous ("interview," "interrogation" or "questioning," "actions" "participation"), overly broad, unduly burdensome and to the extent it is better-suited for a deposition. Defendant also objects to the extent this interrogatory seeks information protected by the attorney-client and/or work-product privileges. Subject to and without waiving these objections, see documents produced by the Parties in their initial MIDP disclosures relating to the CPD investigation of the Garcia homicide and any individual testimony, if applicable.  Investigation continues.

12.     To your knowledge, did any Person (including you) use any act of violence, threat of violence, any other threat of any kind, or any promise of leniency at any time during any interview or interrogation relating to Garcia Murder Investigation? If the answer to this question is anything other than an unqualified "no," please describe the act of violence, threat of violence, other threat, or promise of leniency, including whom the violence, threat of violence, other threat, or promise of leniency was acted upon and the Persons involved in that act of violence, threat of violence, other threat, or promise of leniency, and all circumstances of that act of violence, threat of violence, other threat, or promise of leniency.

**ANSWER:**     Defendant objects to this Interrogatory on the grounds that the phrases "act of violence," "threat of violence," "threat of any kind," "promise of leniency," "any Person," "interview," "interrogation" are vague and ambiguous. Subject to and without waiving these objections, Defendant did not use any "act or threat of violence" or any improper "promise of leniency" as he understands these terms, relating to the Garcia homicide investigation and he is not presently aware of and does not recall personally observing or having knowledge that any

other Defendant Officer used any such "act or threat of violence" or any improper "promise of leniency" during the Garcia homicide investigation.

13.     To your knowledge, did any Person in the Garcia Murder Investigation (including you) conduct or participate in any formal or informal witness interviews or have any Communications with witnesses that were not memorialized in a police report? If the answer to this question is anything other than an unqualified "no," please list the dates and locations of all such interviews or Communications, the names of each person involved in each interview or Communication, and the content of any such interview or Communication.

**ANSWER:**    Defendant objects to this Interrogatory on the grounds that the phrases "witnesses," "interviews," "communications," "any Person in the Garcia Murder Investigation" are vague and ambiguous.  Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and is better-suited for a deposition. Subject to and without waiving these objections, Defendant cannot presently recall any other "interview" or "communication" with any "witnesses" relating to his involvement in the Garcia homicide investigation beyond that referenced in the police reports, documents and testimony, nor is he aware of any "interview" or "communication" with any "witnesses" relating to any other Defendant Officer's involvement, if any, in the Garcia homicide investigation beyond that referenced in the police reports, documents and testimony produced. Investigation continues.

14.     Did you maintain any personal notes, personal emails, or personal files relating to the Garcia Murder Investigation or any suspects or witnesses in the investigation? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal notes and personal files relating to the Garcia Murder Investigation is contained in the Documents that you reference.

**ANSWER:**    Defendant objects to this Interrogatory on the grounds that the phrases personal notes," "personal emails," or "personal files", "suspects or witnesses in the investigation" are vague and ambiguous.  Defendant further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, and to the extent it seeks information protected by the

attorney-client and/or work-product privileges. Subject to and without waiving said objections,

Defendant has no documents responsive to this request.

      15.    Is it your position that at any point there was probable cause to support Plaintiff's arrest, charging, indictment, or prosecution for the Garcia Murder? If so, please provide the complete factual basis upon which probable cause existed at the time of Plaintiff's (a) arrest, (b) charging, (c) criminal trial, and (d) any other period of time. If it is your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that it is premature.

Subject to and without waiving this objection, Defendant was not present when Mr. Garcia was

murdered, and thus does not have personal knowledge regarding the identity of the person(s)

who committed the murdered.  However, evidence of probable cause that Anthony Jakes

murdered and/or took part in some manner in the murder includes, but is not limited to, Jakes'

confession, statements given to police and prosecutors, third-party statements, police reports,

witness testimony, and documents produced in this case.  Investigation continues.

      16.    Did you withhold from Plaintiff any *Brady* Evidence of which you were aware prior to his conviction being overturned on April 30, 2018 If your answer to this question is anything other than an unqualified "no," please state when you became aware of such *Brady* Evidence and describe each such piece of *Brady* Evidence, providing sufficient detail so that additional discovery requests can be served.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that the phrase "Brady

Evidence" is vague and ambiguous.  Defendant further objects to this interrogatory to the extent

it imposes an obligation to know the detail sufficient for Plaintiff to serve supplemental

discovery requests. Subject to and without waiving these objections, Defendant did not

knowingly withhold any "*Brady* Evidence" as he understands the term, nor is he aware of any

such evidence having been withheld from Plaintiff.

      17.    Please identify each Chicago Police Department file that has ever existed relating to the Garcia Murder Investigation or RD No. P 454 289 and for each such file identify by Bates

Number or otherwise describe (a) every Document that was associated with the file as of the date of Plaintiff's arrest; (b) every Document that was associated with the file as of the date of Plaintiff's criminal trial; (c) every Document that was associated with the file as of the date that his conviction was overturned on April 30, 2018; (d) every Document that is associated with the file as of today's date; (e) every Document that was associated with the file at any time in the past but which is no longer in the file; (f) every Document that was provided to state prosecutors before Plaintiff's criminal conviction; and (g) every Document that was provided to Plaintiff or his attorneys before Plaintiff's criminal conviction.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that phrases "file" and "associated" are vague and ambiguous. Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and disproportional to the needs of this case. Subject to and without waiving said objections, Defendant recalls no "files" or "documents" he created and/or of which he is aware other than those documents previously produced in the Defendants' MIDP disclosures relating to the CPD investigation of the Garcia homicide, if any, and further refers Plaintiff to the materials produced in response to Plaintiff's requests for production seeking materials addressed in this Interrogatory.  Investigation continues.

18.     For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**ANSWER:**    Defendant objects to this Interrogatory on the grounds that the phrases "discarded" and "all persons involved" are vague and ambiguous.  Defendant further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and disproportionate to the needs of this case, because it calls for this Defendant to account for the disposition of documents not in his possession over a 30-year period. Subject to and without waiving said objections, Defendant is not personally aware of any document responsive to this interrogatory that has been lost, discarded or destroyed.

Respectfully Submitted,

MICHAEL DELACY

_/s/ Brittany D. Johnson_ _____
One of his Attorneys

Eileen E. Rosen
Patrick R. Moran
Andrew J. Grill
Brittany D. Johnson
ROCK FUSCO & CONNELLY, LLC
321 N. Clark Street, Suite 2200
Chicago, IL 60654
T: (312) 494-1000
erosen@rfclaw.com
pmoran@rfclaw.com
agrill@rfclaw.com
bjohnson@rfclaw.com

## VERIFICATION

I, MICHAEL DELACY, under the penalties of perjury, depose and say that I have read the foregoing Answers to Plaintiff First Set of Interrogatories, and that they are true and accurate to the best of my knowledge.

_____
Michael DeLacy