**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ANTHONY JAKES, | |
| Plaintiff, | Case No. 19-cv-02204 |
| v. | Hon. Manish S. Shah |
| KENNETH BOUDREAU *et al.*, | Hon. Sheila M. Finnegan |
| Defendants. | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS
BOUDREAU, CEASAR, PACK, DELACY, BURKE, AND BONKE**

Pursuant to Federal Rule of Civil Procedure 34, plaintiff Anthony Jakes, through counsel, serves the following requests for production upon Defendants Boudreau, Caesar, Pack, Delacy, Burke, and Bonke, to be answered within 30 days after service.

**DEFINITIONS AND INSTRUCTIONS**

1. "Plaintiff" refers to plaintiff Anthony Jakes, as well as his counsel and any of his representatives, agents, or other Persons acting on his behalf.

2. "Defendant," "You," and "Your" refers to any party upon whom these requests is served, as well as his or its counsel and any consultants, experts, investigators, representatives, agents, or other Persons acting on his or its behalf.

3. "Defendant Officers" refers to Kenneth Boudreau, Michael Kill, Louis Caesar, Thomas Pack, Michael Delacy, Ken Burke, and Fred Bonke, as well as their counsel and any consultants, experts, investigators, representatives, agents, or other Persons acting on their behalf.

4. "Garcia homicide investigation" refers to any action taken by Defendant, the Defendant Officers, or other Investigators to determine the cause of death of Rafael Garcia, the

EXHIBIT 9

circumstances surrounding his death, and the person or people responsible for his death. This term is not limited solely to the actions leading to the prosecution of Arnold Day and Anthony Jakes, but includes actions taken with regard to other possible suspects.

     5.     "Investigator" means any person who participated in the Garcia homicide investigation, including the Defendant Officers, Michael Kill, and any other law enforcement officers, co-workers, colleagues, assistants, agents, or advisors who were involved in any way with the Garcia homicide investigation.

     6.     "Relate," "relating to," or "regarding" means directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

     7.     "Person" refers to any individual, corporation, partnership, organization, or other legal entity.

     8.     "Document" refers to documents and information, including electronically-stored information ("ESI"), subject to production under Rule 34.

     9.     "Communication" means the exchange of information between two or more Persons, whether orally, in writing, or by any other means.

     10.     "Complaint" refers to any complaint or criticism, including but not limited to written complaints, grievances, disciplinary records, personnel records, legal proceedings, or other Documents relating in any manner to the Defendant Officers' job performance or the job performance of any of their counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on their behalf, regardless of the disposition of any resulting inquiry or investigation.

11. "And" and "or" shall be construed to give the words their broadest possible meaning.

12. In construing a request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neuter pronoun shall not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense where the clear meaning is not destroyed by the change.

13. If you withhold a document on the basis of attorney-client privilege, attorney work product privilege, or any other privilege or immunity, state the reason you withheld the document and produce a privilege log that identifies: the nature of the privilege asserted; the document's custodian, author, date, subject matter, and present location; all recipients of the document; and all attachments transmitted with the document.

14. If a document that is responsive to a request has been destroyed, identify the document, its last known location and custodian, and the reason it was destroyed or circumstances of its destruction.

15. Documents that are stored electronically shall be produced in their native format if production in the native format would provide information not contained on the face of the document if produced in another format.

16. Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of the Document.

17. If there are no Documents or information in your possession, custody, or control responsive to a particular request, you shall expressly state as much in your written response to the relevant request.

18. If any Documents or information responsive to Plaintiff's discovery requests are

3

known by you to exist but are not in your possession, custody, or control, please identify those Documents or that information and the Person who has possession, custody, or control thereof.

19. Unless otherwise stated, the relevant time period for these discovery requests is the period beginning ten years before the date of Rafael Garcia's murder continuing through the conclusion of this litigation.

**REQUESTS FOR PRODUCTION**

1. Any and all Documents that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

2. All Documents relating to or supporting Defendants' Affirmative Defenses and Answer to the Complaint, including all documents upon which Defendants may rely at trial.

3. Any and all Documents prepared in connection with the Garcia Murder Investigation and the investigation, arrest, interrogation and charging of Plaintiff for the murder, including but not limited to any and all police reports, collected evidence, lab reports, handwritten notes, crime scene photographs, photo arrays, and photographs or statement of the Plaintiff, or of other witnesses. The request specifically includes but is not limited to the complete Department Permanent Retention File and the complete Investigative File, Area File, Unit File, or Street File with respect to the Garcia Murder Investigation.

