*Jakes v. Boudreau, et al.,* 19 CV 02204

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LaSHAWN EZELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 1049 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs have filed a "Motion to Compel Production of Defendant Officer Photographs and Auto Lot Investigative Documents." [Dkt. #180]. For the following reasons, the Motion is denied in part and granted in part.

The plaintiffs' motion is denied as to the production of photographs of the defendant police officers. The plaintiffs have rejected any procedure or protocol to safeguard against misidentification as "onerous." [Dkt. # 180, at 3]. Such procedures may be many things, but onerous is hardly an apt description, and "...saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir.2010). Cases in this district have generally required such procedures when photographs are sought under similar circumstances. *See Davis v. City of Chicago*, 219 F.R.D. 593, 600 (N.D. Ill. 2004)(Zagel, J.)("The Plaintiffs, of course, need not accept these conditions. I do not require that the Plaintiffs make identifications from a photographic array before proceeding with the case. The Plaintiffs are free to abandon their request for the City's photographs."); *Abernathy v. Village of Park Forest*, 2018 WL 5499789, at *3 (N.D. Ill. 2018)("Plaintiff has not proposed any reliable identification procedure or protocol to assure the integrity of any potential identification.");

*Saunders v. City of Chicago*, 12-cv-9158, Dkt. # 468 (Mar. 2, 2017)("To the extent that any Plaintiff seeks to personally view certain photographs in advance of trial to aid in his identification of Defendants at trial (or for other purposes), he is to seek leave of Court for pretrial access to those photographs and explain why this is necessary despite Defendants' objections to an unfair and unreliable identification process.").[1]

      Of course, the parties are free to meet and confer on this matter as required by Local Rule 37.2, and do so *in good faith*, which is also required. *See Chicago Reg'l Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Gunn v. Stevens §. & Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016)(". . . adamantly clinging to the positions with which they began" amounts to a failure "to comply, in good faith, with the requirements of Local Rule 37.2."). It has to be said that there was a lack of genuine good faith negotiating on this dispute, mostly on the plaintiffs' side, based on the plaintiffs' submissions. The

---

[1] While plaintiffs place substantial reliance on a FOIA decision from the Circuit Court of Cook County, the decision is certainly not controlling here; nor is it necessarily persuasive. A FOIA request for recent photographs of known officers has little to do with a discovery demand for old photographs of defendant officers to help plaintiffs identify the officers they claim violated their rights years ago. The issue here is not invasion of officers' privacy, but suggestive identification, which can be assuaged by protocols the plaintiff has refused to consider. Moreover, although "[a] district court decision binds no judge in any other case, save to the extent that doctrines of preclusion . . . apply," *Gould v. Bowyer*, 11 F.3d 82, 84 (7th Cir. 1993), "it is entirely proper practice for district judges to give deference to persuasive opinions by their colleagues on the same court." *TMF Tool Co., Inc. v. Muller*, 913 F.2d 1185, 1191 (7th Cir. 1990). Courts have "broad discretion in controlling discovery," which this court will exercise in this instance, by taking the path followed by other judges within this district in similar circumstances. *Semien v. Life Ind. Co. of N. Am.*, 436 F.3d 805, 813 (7th Cir. 2006).

parties last met and conferred on this matter in mid-October of 2019. [Dkt. #180-3]. At that time, defendants demanded some type of protocols – as discussed in the foregoing cases – for production and review of any photographs of the defendant officers. The plaintiffs' position was that there should be no such protocols. The defendants suggested there might be some middle ground. [Dkt. #180-3, at Page 3-4/11]. The plaintiffs responded –but not until three months later at the end of January – that they would be litigating the issue. This motion followed. There was clearly a lot of middle ground to be explored between "onerous" protocols and none at all, but the plaintiffs chose not to do any further negotiating. Intransigence is generally an inappropriate course to pursue in discovery. But that is unfortunately what has occurred here.

