*Jakes v. Boudreau, et al.,* 19 CV 02204

# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.3
Eastern Division

Arturo DeLeon−Reyes
                                Plaintiff,
v.                                                      Case No.: 1:18−cv−01028
                                                        Honorable Steven C. Seeger
JoAnn Halvorsen, et al.
                                Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, November 30, 2020:

MINUTE entry before the Honorable Steven C. Seeger: Defendant City of Chicago's Rule 72 Objections to Order Requiring Production of Homicide Investigative Files (Dckt. No. [231]) are hereby overruled. Under Rule 72(a), a district court may overrule an order by a magistrate judge if it is "clearly erroneous or contrary to law." See Fed. R. Civ. P. 72(a). That's a high bar. "The clear error standard means that the district court can overturn the magistrate judge's ruling only if [it] is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997); see also Industries, Inc. v. Centra 2000, Inc., 249 F.3d 625, 627 (7th Cir. 2001) (a decision is only clearly erroneous if "it strikes us as wrong with the force of a 5 week old, unrefrigerated, dead fish"). Here, the dispute is about the appropriate scope of Monell discovery. The City objects to an Order from the Magistrate Judge compelling the production of all Area Five homicide investigative files and CR files for detectives from 1995 to 1998 (totaling 343 homicide investigative files) (and consisting of fewer than 50,000 pages, according to Plaintiff). See 9/10/19 Order (Dckt. No. [224]); Pl's Resp., at 2 (Dckt. No. [272]). Before issuing that Order, the Magistrate Judge had to make a number of judgment calls about the relevance of the documents and the proportionality of the requests. The Magistrate Judge rejected the City's position that it should have to produce only (1) Area Five homicide files for which there exists a corresponding Cook County State's Attorney Office file, and (2) complaint register files for every fifth detective. Id. But the Magistrate Judge also substantially trimmed the Plaintiff's request, allowing discovery of documents from 1995 to 1998 (only), three years less than the period requested by Plaintiff (1992 to 1998). The City objected, on relevance and proportionality grounds. The breadth of the requests is sweeping, both in the number of other cases (343) and in the volume of pages (50,000). But the ruling is not out of line with the scope of discovery in similar Monell−related cases in this district (e.g., Fields and Rivera). The apparent justification for the requests is the need to show that the City had a policy or practice of coercing confessions, fabricating evidence, failing to produce exculpatory evidence, and so on. The Court does have some doubts about the relevance (and admissibility) of some of the information at trial. But discoverability and admissibility are two different things. See Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). The Monell claim presumably should not open the door to relitigating the City's conduct in

countless other cases, absent a firm and definable connection to the case at hand. More generally, it is not entirely clear how useful such evidence would be at trial. For example, Plaintiff apparently intends to compare the City's investigative files with defense counsel files, and see what documents the City failed to produce (and thus use the "missing" documents to establish a pattern of wrongfully withholding evidence). Such evidence seems relevant only if Plaintiff could identify information that the City failed to produce to the Plaintiff in the Soto investigation (meaning the underlying murder case in which Plaintiff was convicted). Whether the Soto investigative file is missing documents is hotly contested by the parties. See Def's Objections, at 6 (Dckt. No. [231]) ("Unlike the plaintiffs in Fields and Rivera, Plaintiffs here have not identified a single document in the Soto investigative file that was not produced to them, much less one that constitutes material exculpatory evidence."); Pl's Resp., at 15 ("Dckt. No. [272]) ("Plaintiffs have already uncovered substantial evidence that documents and evidence were suppressed throughout their criminal prosecution...."). Failing to produce evidence in other cases doesn't seem probative to this case unless the City failed to produce evidence in the Soto case, too. A pattern or practice that affected other criminal defendants, but did not affect DeLeon–Reyes, is not probative in a case brought by DeLeon–Reyes. There needs to be a concrete link between the alleged misconduct in other criminal investigations and the alleged misconduct in the criminal investigation of DeLeon–Reyes. Also, Plaintiff's argument about the "missing" documents assumes that the defense counsel files from other criminal cases still exist and remain complete. And even then, it is not clear how that comparison would work if Plaintiff's theory is that some records were never created in the first place. See Pl's Resp., at 3 (referring to "pertinent investigative information [that] was not reported") (Dckt. No. [272]); see also id. at 10 (pointing to the "widespread failure to document important investigative information"). If information was missing from the investigative files in the first place, then comparing those files to defense counsel's files would not advance the ball very far. There are other potential issues, too, such as the need to identify the perceived deficiencies in the City's policies and practices at an appropriate level of generality, so that they are sufficiently tailored to inform this case. One would think that there would need to be a link between the type of misconduct alleged here (e.g., a failure to produce exculpatory information about the lineup) and the misconduct in other cases. In addition, it is not obvious how the investigative files would show "evidence of coerced confessions" in other cases. See Def's Objections, at 2 (Dckt. No. [231]). It's possible that the files memorialized that a confession was coerced, but that possibility seems unlikely. But see Pl's Resp., at 11 (Dckt. No. [272]) (explaining how, in his view, an investigative file could suggest a coerced confession). As a final example, it is not clear that evidence about the length of detention before giving a statement in other cases would be probative (the argument appears to be that the length of time in detention sheds light on the length of interrogation, and thus can imply coercion). See Def's Objections, at 12 (Dckt. No. [231]). In sum, suffice it to say that the admissibility of all of this evidence is a decision for another day (and the Court will keep an open mind on admissibility in the meantime). Nothing in today's ruling is a ruling on admissibility. Today, the issue is discovery only. The Magistrate Judge carefully considered the issue and concluded that the Order struck the right balance, after considering relevance and proportionality. No party received all that it wanted. Not every "split the baby" ruling is right. But after a close independent review, the Court concludes that the Magistrate Judge made a judgment call that was well within the field of play. The Court cannot conclude that the decision was clearly erroneous or contrary to law, and thus the objections are overruled. Plaintiffs offered to pay for the production. See Pl's Resp., at 19 (Dckt. No. [272]). The Court leaves it to the Magistrate Judge to sort out that issue if necessary. The Magistrate Judge also will discuss with the parties how long it will take the City to complete its production. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.