IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Anthony Jakes, <br><br> Plaintiff, <br><br> v. <br><br> Kenneth Boudreau et al, <br><br> Defendants. | Case No. 19 C 2204 <br> Magistrate Judge: Beth W. Jantz |

## ORDER

Motion hearing held on 01/29/2021. The Court thanks the parties for their helpful and well-prepared arguments. For the reasons stated on the record and as set out in greater detail below: Defendant Officers' unopposed amended motion for leave to depose incarcerated witness [136] is granted and Defendants Officers' original motion [135] is stricken as moot; Plaintiff's motion to compel discovery responses from Individual Defendant Officers [125] is denied; Plaintiff's motion to compel discovery responses from Defendant City of Chicago [126] is granted in part, denied in part, and reserved in part; Plaintiff is limited to 10 Rule 404(b) witnesses on his "will call" list, and Defendants may depose all 10 of those witnesses in this case; and the fact discovery deadline is extended to 10/08/2021 with periodic JSRs required from the parties. The parties are directed to the detailed statement below for a full list of new due dates.

## STATEMENT

Defendant Officers' amended motion for leave to depose incarcerated witness [135] is granted as unopposed. As outlined in Plaintiff's response to the motion [139] and the attached exhibits, the parties have met and conferred and are at an impasse as to how the time for the deposition of Mr. Augustus Robertson (Inmate #K77587), an inmate currently incarcerated in the IDOC, should be allocated. Given that Defendant Officers and Plaintiff have both explained that they believe Mr. Robertson is an important witness and Plaintiff has articulated why he thinks there may not be significant overlap in the parties' questioning, the Court finds extending the time for Mr. Robertson's deposition is appropriate and, pursuant to Federal Rule of Civil Procedure 30(d)(1), orders that Mr. Robertson may be deposed for 1 day of 8.5 hours, with 5 hours allocated to Defendants and 3.5 hours allocated to Plaintiff. Mr. Robertson's place of incarceration is instructed to make the appropriate arrangements to accommodate a video deposition of this length.

As to the Rule 404(b) witness issues identified in the parties' 01/14/2021 joint status report [133], for the reasons stated on the record, the Court finds that proportionality concerns under Federal Rule of Civil Procedure 26(b)(1) warrant limiting Plaintiff to 10 Rule 404(b) witnesses that Plaintiff intends to call at trial. If some of those witnesses are unavailable, meaning that they cannot be located or served or they invoke their Fifth Amendment privilege and refuse to answer

questions (not merely decline to participate), Plaintiff may substitute other Rule 404(b) witnesses for the unavailable witnesses. Accordingly, Plaintiff is directed to narrow his Rule 404(b) witness list from 12 to 10 witnesses by 02/05/2021; the Court will set a deadline by which Plaintiff must complete any witness substitutions at a later time. Further, the Court declines to impose a limit on Defendants' ability to depose the listed Rule 404(b) witnesses in this case based on Defendants' counsel having recently deposed any of those witnesses in other cases.

In advance of its rulings on Plaintiff's motions to compel, the Court reviewed all of the written submissions, including Plaintiff's motions to compel [125] [126], Defendants' responses to those motions [131] [132], and the exhibits attached to those filings. For the reasons stated on the record, Plaintiff's motion to compel discovery responses from Defendant Officers is denied [125] because the Court finds that, based on Federal Rule of Civil Procedure 26(b), Interrogatories 3, 9, and 11 as written are overly broad and unduly burdensome.

For all of the reasons explained in greater detail on the record, Plaintiff's motion to compel discovery responses from Defendant City of Chicago is granted in part [126], denied in part, and reserved in part. Specifically as to each issue: the Court denies as moot Plaintiff's motion with respect to Request 17 from the second production request, but the City is to complete production of the CR and personnel files by 02/12/2021, and, once they have been obtained, provide the additional Records Disposal Certificates to Plaintiff. Once these steps have been completed, the City must document to Plaintiff the steps it took to search for payroll records, overtime requests, and timesheets, and Plaintiff may raise any deficiencies in his view at that point.

Next, as to Request 19 from the second production request, the Court finds photographs of Defendant Officers taken close in time to the Garcia murder investigation to be relevant and grants Plaintiff's motion in this regard. The Court, however, concludes that some further procedure for production and identification of the photographs should be in place. The parties are ordered to meet and confer regarding the mechanics of and timeline for a production and identification procedure by 02/12/2021.

The Court denies as moot Plaintiff's motion with respect to Request 22 from the second production request. The request for communications relating to the Garcia murder investigation certainly calls for a substantial swath of relevant documents, but the request as written is too broad. The parties are ordered to further meet and confer to narrow the scope of the request, both temporally and with respect to certain people, and to possibly identify categories of documents to be searched, by 02/12/2021.

As to Plaintiff's third request for production, which asks for the homicide investigative files of 34 people listed in Plaintiff's complaint, the Court orders the parties to meet and confer by 02/12/2021 regarding whether Plaintiff has the RD numbers for the 12 homicide investigative files that the City has agreed to produce; following that, the City is ordered to produce those 12 files by 03/05/2021. The Court reserves ruling on the remaining 22 files, and the parties are to submit supplemental responses, not to exceed five pages, specifically identifying any non-*Monell* cases or cases in which *Monell* discovery was bifurcated, in which the issue of the production of investigative files has been raised and decided, by 02/05/2021.

Lastly, the Court finds good cause to extend the fact discovery deadline to 10/08/2021. The Court views the deadline as firm, so the parties will be expected to file joint status reports about

every other month (specific dates will be set as appropriate) with updates regarding discovery, including completed and proposed deposition dates. The parties' first joint status report is due by 03/08/2021, and should include (1) updates regarding the items about which the parties were ordered to meet and confer, and (2) a full list of all fact witnesses the parties expect to depose. Should the parties later wish to add a fact witness to that list, they must seek leave of court to do so.

Date: 02/01/2021

Beth W. Jantz, U.S. Magistrate Judge