# Exhibit B

3968

```
                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION
```

| | | |
|---|---|---|
| JACQUES RIVERA, | ) | No. 12 CV 4428 |
| Plaintiff, | ) | |
| vs. | ) | Chicago, Illinois |
| REYNALDO GUEVARA, STEVE GAWRYS, DANIEL NOON, JOHN GUZMAN, JOSEPH FALLON, JOSEPH SPARKS, PAUL ZACHARIAS, GILLIAN MCLAUGHLIN, JOHN LEONARD, EDWARD MINGEY, RUSSELL WEINGART, ESTATE OF ROCCO RINALDI, CITY OF CHICAGO, | ) | June 26, 2018 |
| Defendants. | ) | 1:15 o'clock p.m. |

```
                           VOLUME 16-B
               TRANSCRIPT OF PROCEEDINGS - Trial
             BEFORE THE HONORABLE JOAN B. GOTTSCHALL
                           and a jury
```

APPEARANCES:

For the Plaintiff:  LOEVY & LOEVY
                    BY:  MR. JONATHAN I. LOEVY
                         MR. STEVEN E. ART
                         MR. ANAND SWAMINATHAN
                    311 North Aberdeen Street
                    3rd Floor
                    Chicago, Illinois  60607

                    MacARTHUR JUSTICE CENTER
                    Northwestern University School of Law
                    BY:  LOCKE E. BOWMAN III
                    357 East Chicago Avenue
                    Chicago, Illinois  60611
                    (312) 503-0844

Court reporter:     Blanca I. Lara
                    Official Court Reporter
                    219 South Dearborn Street
                    Room 2504
                    Chicago, Illinois 60604
                    (312) 435-5895
                    blanca_lara@ilnd.uscourts.gov

| | | |
|---|---|---|
| | 1 | MR. ART: Ours says, If you stop for the defendants, |
| | 2 | stop here. If you decide for the plaintiff, keep going. |
| | 3 | THE COURT: I got it. I got it. I got it. |
| | 4 | Okay. I'm going to go with the plaintiff's. |
| 04:01:48 | 5 | Next? |
| | 6 | MR. ART: Compensatory damages. |
| | 7 | THE COURT: Yes. |
| | 8 | MR. ART: We're all on the same page here, I think, |
| | 9 | except for whether -- so let me say two things. Let me strike |
| 04:01:56 | 10 | that and start again. |
| | 11 | We're all on the same page here. Plaintiff is |
| | 12 | withdrawing Paragraph 3 of his instruction about lost wages. |
| | 13 | THE COURT: Yes, okay. |
| | 14 | MR. ART: Okay. So then we have the same language |
| 04:02:08 | 15 | except plaintiff has separated physical, mental and emotional |
| | 16 | pain and suffering out from loss of a normal life. |
| | 17 | THE COURT: It doesn't matter. I will go with the |
| | 18 | plaintiff's, as I usually do when I can't decide any |
| | 19 | difference. Plaintiff's is fine. |
| 04:02:24 | 20 | Next? |
| | 21 | MR. ART: Punitive damages, I don't think there's a |
| | 22 | disagreement anymore. There's no evidence of inability to pay |
| | 23 | presented at this trial, so it shouldn't be instructed. |
| | 24 | THE COURT: Fine. So there's no difference? You know |
| 04:02:35 | 25 | what to do? |

| | | |
|---|---|---|
| | 1 | MR. ART: To the extent there's any difference, how |
| | 2 | about this? We'll use defendants' version. |
| | 3 | THE COURT: Fine. |
| | 4 | MR. ART: But with respect to those factors, there's |
| 04:02:45 | 5 | no inability to pay. |
| | 6 | MR. POLICK: So we'll just strike the financial |
| | 7 | condition element. |
| | 8 | MR. ART: Right. |
| | 9 | MR. POLICK: Okay. I got you. |
| 04:02:50 | 10 | THE COURT: So we'll use defendants', okay? |
| | 11 | Next? |
| | 12 | MR. ART: Defendants have proposed at 433-2, Page 53, |
| | 13 | an instruction about the jury not considering Section 1988 |
| | 14 | attorneys' fees. We don't think there's any place for that |
| 04:03:05 | 15 | instruction. |
| | 16 | THE COURT: No, no, no. They don't -- I don't think |
| | 17 | we have to instruct them on that. |
| | 18 | MR. ART: Then we have agreed instructions through the |
| | 19 | end. |
| 04:03:14 | 20 | THE COURT: Okay. Are we done? |
| | 21 | MR. ART: We'll have a revised -- |
| | 22 | MS. ROSEN: Did you do these, the ones the defendants' |
| | 23 | filed? |
| | 24 | MR. ART: I'm sorry. |
| 04:03:23 | 25 | MS. ROSEN: Yeah. |

