## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ANTHONY JAKES,

                Plaintiff,

        v.

KENNETH BOUDREAU, *et al.*,

             Defendants.

Case No. 19-cv-02204

Hon. Jeffrey I. Cummings

### JOINT INITIAL STATUS REPORT FOR REASSIGNED CASES

Pursuant to this Court's order (ECF No. 303), Plaintiff Anthony Jakes ("Plaintiff") and Defendants City of Chicago, Kenneth Boudreau, and the Estate of Michael Kill, by and through counsel, hereby submit the following joint status report:

I. **The Nature of the Case**

    a. **Attorneys of record for each party, including the lead trial attorney.**

For Plaintiff: Jon Loevy (lead trial attorney), Arthur Loevy, Russell Ainsworth, Heather Lewis Donnell, and Renee Spence, Loevy & Loevy, 311 North Aberdeen Street, 3rd floor, Chicago, Illinois 60607.

For Defendant City of Chicago: James G. Sotos (lead trial attorney), Joseph M. Polick, and George J. Yamin, Jr., The Sotos Law Firm, P.C., 141 West Jackson Boulevard, Suite 1240A, Chicago, Illinois 60604.

For Defendants Boudreau and Kill: Eileen E. Rosen (lead trial attorney), Patrick R. Moran, Andrew J. Grill, and Brittany D. Johnson-Delgado, Rock Fusco & Connelly, LLC, 333 West Wacker Drive, 19th Floor, Chicago, Illinois 60606.

**b. Basis for federal jurisdiction.**

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a) because Plaintiff brings this action under 42 U.S.C. § 1983. The Court may exercise supplemental jurisdiction over Plaintiff's Illinois law claims under 28 U.S.C. § 1367(a).

**c. The nature of the claims and affirmative defenses.**

This is a civil rights lawsuit arising from Plaintiff's conviction at age 15 for a 1991 murder he claims he did not commit. As alleged in the complaint, ECF No. 1, the Defendant Officers arrested and interrogated Plaintiff for over 16 hours without an adult, attorney, or family member present. After the Defendant Officers subjected him to prolonged physical and emotional abuse, Plaintiff ultimately agreed to sign a false confession stating that he served as a lookout while another person committed the murder. That false confession led to Plaintiff's conviction. He served his entire sentence—20 years—in prison before he was exonerated following his release on parole.

Defendant Officers deny these allegations. Defendants have not asserted any counterclaims. Defendant Officers have pleaded thirteen affirmative defenses (ECF No. 50) asserting applicable immunities available to state actors and various statute of limitations defenses.

**d. Relief sought by Plaintiff.**

Plaintiff seeks compensatory and punitive damages, as well as attorneys' fees and costs pursuant to 42 U.S.C. § 1988b.

**e. Completed service.**

All parties have been served.

## II. Discovery and Substantive Rulings

### a. Pending motions.

There are no pending motions.

### b. Current discovery schedule.

On December 3, 2019, Defendants' motion to bifurcate the trial of Plaintiff's *Monell* claims from the trial of the claims against the Defendant Officers and to stay *Monell* discovery was granted. ECF No. 66. Consequently, discovery proceeded on claims against the Defendant Officers only.

### c. Facts and expert discovery conducted.

The parties have concluded fact and expert discovery. The only outstanding discovery matter is discovery into Defendant Boudreau's finances. The parties litigated the scope of this discovery (ECF Nos. 289, 297, 298) and Boudreau has been ordered to produce an affidavit disclosing certain financial information. ECF No. 299. The affidavit must be served by April 15, 2024. *Id*.

### d. Substantive rulings issued in the case.

On December 3, 2019, Defendants' motion to bifurcate the trial of Plaintiff's *Monell* claims from the trial of the claims against the Defendant Officers and to stay *Monell* discovery was granted. ECF No. 66. The parties litigated the Defendant Officers' partial motion for summary judgment, which was filed on August 19, 2022. ECF Nos. 250, 269, 284. On May 22, 2023, the Defendant Officers' motion was granted in part, resulting in the dismissal of Defendant Officers Burke, DeLacy, and Caesar. ECF No. 286. Plaintiff also abandoned all claims against Defendants Fred Bonke and Thomas Pack and Count III of his Complaint. ECF No. 286, p. 2.

Counts I, II, and IV-IX remain against Defendant Officers Boudreau and the Estate of Michael Kill and Counts X and XI remain against Defendant City of Chicago.

        **e.**       **Anticipated motions**.

The parties do not anticipate any further motion practice at this time separate from those pretrial motions mentioned in Section III.

## III.     Trial

        a.       All parties have requested a jury trial.

        b.       Trial is currently set to commence on October 15, 2024. ECF No. 288. The parties are prepared to proceed with the trial and pretrial dates as previously scheduled if the timing works for the Court and its schedule. Defendants are not available for an earlier trial date.

        c.       The parties have not filed a final pretrial order.  The proposed pretrial order and consolidated motions *in limine* are due by September 24, 2024; responses to motions *in limine* are due by October 1, 2024; and the final pretrial conference is set for October 8, 2024. ECF No. 288.

        d.       Plaintiff anticipates the trial will last 10 to 14 days. Defendants believe this trial will still last 3 weeks based upon prior experience trying these types of cases even with the *Monell* bifurcation. Judge Shah previously reserved 14 days for this trial. ECF No. 288.

## IV.     Settlement, Referrals, and Consent

        a.       No settlement discussions have occurred. Plaintiff is always open to discussing settlement in this case, but to date the Defendants have not expressed any interest in settlement.

        b.       The case was referred to Magistrate Judge Jantz for purposes of discovery.

        c.       Plaintiff is open to a settlement conference, but Defendants are unwilling at this time.

      d.     The parties do not unanimously consent to trial before the Magistrate Judge.

**V.   Other**

The parties have nothing further they want the Court to know at this time.

*[this space is intentionally left blank]*

Respectfully submitted,

| | |
|---|---|
| ANTHONY JAKES | CITY OF CHICAGO |
| By: *s/ Renee Spence* | *s/ George J. Yamin Jr.* |
| One of Plaintiff's Attorneys | |
| | One of the City of Chicago's Attorneys |
| Arthur Loevy | James G. Sotos |
| Jon Loevy | Joseph M. Polick |
| Russell Ainsworth | George J. Yamin Jr. |
| Heather Lewis Donnell | The Sotos Law Firm, P.C. |
| Renee Spence | 141 W. Jackson Bld., Ste. 1240A |
| LOEVY & LOEVY | Chicago, IL 60604 |
| 311 N. Aberdeen St., 3rd Floor | (630) 735-3300 (phone) |
| Chicago, IL 60607 | jsotos@jsotoslaw.com |
| (312) 243-5900 (phone) | jpolick@jsotoslaw.com |
| arthur@loevy.com | gyamin@jsotoslaw.com |
| jon@loevy.com | |
| russell@loevy.com | |
| heather@loevy.com | |
| spence@loevy.com | |

KENNETH BOUDREAU and GERI LYNN
YANOW, as Special Representative of the
Estate of Michael Kill

By: *s/ Brittany D. Johnson-Delgado*
    Brittany D. Johnson-Delgado
    Special Assistant Corporation Counsel

    Eileen E. Rosen
    Patrick R. Moran
    Andrew J. Grill
    Brittany D. Johnson-Delgado
    Rock Fusco & Connelly, LLC
    333 W Wacker, 19th Floor
    Chicago, IL 60606
    (312) 494-1000 (phone)
    erosen@rfclaw.com
    pmoran@rfclaw.com
    agrill@rfclaw.com
    bjohnson@rfclaw.com