4. All Documents relating to Enrique Lujan, Gus Robinson, Marco Garcia, Arnold Day, Mattie Gibson, Martin Reeves, Gurgid Singh, Denise Harris, Annetee Harris, Ronnie Sloan, Andre Green, Tyrone Pitts, Michael Sampson, Cleotha Chairse, and/or Victor Clemons.

5. Any photographs of Plaintiff or any other persons that were shown to any witnesses during the Garcia Murder Investigation.

6. All photographs depicting line-ups that were viewed by any witnesses during the Garcia Murder Investigation.

7. Any Documents relating to any confidential informants that were used by the Department during the Garcia Murder Investigation.

8. Any and all Documents relating to Plaintiff's interrogation(s) for the Garcia Murder.

9. All Documents, including any and all attachments and investigator notes, relating to any internal investigation (*e.g.*, OPS, Internal Affairs, OPR, IPRA, etc.) undertaken by the Department in connection with the events described in Plaintiff's Complaint.

4

10. All Documents, including Street Files or running files, which were not included in the Investigative File and that summarize, reflect or describe any police actions related to the Garcia Murder Investigation.

11. All Documents, including Street Files, general progress reports, supplementary reports and/or notes that reflect or describe the photo arrays, line-ups and/or witness interviews conducted during the Garcia Murder Investigation.

12. All Documents relating to whether the Plaintiff committed any illegal act in relation to the incident described in Plaintiff's Complaint.

13. Any and all Documents related to any Complaint of any person against any of the individual Defendant City Officers at any time. This request specifically seeks the complete Department "CR" file for each Complaint; a print-out of the disciplinary histories of each of the Defendant Officers with information sufficient to determine the date of any Complaint, the type of Complaint, and the result of any investigation or disciplinary proceeding with respect to each such Complaint; and any Complaints filed in criminal or civil court.

14. All files relating to any of the Defendant Officers, including complete Department personnel files, internal affairs files, training records, and employment evaluations.

15. Documents sufficient to show the location, movements, and assignments of each of the individual Defendant Officers from September 15, 1991 through September 18, 1991 and February 3 to February 5, 1992. This request specifically seeks but is not limited to the Department Attendance and Assignment sheets for the specified time period, as well as any personal or work-related calendars, diaries, journals, and the like. This request includes but is not limited to any and all Documents that would be relevant to determining your location and movements on the dates described in Plaintiff's Complaint, such as, for example, any police reports, arrest lists, ticket book, log sheets, time sheets, payroll records, overtime requests, etc.

16. Any insurance contracts or indemnification agreements that may cover the liability of any of the Defendant Officers or the City for the claims Plaintiff makes in this case.

17. A photograph of each of the Defendant Officers showing each Officer's appearance. This request seeks the photograph of each Officer in the Department's possession taken closest in time to the Garcia Murder Investigation.

18. All Documents in Your possession relating to Plaintiff. This request includes Documents obtained prior to, during and after the Garcia Murder Investigation.

19. All Documents that support or relate to any of your responses to any of Plaintiff's Interrogatories or Requests for Admission in this case.

20. All Documents comprising, containing, or memorializing Communications of any kind relating to this case, including but not limited to memos, letters, faxes, e-mails, reports, notes, etc. This Request includes but is not limited to (a) all Communications between the

5

Investigators and Plaintiff; (b) all Communications between the Investigators and the witnesses in this case; (c) all Communications with employees of the Cook County Sheriff's Department; (d) all Communications with any other law enforcement agencies; (e) all Communications with employees of the Cook County State's Attorney's Office; (f) all Communications between or among any person within the Department; and (g) all Communications between any of the Investigators. This request also includes any such Communications that are not included in the Investigative File for the Garcia Murder Investigation.

21. Any Communications with the Police Review Board ("PRB") regarding the Rafael Garcia homicide, any of the Defendant Officers, Plaintiff's conviction, Plaintiff's post-conviction proceeding or certificate of innocence proceeding.

22. All transcripts, tape recordings, and radio transmissions (or Documents memorializing the same) relating to the subjects described in Plaintiff's Complaint.