The plaintiff's motion as to production of crime scene car lot police reports is granted in part. As with the photograph issue, the parties left a wide gulf completely unaddressed in their Local Rule 37.2 conference on this squabble. Defendants offered two years worth of crime scene data, and the plaintiffs demanded ten. The defendants appear to have budged a bit; the plaintiffs refused to budge at all, steadfastly demanding ten years' of documents. [Dkt. ##180-3; 180-5]. Neither side makes a convincing case that their position is any better than the other side's position. Between these two polar positions, however, a broad range of positions exists for where there are no clear guidelines and the court is free to exercise its own discretion. *New Medium Techs. LLC v. Barco N.V.*, 242 F.R.D. 460, 462–63 (N.D. Ill. 2007).[2]

---

[2] A court has vast discretion in supervising discovery. *Cf. Crawford v. Britton*, 523 U.S. 574, (1998); Rule 26(c), Federal Rules of Civil Procedure. " '[D]iscretion denotes the absence of a hard and fast rule.' " *Langnes v. Green*, 282 U.S. 531, 541 520 (1931). *See also Pruitt v. Mote*, 472 F.3d 484 (7th Cir.2006); *Rogers v. Loether*, 467 F.2d 1110, 1111–1112 (7th Cir.1972) (Stevens, J.), *aff'd sub nom. Curtis v. Loether*, 415 U.S. 189(1974). Being a range, not a point, discretion allows two decision-makers-on virtually identical facts to arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *Compare*
(continued...)

Accordingly, as the parties were unable to find some reasonable middle ground, it falls to the court to be the ultimate arbiter: the production shall be limited to reports from 3 years before and 2 years after the Ali/Ibrahim murders. This resolution sufficiently gives the parties what they are reasonably due. As Judge Moran so pithily put it, "[p]arties are entitled to a reasonable opportunity to investigate the facts—and no more." *Vakharia v. Swedish Covenant Hosp.*, 1994 WL 75055, at *2 (N.D. Ill.1994).

We do not mean to be critical of either side, but the inescapable reality is that *needless* intractable discovery disputes, like those in this case, continue largely unabated, and the unyielding positions all too often rigidly insisted on by the parties are not likely to forward the quest for truth, which, after all, is the basic purpose of discovery. *Taylor v. Illinois*, 484 U.S. 400, 430 (1988). The kind of rigidity manifested by the parties here is precisely why the Seventh Circuit and so many other courts have lamented that "protracted discovery, [is] the bane of modern litigation." *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000). We "'must be mindful of the realities of modern litigation. Pre-trial discovery under modern federal practice has become a monster on the loose .... Pre-trial proceedings have become more costly and important than trials themselves.'" *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1013 (4th Cir. 1986). That it has is unfortunate. As Judge Gettleman has said, "we can do better." Robert Gettleman, *We Can Do Better*, 25 LITIGATION 3 (Summer 1999). And indeed we should. If we do not, the ancient criticisms of the Bar become harder

---

[2](...continued)
*United States v. Boyd,* 55 F.3d 239 (7th Cir.1995) with *United States v. Williams*, 81 F.3d 1434 (7th Cir.1996). *See also,* Henry Friendly, *Indiscretion About Discretion*, 31 Emory L.J. 747 (1982). It is only when no reasonable person could agree with the district court's conclusion that it can be said that a discretionary choice is abusive. *See Rivera v. City of Chicago*, 469 F.3d 631 (7th Cir.2006); *Purtell v. Mason*, 2006 WL 2037254 at *3 (N.D.Ill.2006)(St. Eve, J.).

to answer. *See* Stuart M. Speiser*, Sarbanes-Oxley and the Myth of the Lawyer Statesman*, 32 LITIGATION 5 (Fall 2005).[3]

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/2/20

---

[3] In an address to the Bar Association of the City of New York in 1921, Learned Hand, then a young district judge, lamented the "atmosphere of contention over trifles, the unwillingness to concede what ought to be conceded, and to proceed to the things which matter. Courts have fallen out of repute; many of you avoid them whenever you can, and rightly. About trials hang a suspicion of trickery and a sense of a result depending upon cajolery or worse. I wish I could say that it was all unmerited. After now some dozen years of experience I must say that as a litigant I should dread a lawsuit beyond almost anything else short of sickness and death." Lectures on Legal Topics, Learned Hand, The Deficiencies Of Trials to Reach the Heart of the Matter, 105 (The MacMillan Co. 1926). Unfortunately, that view is still held by many.