4127

```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   JACQUES RIVERA,                          ) No. 12 CV 4428
                                              )
 4            Plaintiff,                      )
     vs.                                      ) Chicago, Illinois
 5                                            )
     REY GUEVARA, STEVE GAWRYS, DANIEL NOON,  )
 6   JOHN GUZMAN, JOSEPH FALLON, JOSEPH SPARKS,)
     PAUL ZACHARIAS, GILLIAN MCLAUGHLIN, JOHN )
 7   LEONARD, EDWARD MINGEY, RUSSELL WEINGART,) June 27, 2018
     ESTATE OF ROCCO RINALDI, CITY OF CHICAGO,)
 8                                            )
              Defendants.                     ) 8:45 o'clock a.m.
 9
                              VOLUME 17 A
10                       TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE JOAN B. GOTTSCHALL
11                             and a jury

12   APPEARANCES:

13   For the Plaintiff:    LOEVY & LOEVY
                           BY:  MR. JONATHAN I. LOEVY
14                              MR. STEVEN E. ART
                                MR. ANAND SWAMINATHAN
15                         311 North Aberdeen Street
                           3rd Floor
16                         Chicago, Illinois  60607

17                         MACARTHUR JUSTICE CENTER
                           Northwestern University School of Law
18                         BY:  Locke E. Bowman, III
                           357 East Chicago Avenue
19                         Chicago, Illinois 60611
                           (312) 503-0844
20

21
     Court reporter:            Blanca I. Lara
22                           Official Court Reporter
                             219 South Dearborn Street
23                                  Room 2504
                              Chicago, Illinois 60604
24                               (312) 435-5895
                           blanca_lara@ilnd.uscourts.gov
25
```

1 | Appearances (continued:)
2
3
4 | For the Individual    THE SOTOS LAW FIRM
  | Defendants:           BY:  MR. JEFFREY N. GIVEN
  |                            MR. JAMES G. SOTOS
5 |                            MS. CAROLINE P. GOLDEN
  |                            MR. JOSEPH M. POLICK
6 |                            MR. DAVID A. BRUEGGEN
  |                       550 East Devon Avenue
7 |                       Suite 150
  |                       Itasca, Illinois  60143
8
9 | For the Defendant     ROCK FUSCO & CONNELLY, LLC
  | City of Chicago:      BY:  MS. EILEEN E. ROSEN
10|                            MS. CATHERINE M. BARBER
  |                            MS. THERESA B. CARNEY
11|                       321 North Clark Street
  |                       Suite 2200
12|                       Chicago, Illinois  60654
13
  | For the Defendant     LEINENWEBER BARONI & DAFFADA, LLC
14| Guevara:              BY:  MR. THOMAS E. LEINENWEBER
  |                            MR. JAMES V. DAFFADA
15|                       120 North LaSalle Street
  |                       Suite 2000
16|                       Chicago, Illinois  60602
17
18
19
20
21
22
23
24
25