23. Any witness statements relating to any of the events described in Plaintiff's Complaint in this action.

24. All Documents obtained from third parties (including but not limited to via third party subpoena in this litigation), including but not limited to employment records, medical records, prison/jail records, or any other records.

25. All Documents obtained via FOIA or other means that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

26. Any and all "demonstrative" aids or exhibits which may be used at trial of this cause. To the extent responsive Documents become available prior to the close of the discovery period, please seasonably supplement your Responses.

27. All Documents Relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to: (a) all Communications to/from said expert(s) which are not otherwise protected as work product under Rule 26; (b) all Documents provided to and relied upon by said expert(s); (c) all notes, reports, and analysis by said expert(s); (d) all bills or statements of the hours and compensation paid to or billed by the witness for work on this matter; and (e) any transcripts of prior testimony or Rule 26 reports of said expert(s). To the extent responsive Documents become available as the litigation proceeds, please seasonably supplement your Responses.

28. All policies, procedures, general orders, special orders, and/or employee manuals relating to how to conduct a felony crime investigation.

29. Any Documents relating to any written policies, procedures, or training implemented by the Department that:
    a. required Chicago police officers and/or police detectives to document and/or memorialize the various developments in the investigation in such a way that they would become part of the Investigative File as the

    investigation proceeded (thus, this request seeks all Documents relating to this topic from the earliest of either the time the policy, procedure, or training was implemented or the earliest date one of the Defendant police officers joined the Department, all the way up to 2001);

  b. governed how interrogations or questioning of suspects were to be conducted, (thus, this request seeks all Documents relating to this topic from the earliest of either the time the policy, procedure, or training was implemented or the earliest date one of the Defendant police officers joined the Department, all the way up to 2001);

  c. governed how interviews or questioning of witnesses were to be conducted, (thus, this request seeks all Documents relating to this topic from the earliest of either the time the policy, procedure, or training was implemented or the earliest date one of the Defendant police officers joined the Department, all the way up to 2001);

  d. required Chicago police officers and/or police detectives to produce and disclose exculpatory evidence (thus, this request seeks all Documents relating to this topic from the earliest of either the time the policy, procedure, or training was implemented or the earliest date one of the Defendant police officers joined the Department, all the way up to 2001);

  e. required Chicago police to document and/or memorialize interrogations of suspects and interviews of witnesses, and place these documents, including all statements, in the Investigative File and/or otherwise make them available by any other means to prosecutors (thus, this request seeks all Documents relating to this topic from the earliest of either the time the policy, procedure, or training was implemented or the earliest date one of the Defendant police officers joined the Department, all the way up to 2001).

  f. governed how lineups and/or photo arrays were to be conducted (thus, this request seeks all Documents relating to this topic from the earliest of either the time the policy, procedure, or training was implemented or the earliest date one of the Defendant police officers joined the Department, all the way up to 2001).

  30. The contents of any training that You received on any of the following topics: (a) interrogating witnesses and suspects; (b) interrogating juvenile suspects; (c) disclosing evidence to the Cook County State's Attorney's Office; (d) memorializing information about a criminal investigation in police documents, including but not limited on supplementary reports and General Progress Reports; (e) maintaining street files, personal files or personal notes; and (f) maintaining the Investigative File, Investigative File Case Folder and any associated inventories, logs, or control cards.

  31. All policies, procedures, general orders, special orders, rules, regulations, and/or training relating to a Chicago police officer's duties and obligations under *Brady v. Maryland* to ensure that potentially exculpatory material is disclosed to a criminal defendant.

32. All Documents relating to your total financial net worth, including your three most recent tax returns.

33. All Documents that support a defense by you in this litigation that an award of punitive damages would cause financial hardship.

34. Any and all Documents relating to any psychological testing or screening of any kind performed on each Defendant Officer (a) before you were hired by the Department; and (b) during your employment with the Department.

35. All physical evidence relating to any of the allegations in Plaintiff's Complaint or Defendants' defenses thereto.

Dated: October 14, 2019

Respectfully submitted,

ANTHONY JAKES

By: *s/ Russell Ainsworth*
      One of His Attorneys

Arthur Loevy
Jon Loevy
Russell Ainsworth
Heather Lewis Donnell
Alison R. Leff
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
(312) 243-5900 (phone)
alison@loevy.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on October 14, 2019, a copy of the foregoing document was served on all counsel of record via electronic mail.

                                              *s/ Russell Ainsworth*