|           |    |                                                                              |
|-----------|----|------------------------------------------------------------------------------|
|           | 1  | unseemly.  They're going to blame a 12-year-old.                             |
|           | 2  | And, you know, Mr. Gawrys went so far as to apologize.                       |
|           | 3  | "I'm sorry for what Orlando did."                                            |
|           | 4  | You know, my wife and I have a silly thing we do when                        |
| 11:21:15  | 5  | we get in a fight and we make up.  She says -- you know, I say,              |
|           | 6  | "I'm sorry you acted so badly."  And she says, "I'm sorry                    |
|           | 7  | you're such a jerk."  You know, that's not an apology.                       |
|           | 8  | Mr. Gawrys did not apologize.  He apologized to a                            |
|           | 9  | 12-year-old.  You know, he had a chance.  And he was asked, "Do              |
| 11:21:28  | 10 | you regret anything you did?  Would you do anything different?               |
|           | 11 | Would you write your report differently?"  "Nope, nope, nope.                |
|           | 12 | I stand by it.  We did nothing wrong."  They're all in.  And                 |
|           | 13 | they're all in, and they lose.                                               |
|           | 14 | So now let's talk about damages.  And my colleague,                          |
| 11:21:41  | 15 | Mr. Bowman, is going to speak to you for a bit about damages.                |
|           | 16 | So I'm just going to say a little bit about it.                              |
|           | 17 | There's two categories, punitive damages and                                 |
|           | 18 | compensatory damages.  Punitive damages are punishment,                      |
|           | 19 | deterrence, sending a signal.  Compensatory damages are to make              |
| 11:21:54  | 20 | Jacques whole.  The compensatory damages are the far more                    |
|           | 21 | serious, far bigger component of damages.  If you hear nothing               |
|           | 22 | else, it's the compensatory damages that are ones that matter.               |
|           | 23 | The punitive damages, we're not seeking them against                         |
|           | 24 | McLaughlin.  We are seeking them against Gawrys and Mingey and               |
| 11:22:08  | 25 | Guevara.  And we would suggest punitive damages of an amount of              |

|  |  |
|---|---|
| | 1    25,000 each.  You might decide more; you might decide less. |
| | 2    It's not for us to decide how much the damages are.  It's for |
| | 3    you.  But in no event, more than a hundred thousand dollars. |
| | 4    And that's important.  So 25,000 to a hundred thousand dollars |
| 11:22:24 | 5    for the punitive damages on the line for Gawrys, Mingey, and |
| | 6    Guevara.  That's up to you, and you'll do that. |
| | 7                What I want to talk about, and what Mr. Bowman is |
| | 8    going to talk about, is the compensatory damages, and that's |
| | 9    the big component of damages.  That's making Jacques whole. |
| 11:22:36 | 10               As Mr. Bowman's going to explain, and he's real good |
| | 11   at explaining these things, you can't give Jacques back what's |
| | 12   taken from him.  You can't do that.  You would if you could, |
| | 13   but you can't.  So the way we do it in our system is you have |
| | 14   to decide how you make someone whole, how you compensate them. |
| 11:22:51 | 15   And it's crass to talk about it in money terms, but that's how |
| | 16   you make someone whole.  You decide what's a fair amount. |
| | 17               And if an appropriate amount in a case like this is a |
| | 18   million dollars to two million dollars per year, I would |
| | 19   suggest to you that in Jacques Rivera's case, you should be |
| 11:23:04 | 20   much closer to the higher end of that appropriate spectrum. |
| | 21               This is a big case.  This is an important case.  This |
| | 22   is a staggering case.  You know, the things that were seen in |
| | 23   this courtroom are basically unprecedented.  And you absolutely |
| | 24   can award $2 million a year.  You don't -- $1 million a year |
| 11:23:20 | 25   obviously is appropriate, too, but $2 million a year for -- he |

---

                                                                    4227

11:22:24
 1   25,000 each.  You might decide more; you might decide less.
 2   It's not for us to decide how much the damages are.  It's for
 3   you.  But in no event, more than a hundred thousand dollars.
 4   And that's important.  So 25,000 to a hundred thousand dollars
 5   for the punitive damages on the line for Gawrys, Mingey, and
 6   Guevara.  That's up to you, and you'll do that.
 7               What I want to talk about, and what Mr. Bowman is
 8   going to talk about, is the compensatory damages, and that's
 9   the big component of damages.  That's making Jacques whole.
11:22:36
10               As Mr. Bowman's going to explain, and he's real good
11   at explaining these things, you can't give Jacques back what's
12   taken from him.  You can't do that.  You would if you could,
13   but you can't.  So the way we do it in our system is you have
14   to decide how you make someone whole, how you compensate them.
11:22:51
15   And it's crass to talk about it in money terms, but that's how
16   you make someone whole.  You decide what's a fair amount.
17               And if an appropriate amount in a case like this is a
18   million dollars to two million dollars per year, I would
19   suggest to you that in Jacques Rivera's case, you should be
11:23:04
20   much closer to the higher end of that appropriate spectrum.
21               This is a big case.  This is an important case.  This
22   is a staggering case.  You know, the things that were seen in
23   this courtroom are basically unprecedented.  And you absolutely
24   can award $2 million a year.  You don't -- $1 million a year
11:23:20
25   obviously is appropriate, too, but $2 million a year for -- he